**No. 26-1486**

# In The
# United States Court of Appeals
# for the Third Circuit

JOSEPH GREGORY

Plaintiff/Appellee

v.

TERRANCE DAWDY, et al.,

Defendants/Appellants

On Appeal from the February 5, 2026 Order of the
United States District Court for the Western District District of Pennsylvania,
Civil No. 1:24-cv-00012 (Hon. Susan Paradise Baxter, J.)

**BRIEF AND APPENDIX (VOL. I) OF APPELLANTS
TERRANCE DAWDY, LUCAS S. DEHART, DUSTIN M. LANDFRIED,
AND ARTHUR E. RHOADES, JR.**

**MARSHALL DENNEHEY, P.C.**
Carol A. VanderWoude, Esquire
Pa. Attny. I.D. No. 94967
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2643
*Attorneys for Defendants/Appellants,
Terrance Dawdy, Lucas S. Dehart, Dustin
M. Landfried and Arthur E. Rhoades, Jr.*

# TABLE OF CONTENTS

Table of Authorities ......................................................................................... ii

Corporate Disclosure Statement ........................................................................1

Statement of Jurisdiction...................................................................................2

Statement of Related Cases................................................................................3

Statement of Issues Presented for Review .........................................................4

Statement of the Case........................................................................................5

     I.      Procedural History.................................................................5

     II.    Factual Background.............................................................10

     III.   Video Evidence Submitted to the District Court ................11

Summary of Argument .....................................................................................14

Argument.........................................................................................................15

     I.      Standard of Review ............................................................15

     II.    The District Court Erred in Denying Defendants' Qualified Immunity as to Plaintiff's Excessive Force Claim..............16

           A.     The Law Governing the Issue.................................16

           B.     Defendants' Conduct was Reasonable Under the Circumstances ........................................................19

Conclusion ......................................................................................................27

Certification of Bar Membership......................................................................28

Certificate of Compliance ................................................................................28

Certificate of Service .......................................................................................29

**Appendix**, Volume I (attached hereto)

**Appendix**, Volume II (separately bound)

# TABLE OF AUTHORITIES

**Cases**

Ashcroft v. al-Kidd,
  563 U.S. 731 (2011) ................................................................. 16, 18

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) .......................................................................15

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) .......................................................................15

Bistrian v. Levi,
  696 F.3d 352 (3d Cir. 2012) ...........................................................2

Brinegar v. United States,
  338 U.S. 160 (1949) .......................................................................18

Buck v. Hampton Twp. Sch. Dist.,
  452 F.3d 256 (3d Cir. 2006) .........................................................15

City & County of San Francisco v. Sheehan,
  575 U.S. 600 (2015) .......................................................................19

City of Escondido v. Emmons,
  586 U.S. 38 (2019) .........................................................................19

Connelly v. Lane Const. Corp.,
  809 F.3d 780 (3d Cir. 2016) .........................................................15

Conte v. Rios,
  658 F. App'x 639 (3d Cir. 2016) ...................................................20

County of Los Angeles v. Mendez,
  581 U.S. 420 (2017) .......................................................................16

Dougherty v. School District of Philadelphia,
  772 F.3d 979 (3d Cir. 2014) ......................................................2, 16

Forestal Guarani S.A. v. Daros Int'l, Inc.,
  613 F.3d 395 (3d Cir. 2010) .........................................................26

George v. Rehiel,
  738 F.3d 562 (3d Cir. 2013) ..................................................... 20, 23

Graham v. Connor,
  490 U.S. 386 (1989) .......................................................................17

Heien v. North Carolina,
    574 U.S. 54 (2014) ................................................................................18

Heller v. Hammerle,
    No. 2:20-CV-01656, 2021 WL 3426807 (W.D. Pa. June 30, 2021)....................21

Hunter v. Bryant,
    502 U.S. 224 (1991) ............................................................................20

In re Asbestos Prods. Liab. Litig. (No. VI),
    822 F.3d 125 (3d Cir. 2016) ........................................................... 20, 22

Jefferson v. Lias,
    21 F.4th 74 (3d Cir. 2021) ....................................................................16

Johnson v. Glick,
    481 F.2d 1028 (2d Cir. 1973) ................................................................17

Kisela v. Hughes,
    584 U.S. 100 (2018) ....................................................................... 17, 19

Mammaro v. N.J. Div. of Child Prot. & Permanency,
    814 F.3d 164 (3d Cir. 2016) ...................................................................2

Mitchell v. Forsyth,
    472 U.S. 511 (1985) ....................................................................... 16, 18

Pearson v. Callahan,
    555 U.S. 223 (2009) ............................................................................24

PG Pub. Co. v. Aichele,
    705 F.3d 91 (3d Cir. 2013) ...................................................................15

Pro v. Donatucci,
    81 F.3d 1283 (3d Cir. 1996) ...............................................................2, 16

Reichle v. Howards,
    566 U.S. 658 (2012) ..................................................................... 2, 16, 24

Rivas v. City of Passaic,
    365 F.3d 181 (3d Cir. 2004) ..................................................................17

Sands v. McCormick,
    502 F.3d 263, 268 (3d Cir. 2007) ............................................................16

Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co.,
    768 F.3d 284 (3d Cir. 2014) ..................................................................20

Saucier v. Katz,
    533 U.S. 194 (2001) ..................................................................... 19, 20, 24

Scott v. Harris,
   550 U.S. 372 (2007) ............................................................................19

Sheridan v. NGK Metals Corp.,
   609 F.3d 239 (3d Cir. 2010) ..............................................................15

Slippi-Mensah v. Mills,
   No. 1:15-CV-07750-NLH-JS, 2016 WL 4820617 (D.N.J. Sept. 14, 2016) . 21, 22

Stephenson v. Doe,
   332 F.3d 68 (2d Cir. 2003) .................................................................24

Velez v. Fuentes,
   No. CV156939MASLHG, 2016 WL 4107689 (D.N.J. July 29, 2016) ........ 21, 22

**Statutes**

28 U.S.C. § 1291 ....................................................................................2

28 U.S.C. § 1331 ....................................................................................2

28 U.S.C. § 1343 ....................................................................................2

28 U.S.C. § 636 ......................................................................................5

**Rules**

3d Cir. L.A.R. 28.1................................................................................3

Fed. R. App. P. 4 ...................................................................................2

Fed. R. Civ. P. 56 ..................................................................................8

## **CORPORATE DISCLOSURE STATEMENT**

Defendants/Appellants Officer Terrance Dawdy, Officer Lucas S. Dehart, Corporal Dustin M. Landfried and Officer Arthur E. Rhoades, Jr. (collectively "Defendants"), are individuals and have not issued stock. There is no publicly owned company that is financially interested in the outcome of this appeal.

1

## **STATEMENT OF JURISDICTION**

Subject matter jurisdiction in the District Court was proper under 28 U.S.C. §§ 1331 and 1343(a)(3). Appellate jurisdiction is proper under 28 U.S.C. § 1291 because the appeal is taken from a denial of qualified immunity that centers on issues of law. See Mammaro v. N.J. Div. of Child Prot. & Permanency, 814 F.3d 164, 166 (3d Cir. 2016); Bistrian v. Levi, 696 F.3d 352, 364 (3d Cir. 2012) ("The collateral order doctrine allows this appeal because it is from an order denying a motion to dismiss that raises a qualified immunity defense turning on an issue of law."). The defense of qualified immunity has two prongs: whether a constitutional right was violated, and, if so, whether it was clearly established at the time. See Reichle v. Howards, 566 U.S. 658, 664 (2012). Both are legal questions. See Pro v. Donatucci, 81 F.3d 1283, 1287 (3d Cir. 1996) (first element is a "purely legal question"); Dougherty v. School District of Philadelphia, 772 F.3d 979, 993 (3d Cir. 2014) (the second element is "appropriate for our review under the collateral order doctrine").

The appeal is timely under Fed. R. App. P. 4 (a)(1)(A) because the notice of appeal was filed within thirty days of the order appealed from.

## **STATEMENT OF RELATED CASES**

This appeal is not related to another case or proceeding within the scope of 3d Cir. L.A.R. 28.1(a)(2). However, this appeal arises from a collateral order entered in a case in the United States District Court for the Western District of Pennsylvania. That case bears the same caption as this appeal, and remains pending at No. 1:24-cv-00012.

## **STATEMENT OF ISSUES PRESENTED FOR REVIEW**

Did the District Court err in denying Defendants' motion to dismiss or alternative motion for summary judgment as to qualified immunity where the submitted video evidence showed the Defendants' use of force to apprehend a fleeing suspect was reasonable and where this evidence should have been considered by the District Court in rendering its ruling?

*Suggested Answer: Yes*

## STATEMENT OF THE CASE

The focus of this appeal is narrow. Defendants challenge the District Court's denial of qualified immunity as to Plaintiff's Fourth Amendment excessive force claim without fully considering the video evidence submitted in support of Defendants' motion to dismiss or alternative motion for summary judgment. This evidence should have been considered and Defendants' motion should have been granted on the basis of qualified immunity.

## I.   PROCEDURAL HISTORY

Plaintiff Joseph Gregory, an inmate incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania, initiated this *pro se* civil rights action on January 16, 2024 by filing a motion to proceed *in forma pauperis* accompanied by a complaint. A.27. The matter was initially assigned to Chief United States Magistrate Judge Richard A. Lanzillo, and was subsequently reassigned to Magistrate Judge Christopher Brown for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1). A.4.

Plaintiff's complaint alleged that Defendants, police officers with the City of Erie, Pennsylvania, violated his civil rights when they used excessive force during an arrest on July 25, 2022. A.39. In his statement of claims, Plaintiff references Officer Rhoades' "body cam footage" to support his allegation that Officer Rhoades knocked out his tooth "during an arrest." Id.

5

On July 3, 2024, Defendants filed a motion to dismiss the complaint or alternative motion for summary judgment, a supporting brief and a concise statement of material facts. A.48; A.90; A.108. Defendants submitted dash camera and body camera video footage as exhibits to their motion, with corresponding affidavits authenticating the videos. A.29; A.50; A.71-A.87. Among other things, Defendants argued they were entitled to qualified immunity. A.51; A.100-103.

By Order dated July 16, 2024, Judge Lanzillo directed Plaintiff to respond to the pending motion, and notified Plaintiff that the motion may be treated, either in whole or in part, as a motion for summary judgment under Federal Rule of Civil Procedure 56. A.29. By Order entered September 6, 2024, Plaintiff was granted an extension until September 26, 2024, to respond to Defendants' motion. Id.

Plaintiff did not file a response. On September 30, 2024, Plaintiff moved to file an amended complaint, accompanied by a proposed amended complaint. A.30. By Order entered October 7, 2024, Plaintiff's motion was granted and the proposed amended complaint was docketed as a supplement to the original complaint. Id. On October 9, 2024, Defendants filed a notice of intent to treat their pending motion to dismiss or alternative motion for summary judgment as applicable to the amended complaint. Id.

On October 10, 2024, Plaintiff was directed to file a concise statement of material facts by October 28, 2024. Id. Plaintiff filed a concise statement of material

facts on October 28, 2024, and Defendants filed a response on November 8, 2024. A.126; A.132.

Plaintiff moved to file another amended complaint on January 31, 2025. A.31. He was granted leave to do so, and filed an amended complaint on February 24, 2025. A.139. Plaintiff alleged violations of his civil rights for excessive force, cruel and unusual punishment, deliberate indifference to his medical needs and also alleged negligence. A.140; A.143. In support of his claims, Plaintiff referenced a statement made by Officer Rhoades that was captured on his body camera footage. A.141.

On March 10, 2024, Defendants filed a motion to dismiss the amended complaint or alternative motion for summary judgment, a supporting brief and a concise statement of material facts. A.32; A.144; A.170; A.190. They argued, among other things, that they were entitled to qualified immunity as to Plaintiff's excessive force claim. A.149. Defendants incorporated the dash camera and body camera video footage previously submitted to the District Court as exhibits in support of their prior motion, and submitted an additional body camera video and affidavit authenticating the video footage. A.147-148. They pointed out that the video evidence showed that Officer Landfried was actively searching Plaintiff's vehicle when Plaintiff attempted to flee on foot, and that Officer Landfried "did not take part in chasing, tackling, or allegedly striking" the Plaintiff. A.177. Plaintiff was directed to file a response to

Defendants' motion by May 1, 2025. A.32.

On April 21, 2025, Plaintiff moved for an extension of time to complete discovery. Id. He identified various materials he wanted to obtain to oppose Defendants' alternative motion for summary judgment, but did not challenge the video evidence or request the dash camera or body camera videos of his arrest. A.197-A.198. By Order entered May 5, 2025, Magistrate Judge Brown denied Plaintiff's motion without prejudice to refile if the case proceeds to discovery. A.202. In the same Order, he refused to consider the video footage submitted by Defendants on the basis that such evidence is not properly considered in the context of a motion to dismiss, and he also refused to convert the motion into one for summary judgment on the basis that it "would be premature to decide this motion under the evidentiary standard contemplated by Fed. R. Civ. P. 56 without giving the parties the opportunity to fully conduct discovery." A.200-201.

On June 9, 2025, Plaintiff filed a response to Defendants' motion. A.203. Plaintiff argued, among other things, that the videos submitted by Defendants supported his excessive force claim. A.204.

Magistrate Judge Brown issued a Report and Recommendation ("R&R") on November 4, 2025. A.7. As pertinent to this appeal, he recommended that Defendants' motion to dismiss the excessive force claim be denied because Plaintiff "sufficiently alleged a claim for excessive force under the Fourth Amendment."

A.16. Magistrate Judge Brown noted that Defendants submitted video footage in support of their motion, but did not consider the contents of the video footage in making his recommendation. A.14-15. He declined to dismiss the excessive force claim on the basis of qualified immunity, reasoning that "a determination of whether the force used was reasonable requires a more developed factual record." A.20. Magistrate Judge Brown recommended dismissing Plaintiff's negligence claim. A.22.

Defendants timely filed objections to the R&R on November 10, 2025. A.214. Among other things, they objected to Magistrate Judge Brown's refusal to consider the body camera and dash camera videos submitted in support of their motion because the videos were integral to Plaintiff's claims, his refusal to consider the qualified immunity of each Defendant even though the alleged force used was captured on video and reasonable under the circumstances, and his refusal to consider the motion as to Corporal Landfried given that his involvement (or actually lack thereof) was clearly shown in the body camera and dash camera videos the Magistrate Judge refused to consider. A.214-216.

By Memorandum Order issued February 5, 2026, the Honorable Susan Paradise Baxter adopted Magistrate Judge Brown's R&R as the opinion of the Court, characterizing the objections as "largely centered" on the Magistrate Judge's earlier refusal to convert their motion into one for summary judgment. A.5-6. This, despite

the fact that only one objection was raised in that regard. A.215.

Thereafter, Defendants filed a timely collateral order notice of appeal. A.1.

## II.    FACTUAL BACKGROUND

### Allegations in the Complaint

Plaintiff was arrested on July 25, 2022, subsequent to a traffic stop that occurred in the 2200 block of Wayne Street in the City of Erie, at approximately 7:36 p.m. A.140. Plaintiff alleged that during the arrest he was punched in the face by Officer Rhoades, which caused one of his teeth to be knocked out. A.140-141. According to Plaintiff, Officer Rhoades acknowledged knocking out his tooth on body camera. A.141. It was further alleged that Plaintiff was "pick[ed] up off of his feet and body slam[med]" to the ground by one of the named Defendants during the arrest. A.141.

Plaintiff alleged there was a discussion amongst John Doe officers as to whether he should be taken to the hospital, ending in the decision to not take Plaintiff to the hospital—despite their alleged knowledge that he was injured. Id. Plaintiff was taken to the police station, where he remained for approximately nineteen hours before he received medical treatment. A.141-142.

Plaintiff further alleged Erie County Prison refused to accept custody of him due to his injuries until he received medical care. A.142. Plaintiff was taken to the hospital by Erie Police officers and his missing tooth, cuts, and bruises on his arms

10

and collar bone were assessed by a doctor. Id. While at the prison, Plaintiff received oral surgery to address his missing tooth and received pain medication. Id.

Criminal Proceedings in Pennsylvania State Court

Plaintiff was criminally charged by Officer Dawdy with Aggravated Assault-Attempts to Cause or Causes Serious Bodily Injury to Designated Individuals (F2), Escape (F3), Resisting Arrest (M2), Possession of a Controlled Substance (M), Possession of Drug Paraphernalia (M), Criminal Mischief (S), Operating a Vehicle Without Valid Inspection (S), and False Identification to Law Enforcement Officers (M3). A.154-156. Plaintiff's criminal case proceeded to a jury trial on or about April 12, 2023. A.155. The jury returned a verdict of guilty on all criminal charges on April 13, 2023. Id. Plaintiff was sentenced to a cumulative sentence of twenty-four to sixty months of incarceration, followed by one year of probation. Id.

Plaintiff appealed the verdict on August 25, 2023. A.161. Judgment was affirmed on August 30, 2024. A.164.

## III.    **VIDEO EVIDENCE SUBMITTED TO THE DISTRICT COURT**[1]

In support of their motion to dismiss or alternative motion for summary judgment, Defendants submitted the following dash camera and body camera video footage, with corresponding affidavits authenticating the videos:

---

[1] In conjunction with this Brief, Appellants filed a separate motion for leave to file a portion of the Appendix in flash drive form—namely, the dash camera and body camera footage submitted to the District Court in support of their motion.

11

- Exhibit B, Corporal Landfried's Body Camera Video entitled "2200_BLK_WAYNE- Cpl Landfried";

- Exhibit C, Corporal Landfried and Officer Dawdy's Dash Camera Footage "2200_WAYNE_ST-3 Landfried and Dawdy Dash cam;

- Exhibit D, The Affidavit of Corporal Landfried, authenticating Exhibits B and C, his Body Camera Video and Dash Camera Footage;

- Exhibit E, Officer Rhoades Body Camera Video entitled "2200_wayne_st-2 – Rhoades";

- Exhibit F, The Affidavit of Officer Rhoades, authenticating Exhibit E, his Body Camera Video;

- Exhibit G, Officer Dawdy's Body Camera Video entitled, "2200_WAYNE_ST-4- Dawdy";

- Exhibit H, The Affidavit of Officer Dawdy, authenticating Exhibit G, his Body Camera Video;

- Exhibit I, Officer Dehart's Body Camera Video entitled "2200_WAYNE_ST- Dehart;

- Exhibit J, The Affidavit of Officer Dehart, authenticating Exhibit I, his Body Camera Video;

- Exhibit K, Corporal Landfried's Body Camera Video entitled "ST_VINCENT_HOSPITAL";

- Exhibit L, The Affidavit of Corporal Landfried, authenticating Exhibit K, his Body Camera Video of Plaintiff receiving medical treatment.

A.147-148.[2]

---

[2] Exhibits B-J were submitted in support of Defendants' initial motion, and incorporated into their second motion as to the second amended complaint titled "amended complaint." Id.; see also A.29; A.32.

As pertinent to this appeal, the video footage captured the Plaintiff's initial stop, the Defendants' interactions with Plaintiff after the stop, the search of Plaintiff's vehicle by Corporal Landfried after Plaintiff consented to the search, the attempt to arrest Plaintiff, Plaintiff fleeing on foot to avoid arrest, the pursuit of Plaintiff by Officers Rhoades, Dehart and Dawdy, and Plaintiff being taken to the ground and handcuffed within seconds. A.192-193.

Plaintiff identified himself to Corporal Landfried as "Defonta Butler." A.192. While attempting to flee, Plaintiff hit the side of a nearby parked vehicle. A.193. Officer Rhoades admitted striking Plaintiff when he was accused of that by Plaintiff. Id.

## SUMMARY OF ARGUMENT

There was no unreasonable use of force in this case, as a matter of law. The conduct of the Defendants in apprehending Plaintiff after he fled on foot to avoid arrest was reasonable under the Fourth Amendment.

The reasonableness of Defendants' conduct was established by dash camera and body camera video footage that the District Court refused to consider. This was erroneous because the Plaintiff relied on at least one of the Defendants' body camera videos in support of his excessive force claim. More broadly, in responding to Defendants' motion Plaintiff asserted the videos submitted by Defendants prove his excessive force allegations. Accordingly, even though the District Court refused to convert Defendants' motion to summary judgment, the video evidence should have been considered in the context of Defendants' motion to dismiss. The District Court should not have relied solely on the allegations in Plaintiff's operative complaint. The video conclusively establishes, for example, that Corporal Landfried had no involvement in the alleged use of force.

This Court should reverse the denial of qualified immunity as to the excessive force claim. In the alternative, if the Court determines the District Court erred in refusing to consider the video evidence, the Court should vacate the underlying ruling and remand for the District Court to consider the video evidence in rendering its decision on qualified immunity.

14

## ARGUMENT

Defendants challenge the District Court's Order denying their motion to dismiss or alternative motion for summary judgment on the basis of qualified immunity as to their excessive force claim.

## I.    STANDARD OF REVIEW

The District Court considered the motion pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

This Court exercises plenary review over an order granting a motion to dismiss pursuant to Fed.R.Civ.P. 12 (b)(6). See, e.g., Connelly v. Lane Const. Corp., 809 F.3d 780, 786 n.2 (3d Cir. 2016); PG Pub. Co. v. Aichele, 705 F.3d 91, 97 (3d Cir. 2013). To survive a motion to dismiss under Rule 12 (b)(6), the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27 (3d Cir. 2010). The Court may consider "any matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006); see also Sands v. McCormick, 502 F.3d 263, 268 (3d Cir.

15

2007).

The articulation of a constitutional right, the question whether that right is clearly established at the relevant time, and the question whether undisputed conduct of a police officer violates that right, are all pure issues of law reviewed *de novo*. Reichle, 566 U.S. at 664 (citing Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011)); Pro, 81 F.3d at 1287 (noting that whether there has been a constitutional violation is a "purely legal question") (citations omitted); Dougherty, 772 F.3d at 993 (observing that "[w]hether a right is clearly established is a question of law") (citing Mitchell v. Forsyth, 472 U.S. 511, 528 (1985)).

## II.   **THE DISTRICT COURT ERRED IN DENYING DEFENDANTS' QUALIFIED IMMUNITY AS TO PLAINTIFF'S EXCESSIVE FORCE CLAIM**

### A.   **The Law Governing the Issue**

Excessive Force: "An excessive force claim is a claim that a law enforcement officer carried out an unreasonable seizure through a use of force that was not justified under the relevant circumstances." County of Los Angeles v. Mendez, 581 U.S. 420, 428 (2017). "Determining whether force used in a given instance is reasonable 'requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" Jefferson v. Lias, 21 F.4th 74, 78 (3d Cir. 2021) (quoting Graham v. Connor, 490 U.S. 386 (1989)). Factors "to consider in making a

16

determination of reasonableness" include: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he actively is resisting arrest or attempting to evade arrest by flight.["] Rivas v. City of Passaic, 365 F.3d 181, 198 (3d Cir. 2004) (citing Graham, 490 U.S. at 396).

The reasonableness of the use of force "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Kisela v. Hughes, 584 U.S. 100, 103 (2018) (quoting Graham, 490 U.S. at 396). This is because an on-scene officer encounters the need "to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Id. ("And '[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.'") (quoting Graham, 490 U.S. at 396–397). "'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment." Graham, 490 U.S. at 396–397 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).

"To be reasonable is not to be perfect, and so the Fourth Amendment allows for some mistakes on the part of government officials, giving them 'fair leeway for

17

enforcing the law in the community's protection.'" Heien v. North Carolina, 574 U.S. 54, 60–61 (2014) (quoting Brinegar v. United States, 338 U.S. 160, 176 (1949)). The Heien Court acknowledged that "[o]fficers in the field must make factual assessments on the fly…and so deserve a margin of error." Id. at 66. Mistakes within that margin do not violate the Fourth Amendment. Id. at 66-67.

Qualified Immunity: Qualified immunity is "an immunity from suit rather than a mere defense to liability." Mitchell, 472 U.S. at 526. In order to determine if qualified immunity applies, the Supreme Court has established a two-prong test: (1) whether the facts alleged by the plaintiff show the violation of a constitutional right, and (2) whether the law was clearly established at the time of the violation. al-Kidd, 563 U.S. at 735. Courts have discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand. Id.

In the context of excessive force, qualified immunity protects officers who make reasonable mistakes as to the level of force that is permissible in a particular set of circumstances. The Supreme Court has explained:

> It is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts. An officer might correctly perceive all of the relevant facts but have a mistaken understanding as to whether a particular amount of force is legal in those circumstances. *If the officer's mistake as to what the law requires is reasonable, however,*

18

*the officer is entitled to the immunity defense.*

Saucier v. Katz, 533 U.S. 194, 205 (2001) (emphasis added).

Given the baseline generality of the Fourth Amendment's reasonableness standard, the Supreme Court has repeatedly "recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts." City of Escondido v. Emmons, 586 U.S. 38, 42 (2019) (quoting Kisela, 584 U.S. at 104). By design, qualified immunity presents an "exacting standard" for plaintiffs. City & County of San Francisco v. Sheehan, 575 U.S. 600, 611 (2015).

**B.      Defendants' Conduct was Reasonable Under the Circumstances**

A conclusive video allows a court to know what happened and decide the legal consequences. See Scott v. Harris, 550 U.S. 372 (2007). The District Court refused to convert Defendants' motion into one for summary judgment and review the video evidence in that context, and further determined that it was improper to consider the video evidence in the context of a motion to dismiss. A.200-201.

Preliminarily, the District Court's determination that it would be "premature" to consider the video evidence before the parties had an opportunity to fully conduct discovery is at odds with Supreme Court precedent and this Court's jurisprudence. The Supreme Court has "repeatedly 'stressed the importance of resolving [qualified] immunity questions at the earliest possible stage of the litigation.'" George v. Rehiel,

19

738 F.3d 562, 571 (3d Cir. 2013) (quoting <u>Hunter v. Bryant</u>, 502 U.S. 224, 227 (1991)). "Qualified immunity is not merely a defense, but also 'an entitlement not to stand trial or face the other burdens of litigation.'" <u>Id.</u> (quoting <u>Saucier</u>, 533 U.S. at 200). As such, this Court has held that until "threshold [qualified] immunity questions are resolved, discovery should not be allowed." <u>Conte v. Rios</u>, 658 F. App'x 639, 642 (3d Cir. 2016) (quoting <u>George</u>, 738 F.3d at 571). The District Court was presented with unchallenged video evidence to determine the threshold issue of qualified immunity, and should have considered the evidence at this juncture via a converted summary judgment motion versus requiring Defendants to "fully conduct discovery." A.200-201. Such conversion was particularly warranted here since, in responding to Defendants' motion, Plaintiff asserted the videos submitted by Defendants prove his excessive force allegations. A.204.

Regardless of the District Court's refusal to convert Defendants' motion, the video evidence should have been considered in the context of Defendants' motion to dismiss as Defendants asserted in their objections to the R&R. A.215-216. "Courts may consider 'document[s] integral to or explicitly relied upon in the complaint.'" <u>In re Asbestos Prods. Liab. Litig. (No. VI)</u>, 822 F.3d 125, 133 (3d Cir. 2016) (quoting <u>Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co.</u>, 768 F.3d 284, 290 (3d Cir. 2014)).

Here, Plaintiff specifically referenced the body camera footage of Officer Rhoades in alleging Defendants used excessive force. A.39; A.141. He referenced this footage in both his original complaint *and* his operative complaint. Id. Moreover, in responding to Defendants' motion Plaintiff reasserted his contention that the force used after he attempted to flee was excessive, and claimed the dash camera and video camera footage would prove his allegations. A.204. In ruling on Defendants' motion to dismiss, the District Court construed Plaintiff's allegations as true even though Plaintiff himself invoked the video footage as constituting proof of his excessive force allegations, and even though Plaintiff expressly relied on at least one of the Defendants' body camera videos in his operative complaint.

The District Court cited several decisions to support its refusal to consider the video evidence, namely, Heller v. Hammerle, No. 2:20-CV-01656, 2021 WL 3426807 (W.D. Pa. June 30, 2021), report and recommendation adopted, No. CV 20-1656, 2021 WL 3419678 (W.D. Pa. Aug. 5, 2021); Slippi-Mensah v. Mills, No. 1:15-CV-07750-NLH-JS, 2016 WL 4820617 (D.N.J. Sept. 14, 2016); and Velez v. Fuentes, No. CV156939MASLHG, 2016 WL 4107689 (D.N.J. July 29, 2016). A.200. Putting aside the fact that these cases are not controlling, they are factually distinguishable. Heller involved the submission of a neighbor's unauthenticated home security video, and the plaintiffs argued the video did not clearly show any individual's movement into or out of the pertinent residence. 2021 WL 3426807, at

21

*1, *5. In <u>Slippi-Mensah</u>, the plaintiff's complaint was devoid of any reference to the submitted video evidence. 2016 WL 4820617, at *3. In <u>Velez</u>, the district court did not consider the video evidence in the context of defendants' motion to dismiss, but *did* consider the video evidence in the context of defendants' alternative motion for summary judgment. 2016 WL 4107689, at *8. Although the district court converted the motion to summary judgment and reviewed the video evidence in that context (something the District Court declined to do in this case), it ultimately determined *after reviewing the video evidence* that fact issues remained. <u>Id.</u> As such, it denied certain defendants' alternative motion for summary judgment on the merits. <u>Id.</u>

In marked contrast to the above cases, Plaintiff here relied on at least one of the Defendants' body camera videos and explicitly referenced the video contents in his operative complaint such that it should have been considered in ruling on Defendants' motion. <u>In re Asbestos Prods.</u>, <u>supra</u>. More broadly, Plaintiff asserted that the dash camera and body camera footage submitted by Defendants constituted proof of his excessive force allegations. On this record the video evidence was integral to the allegations in the complaint. <u>Id.</u> The District Court thus erred in denying Defendants' qualified immunity by accepting Plaintiff's allegations as true without considering those allegations in the context of the video evidence.

The District Court's refusal to consider the video evidence is especially troubling given that it showed Officer Landfried had no involvement whatsoever in the alleged use of excessive force. Plaintiff alleged that Corporal Landfried picked "the plaintiff up off of his feet" and "body slam[med] the plaintiff to the ground after the plaintiff was already pinned against a parked car." A.140. This is definitively refuted by Corporal Landfried's dash camera video, and even by Officer Rhoades' body camera video which established that he, Officer Dawdy and Officer Dehart engaged with Plaintiff after he fled on foot. When Plaintiff took off, Corporal Landfried was searching Plaintiff's vehicle. A.177. Having apparently not reviewed the video evidence, the District Court reasoned that Corporal Landfried's personal involvement in the use of excessive force "can be determined through discovery." A.15. But there was no need to compel Officer Landfried to engage in discovery when the video evidence Plaintiff cited as proof of his excessive force claim conclusively established that he was not involved. Again, threshold qualified immunity questions are to be resolved "at the earliest possible stage of the litigation" so that defendants do not face the burdens of litigation. George, 738 F.3d at 571. Subjecting Corporal Landfried to the burdens of discovery and further litigation on this record runs afoul of this Court's jurisprudence and Supreme Court precedent.

The District Court declined to render a determination on qualified immunity as to the excessive force claim, reasoning that a "determination of whether the force

used was reasonable requires a more developed factual record." A.19. But the District Court was presented with the best evidence to render such a determination and refused to consider it despite the Plaintiff's reliance on that evidence to prove his excessive force allegations.

The District Court also suggested that Defendants failed to address the "clearly established right" element of qualified immunity, and thus effectively shifted the burden of proof to Plaintiff to specify the right at issue and why it was not clearly established. A.20-21. This is not accurate. The defense of qualified immunity has two prongs: whether a constitutional right was violated, and, if so, whether it was clearly established at the time. Reichle, 566 U.S. at 664. If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity. Pearson v. Callahan, 555 U.S. 223, 236-37 (2009).

Defendants argued that Plaintiff failed to set forth a claim or cause of action of excessive force under the Fourth Amendment. A.174-178. As such, Defendant addressed the first qualified immunity element and this element alone is dispositive of qualified immunity. Pearson, supra. As to the second element, "even officers who are found to have used excessive force may be entitled through the qualified immunity doctrine to an extra layer of protection 'from the sometimes hazy border between excessive and acceptable force.'" Stephenson v. Doe, 332 F.3d 68, 77 (2d Cir. 2003) (quoting Saucier, 533 U.S. at 206). "The relevant inquiry 'is whether it

24

would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" Id. (quoting Saucier, 533 U.S. at 202). Defendants argued that the actions of Officers Rhoades, Dehart and Dawdy in apprehending Plaintiff after he fled on foot were objectively reasonable "and any similarly situated, reasonable officer would not believe that their actions violated Plaintiff's constitutional rights." A.184. This argument was not made in a vacuum, but rather in the context of the facts laid out in Defendants' concise statement of material facts as supported by the video evidence. A.126. The right at issue was the reasonableness of the force used to apprehend Plaintiff when he attempted to flee from responding police officers under the circumstances delineated in Defendants' motion filings.

Defendants maintain on appeal, as they did below, that they are entitled to qualified immunity and that the District Court should have considered the video evidence in rendering its ruling. The video exhibits established that five officers were present at the scene, but only three officers chased Plaintiff in an attempt to apprehend him. Those officers included Rhoades, Dehart, and Dawdy. To avoid arrest, Plaintiff sprinted away from the officers. Plaintiff was within arms reach of the officers and was confined to a narrow street with several parked cars. The chase lasted less than ten seconds. Unfortunately, Plaintiff was injured. Officer Rhoades' one strike, if any, made with the intent to take Plaintiff to the ground, does not equate to the use of excessive force under the reasonableness standard set forth above and

Officers Dehart and Dawdy's use of force to take Plaintiff to the ground cannot be found to be excessive under this standard either. A.177-178. Corporal Landfried was not involved in Plaintiff's apprehension. A.177.

Defendants recognize that this Court will "ordinarily decline to consider issues not decided by a district court, choosing instead to allow that court to consider them in the first instance." Forestal Guarani S.A. v. Daros Int'l, Inc., 613 F.3d 395, 401 (3d Cir. 2010). As such, to the extent the Court determines the District Court erred in refusing to review all or some of the video evidence in rendering its decision on qualified immunity, the underlying Order should be vacated and the matter remanded for the District Court to consider the video evidence submitted by Defendants in support of their motion to dismiss or alternative motion for summary judgment.

## CONCLUSION

This Court should reverse the District Court's order rejecting qualified immunity as to Plaintiff's excessive force claim, and remand for entry of judgment in favor of Defendants as to this claim. Alternatively, the Court should vacate the underlying Order and remand with instructions for the District Court to consider the video evidence in rendering its decision on qualified immunity.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

By: */s/ Carol VanderWoude*

Carol A. VanderWoude, Esquire
Pa. Attny. I.D. No. 94967
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2643
*Attorneys for Defendants/Appellants,*
*Terrance Dawdy, Lucas  S. Dehart, Dustin*
*M. Landfried and Arthur E. Rhoades, Jr.*

27

## CERTIFICATION OF BAR MEMBERSHIP

The undersigned hereby certifies that, pursuant to 3rd Circuit Local Appellate Rules 28.3(d), Carol A. VanderWoude, Esquire, is a member of the bar of the Third Circuit.

## CERTIFICATE OF COMPLIANCE

1.  This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 5366 words.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2007 in 14 point Times New Roman.

3.  The undersigned hereby certifies that the text of the electronic brief is identical to the text of the paper copies, and the McAfee ViruScan Enterprise 8.0.0 detection program has been run on the file and no virus has been detected.

**MARSHALL DENNEHEY, P.C.**

By: _/s/ Carol VanderWoude_
    Carol A. VanderWoude, Esquire

Date:  May 29, 2026

28

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Brief of Appellants has been

served on *pro se* Appellee Jeffrey Gregory as set forth below:

Smart Communications/PADOC
Joseph Gregory/QR6210
SCI-Forest
P.O. Box 33028
St. Petersburg, FL 33733


**MARSHALL DENNEHEY, P.C.**


By: */s/ Carol VanderWoude*
　　　Carol A. VanderWoude, Esquire


Date:  May 29, 2026

29

# APPENDIX

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH GREGORY, | : CIVIL ACTION |
| | : |
| Plaintiff | : |
| | : CASE NO.  1:24-cv-12 |
| v. | : |
| | : |
| TERRANCE DAWDY, et al., | : |
| | : |
| Defendants | |

## NOTICE OF APPEAL

Notice is hereby given that Defendants Terrance Dawdy, Lucas S. Dehart, Dustin M. Landfried, and Arthur E. Rhoades, Jr. appeal to the United States Court of Appeals for the Third Circuit from the Order of this Court (ECF Doc. 75) denying said Defendants' Motion to Dismiss or Alternative Motion for Summary Judgment, which in part sought dismissal on qualified immunity grounds.

The decision is immediately appealable as a collateral order. *Mammaro v. N.J. Div. of Child Prot. & Permanency*, 814 F.3d 164 (3d Cir. 2016); *see also Bistrian v. Levi*, 696 F.3d 352, 364 (3d Cir. 2012) ("The collateral order doctrine allows this appeal because it is from an order denying a motion to dismiss that raises a qualified immunity defense turning on an issue of law.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 670–675 (2009)); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (holding that the denial of a motion for summary judgment based on qualified immunity may be appealed immediately under the collateral-order doctrine because "[t]he entitlement is an immunity from suit rather than a mere defense to liability[ ] and ... is effectively lost if a case is erroneously permitted to go to trial.") (emphasis in original).

**A.1**                                                                 **A.1**

**A.2**

The Order is final for purposes of 28 U.S.C. § 1291, based on the collateral order doctrine, and this Notice of Appeal is timely under Fed. R. App. P. 4, because it is filed within thirty days of the Court's Order.

The Order and the docket showing the relevant dates are attached hereto.

                                        MARSHALL DENNEHEY, P.C.


                                        BY:__/s/ Patrick M. Carey_____
                                            Patrick M. Carey, Esquire
                                            717 State Street, Suite 701
                                            Erie, PA 16501
                                            (814) 480-7803
                                            pmcarey@mdwcg.com

                                            Attorney for Defendants, Terrance Dawdy,
                                            Lucas S. Dehart, Dustin M. Landfried, and
                                            Arthur E. Rhoades, Jr.

Dated: March 4, 2026

2

**A.2**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Defendants' Notice of Appeal was duly served on all counsel of record and unrepresented parties on the 4th day of March, 2026, electronically, courthouse box or by mailing same to them at their designated offices by first class United States mail, postage prepaid.

Smart Communications/PA DOC
Joseph Gregory, #NL0318
SCI-Forest
P.O. Box 33028
St. Petersburg, FL 33733

MARSHALL DENNEHEY, P.C.

By _____
Patrick M. Carey

**A.3**                          **A.3**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH GREGORY,
      Plaintiff,

  v.

TERRANCE DAWDY, et al,
      Defendants.

)
)
)
)
)
)
)
)
)

C.A. No. 24-12 Erie

District Judge Susan Paradise Baxter
Magistrate Judge Christopher B. Brown

## MEMORANDUM ORDER

Plaintiff Joseph Gregory, an individual incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"), initiated this *pro se* civil rights action on January 16, 2024, by filing a motion to proceed *in forma pauperis* ("ifp motion") accompanied by a complaint. [ECF No. 1]. The matter was originally referred to Chief United States Magistrate Judge Richard A. Lanzillo, and was subsequently reassigned to United States Magistrate Judge Christopher B. Brown for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Plaintiff later filed an amended complaint on February 24, 2025, which is the operative pleading in this case. [ECF No. 54]. Named as Defendants are four Erie City police officers: Terrance M. Dowdy, Lucas S. Dehart, Dustin M. Landfried, and Arthur E. Rhoades, Jr. Liberally construed, the amended complaint asserts three causes of action: (1) an excessive use of force claim under the fourth amendment to the United States Constitution; (2) a claim of deliberate indifference to serious medical needs under either the Fourth or Fourteenth Amendments; and (3) a medical negligence claim under Pennsylvania law.

A.4                                          A.4

On March 10, 2025, Defendants filed a motion to dismiss Plaintiff's second amended complaint or alternative motion for summary judgment [ECF No. 55]; however, by Order dated May 5, 2025, Magistrate Judge Brown denied, *inter alia*, Defendants' request to convert their motion to dismiss into a motion for summary judgment, and declined to exercise his discretion to convert the motion on his own accord. [ECF No. 63]. Thus, Plaintiff was simply ordered to file a response to Defendants' motion to dismiss. (Id.). Plaintiff's response was thereafter filed on June 9, 2025 [ECF No. 65].

On November 4, 2025, Judge Brown issued a Report and Recommendation ("R&R") recommending that Defendants' motion be granted with regard to Plaintiff's negligence claim and that such claim be dismissed with prejudice, and that the motion be denied in all other respects. [ECF No. 68]. Defendants have since filed timely objections to the R&R, which are largely centered on the Magistrate Judge's decision to deny Defendants' request to convert their motion into one for summary judgment [ECF No. 69]; however, this decision is not appropriate grounds for objection to the R&R, as it calls into question the Magistrate Judge's earlier Order dated May 5, 2025, which is not now subject to review. All of Defendants' other objections flow from this earlier denial of their conversion request; i.e., the Magistrate Judge's refusal to consider body camera and dash camera video;[1] his purported error to deem admitted the facts set forth in Defendants' concise statement of material facts due to Plaintiffs' failure to file a response to the same (which was not required by the terms of the May 5, 2025 Order); his failure to consider whether Plaintiff suffered from a serious medical need (based on the facts set forth in Defendants' concise statement of material facts) ; and his failure to dismiss Plaintiff's claim for

_____

[1] Notably, the cases cited by Defendants in support of their objection in this regard were all decided either at the summary judgment stage or in cases where a motion to dismiss was converted into one for summary judgment, and are, thus, inapposite.

A.5　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　A.5

punitive damages. Thus, Defendants' objections are without merit.

After *de novo* review of the complaint and documents in the case, together with the report and recommendation and the objections thereto, the following order is entered:

AND NOW, this 5th day of February, 2026;

IT IS HEREBY ORDERED that Defendants' motion to dismiss [ECF No. 55] is GRANTED with regard to Plaintiff's negligence claim and such claim is DISMISSED with prejudice, and the motion is DENIED in all other respects.

The report and recommendation of Magistrate Judge Brown, issued November 4, 2025 [ECF No. 68], is adopted as the opinion of the Court.

SUSAN PARADISE BAXTER
United States District Judge

cc:     The Honorable Christopher B. Brown
        United States Magistrate Judge

A.6                                                                                                  A.6

Case 1:24-cv-00012-SPB-CBB    Document 16    Page 42    Filed 05/29/2026    6 of 19

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| JOSEPH GREGORY, | ) | |
| | ) | |
| Plaintiff, | ) | 1:24-CV-00012-SPB-CBB |
| | ) | |
| vs. | ) | Susan Paradise Baxter |
| | ) | United States District Judge |
| PHM. TERRANCE DAWDY, | ) | |
| OFFICER LUCAS S. DEHART, | ) | Christopher B. Brown |
| DUSTIN M. LANDFRIED, OFFICER | ) | United States Magistrate Judge |
| ARTHUR E. RHOADES JR., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION
## on ECF No. 55

**Christopher B. Brown, United States Magistrate Judge.**[1]

### I.    Recommendation

This civil action was initiated *pro se* by Plaintiff Joseph Gregory who is currently an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution at Forest ("SCI-Forest"). Gregory alleges Defendants,[2] who are police officers with the City of Erie, Pennsylvania, violated his civil rights when they used excessive force during his arrest and were deliberately indifferent to his serious medical needs thereafter. *See* ECF No. 54.

---

[1]    This action was originally referred to Chief Magistrate Judge Richard A. Lanzillo and was later referred to the undersigned pursuant to Administrative Order 2024-12 on October 25, 2024.

[2]    Defendants include the following Erie City Police Officers: PHM. Terrance Dawdy, Officer Lucas S. Dehart, Dustin M. Landfried, Officer Arthur E. Rhoades, Jr. (collectively "Defendants").

1

A.7                                                                    A.7

The Court has jurisdiction under 28 U.S.C. § 1331 which gives original subject matter jurisdiction to federal courts in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district, as the alleged acts and omissions giving rise to Gregory's claims occurred in Erie, Pennsylvania located in Erie County, Pennsylvania in this district. *See* 28 U.S.C. § 118(c).

Presently pending before the Court is Defendants' motion to dismiss Gregory's amended complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[3] ECF No. 55.  The motion is fully briefed and ripe for consideration. ECF Nos. 56, 65.

For the reasons that follow, it is respectfully recommended that the Court grant in part and deny in part Defendants' motion to dismiss.  It is specifically recommended that the Court grant Defendants' motion and dismiss Gregory's negligence claim with prejudice. It is further recommended the Court deny Defendants' motion in all other respects.

## II.   Report

### a.  Background

Gregory claims that on July 25, 2022, he was the subject of a traffic stop and was then assaulted by the Defendants, City of Erie Police Officers, as they arrested him. ECF No. 54 at 2.  More specifically, Gregory alleges that during the stop he attempted to run and Officer Rhodes struck him with a closed fist, knocked a tooth

---

[3]      While Defendants alternatively sought to convert its motion to dismiss into one for summary judgment, that request was denied. *See* ECF No. 63.

2

out of his mouth, and stated "you are right I knocked your tooth out." *Id.* at 3.  He further alleges that  he was then slammed to the ground by Officers Dawdy, Dehart, and Lanfried. *Id.* at 2-3.

Gregory was then held in custody at the Erie County police station for approximately 19 hours without medical treatment. *Id.* at 3.  When he was ultimately transported to the Erie County Prison, prison officials told the transporting officers that they would not accept Gregory because he had "serious injuries" and had "not received medical treatment." *Id.* at 4.  Gregory was then transported to a local hospital where he received treatment for  injuries to his mouth, arms, back and collarbone. *Id.*  Gregory later underwent surgery on his mouth and received pain medication. *Id.*

Gregory filed this lawsuit *pro se* on January 16, 2024 and is proceeding *in forma pauperis*. ECF No. 6.  He twice amended his complaint and presently alleges violations of his Eighth Amendment rights related to "excessive force," "cruel and unusual punishment" and "deliberate indifference." ECF No. 54 at 5.  He also alleges state law claims related to "neglect" and "negligence." *Id.*  Because pro se litigants are entitled to a liberal reading of their complaint, the Court will construe Gregory's complaint as asserting the following causes of action:

(1) a claim for excessive force incident to his investigatory stop and arrest

under the Fourth Amendment,[4] *see Graham v. Connor*, 490 U.S. 386, 395

---

[4]	Defendants also argue that to the extent Gregory intends to bring claims for false arrest, false imprisonment, or malicious prosecution, those claims should be dismissed under the *Rooker-Feldman* doctrine. ECF No. 56 at 17-18.  While the Court values the completeness of Defendants' briefing, the Court does not construe Gregory's complaint as asserting such claims.  Gregory focuses

3

(1989) (claims that law enforcement officers used excessive force in the course of an arrest, investigatory stop or other seizure are analyzed under the Fourth Amendment and its reasonableness standard);

(2) a claim for deliberate indifference to his serious medical needs under either the Fourth or Fourteenth Amendments, *see Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (pretrial detainee's claim for inadequate medical care is brought under the Fourteenth Amendment and evaluated under the Eighth Amendment's deliberate indifference to prisoner's serious medical needs standard); and

(3) a negligence claim[5] under Pennsylvania law for not providing timely medical treatment.

Gregory seeks an award of compensatory and punitive damages. ECF No. 54 at 5.

**b. Standard of Review – Fed. R. Civ. P. 12(b)(6)**

The applicable inquiry under Fed. R. Civ. P. 12(b)(6) is well settled. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and can be dismissed for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). A

---

his second amended complaint solely on the force used during his investigatory stop and arrest and subsequent lack of medical treatment and the Court will make no recommendation as to any purported claims for false arrest, false imprisonment, or malicious prosecution.

[5]  The Court can discern no recognized cause of action for "neglect" under Pennsylvania law or otherwise, and any such claim would be subsumed by his negligence or deliberate indifference claims.

4

A.10                                                                                     A.10

defendant bears the burden of showing a plaintiff's complaint fails to state a claim. *See Gould Elecs. Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell A. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must be dismissed if it merely alleges entitlement to relief without supporting facts. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).  The court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), nor a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  The court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of their claims – not if they will ultimately prevail. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds).

In deciding a motion to dismiss, a court may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record and any document "integral to or explicitly relied upon in [framing] the complaint." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (cleaned up).  If a court considers other

matters outside of this list, the motion must be converted to a motion for summary judgment after giving the parties a reasonable opportunity to present all material discovery relevant to a summary judgment motion before the Court's decision. Fed. R. Civ. P. 12(d).

Finally, because Gregory is proceeding pro se, the allegations in the complaint must be held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  If the Court can reasonably read Gregory's complaint to state a claim upon which relief can be granted, it will do so despite his failure to cite proper legal authority, confusion of legal theories, poor syntax, and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982).  Despite this leniency, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

### c.  Discussion

Defendants argue Gregory's second amended complaint should be dismissed for several reasons: 1) because Gregory has failed to state claims for excessive force and deliberate indifference; 2) Defendants are otherwise entitled to qualified immunity for those claims; 3) Defendants are entitled to immunity as to Gregory's state law negligence claim; 4) Gregory's complaint violates Fed. R. Civ. P. 10(b); and 5) Gregory is not entitled to punitive damages.  Each argument is addressed separately.

A.12    A.12

### i. Excessive Force

Gregory alleges that during his arrest he was punched in the mouth by one officer and then picked up off of his feet and body-slammed to the ground by other officers. ECF No. 54 at 2-3. As a result he lost a tooth and sustained cuts and bruises to his body. *Id.* Defendants argue in response that their use of force was reasonable under the circumstances, that Gregory's actions may have been the cause of his injuries, and the claim for excessive force should be dismissed. ECF No. 56 at 7-9.

The Fourth Amendment, made applicable to the states through the Fourteenth Amendment, gives citizens the right "to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures . . . and no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV; *Mapp v. Ohio*, 367 U.S. 643, 655 (1961). Claims that law enforcement officers used excessive force during an arrest are analyzed under the Fourth Amendment and its "reasonableness" standard. *Graham*, 490 U.S. at 395.

To state a § 1983 claim for excessive force under the Fourth Amendment, a plaintiff must show (1) the occurrence of a seizure that was (2) unreasonable under the circumstances. *Brower v. Cnty. of Inyo*, 489 U.S. 593, 599 (1989). The United States Supreme Court has examined the reasonableness standard as follows:

> Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop

7

A.13      A.13

necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Graham*, 490 U.S. at 396 (cleaned up) (the "*Graham* factors").  Other factors to consider include whether the arrestee is violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility the suspect may be armed, and the number of persons with whom the law enforcement officers must contend with at one time. *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997) (abrogated on other grounds by *Curley v. Klem*, 499 F.3d 199 (3d Cir. 2007)) (the "*Sharrar* factors").

The "reasonableness" standard is an objective one and does not consider an officer's underlying intent or motivation in using force: "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers violates the Fourth Amendment." *Id.* (cleaned up).

Defendants do not contest that a seizure occurred, but rather suggest what is in essence a summary judgment argument, in that video footage depicts their use of force was reasonable under the circumstances. ECF No. 25 at 9-11.  Whether the force used by law enforcement officers is reasonable "should frequently remain a question for the jury." *Kopec v. Tate*, 361 F.3d 772, 777 (3d Cir. 2004) (quoting

8

*Abraham v. Raso*, 183 F.3d 279, 290 (3d Cir. 1999)).  While summary judgment in a defendant's favor on an excessive force claim may be appropriate in some circumstances, a plaintiff need only allege some force to survive a motion to dismiss. *McCall v. City of Philadelphia*, 396 F. Supp. 3d 549, 558 (E.D. Pa. 2019).  *See also Thomas v. Atty. Gen. of New Jersey*, 692 F. Supp. 2d 444, 452 (D.N.J. 2010).

Viewing Gregory's complaint under the Rule 12(b)(6) standard, he has stated a Fourth Amendment excessive force claim.  More specifically, Gregory alleges that Officers Dawdy, Dehart and Landfried[6] pinned him to a car, picked him up off of his feet and body slammed him to the ground after Officer Rhoades had "struck the Plaintiff in the face with a closed fist which resulted in physical damage to the Plaintiff's mouth knocking his teeth out[.]" ECF No. 54 at 2-3.  Whether such force was reasonable in light of Gregory's admitted attempt to flee is not a question to determine at this procedural juncture. *See e.g., Waiters v. City of Scranton*, No. 3:CV-07-1722, 2009 WL 10718511, at \*6–\*8 (M.D. Pa. Sept. 28, 2009) (denying summary judgment on excessive force claim where it was alleged plaintiff fled from police twice during arrest and was dragged unconscious, handcuffed, and shackled on his stomach down an alley).  It is unclear whether Gregory posed an immediate threat to the safety of the officers or others or actively resisted arrest after fleeing.[7]

---

[6]    Defendants also argue the video does not show that Cpl. Landfried was personally involved in the use of excessive force.  Cpl. Landfried's involvement, if any, can be determined through discovery and any defense related to his lack of involvement may be raised at the appropriate juncture.

[7]    The Court notes – not accounting for the crimes related to Gregory fleeing – he was charged with and convicted of the following crimes: two misdemeanor charges for possession of a controlled substance and drug paraphernalia, a misdemeanor charge for providing false identification to law enforcement officers and summary offenses for criminal mischief and operating a vehicle without a

While further factual development may reveal the force used by Defendants was reasonable under the circumstances, at this stage, Gregory has sufficiently alleged a claim for excessive force under the Fourth Amendment.

Accordingly, it is respectfully recommended that the Court deny Defendants' motion to dismiss Gregory's Fourth Amendment excessive force claim.

### ii. Deliberate Indifference to Serious Medical Needs

Gregory claims that, following his arrest during which he sustained numerous injuries and pain, Defendants failure to give him medical treatment for 19 hours amounted to deliberate indifference. ECF No. 54 at 3; ECF No. 65 at 4.

Defendants argue video footage shows Gregory did not have any unmet serious medical needs because he was taken to the hospital at some point after his arrest, given an X-ray of his shoulder and back, notified by medical personnel that he did not sustain any serious injuries and told to follow up with a dentist to remove the root of his missing tooth. ECF No. 56 at 11-12.

All prisoners have a right to adequate medical care. In *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'...proscribed by the Eighth Amendment." *Id*. at 104 (internal citation omitted). When assessing medical claims by pretrial detainees, courts must apply the deliberate indifference standard established under the Eighth

---

valid inspection. *See* ECF No. 24-2. The impact of those offenses should be assessed along with all the other *Graham* and *Sharrar* factors upon the benefit of a completed record to determine whether the force used was reasonable.

10

Amendment but must view the inquiry in the context of the *Bell v. Wolfish* standard, which applies Fourteenth Amendment due process principles rather than the cruel and unusual punishment standard to pretrial detainees. *See Hubbard v. Taylor*, 399 F.3d 150, 165–66 (3d Cir. 2005). A claim based on the deprivation of necessary medical care must include factual allegations detailing: (1) a serious medical need and (2) acts or omissions by officials that indicate deliberate indifference to that need. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

Not every injury or illness enjoys constitutional protection and only medical needs which are serious are actionable. *West v. Keve*, 571 F.2d 158, 161 (3d Cir. 1978). "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.' A medical need is also serious where the denial of treatment would result in the 'unnecessary and wanton infliction of pain' or a 'life-long handicap or permanent loss.'" *Atkinson v. Taylor*, 316 F.3d 257, 272–73 (3d Cir. 2003) (cleaned up). This element "contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain." *Moreno-Vigo v. Berkihiser*, No. 1:14-CV-02229, 2016 WL 374451, at *9 (M.D. Pa. Feb. 1, 2016) (citations omitted). Indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir.

11

A.17                                                                                                                    A.17

1993), or "persistent conduct in the face of resultant pain and risk of permanent injury." *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990).

Defendants argue Gregory "has failed to establish that he had a serious medical need or serious injury." ECF No. 56 at 11-12. They claim Gregory was given an X-ray which indicated no injuries to Gregory, placed on an antibiotic to prevent infection and told to follow up with a dentist to treat his missing tooth. *Id.* at 11. Gregory does not dispute the X-rays revealed no injuries to him but maintains Defendants knew his tooth had been knocked out, that he was suffering from back, shoulder and neck pain as well as scrapes and cuts, and despite that was not provided with medical care for 19 hours. ECF No. 65 at 4, 7. He also maintains when he was treated at the hospital, he told the doctor that his pain level was a "7" on a 1 to 10 scale and he has back problems "to this day" *Id.* at 6, 7.

Based on Gregory's allegations, it cannot be determined at this stage whether he was suffering from an objectively serious medical condition. Without that determination, his contentions of severe pain for 19 hours without treatment, his broken tooth and recurrent back pain satisfy the serious medical need element to satisfy a deliberate indifference claim at this juncture. That said, discovery may reveal that Gregory's injuries were merely superficial, involved temporary discomfort and do not rise to the level of an objectively serious medical need, and Defendants may renew this argument at the appropriate time. *See White v. Harry*, No. 1:23-CV-1336, 2024 WL 198896 at *3 (M.D. Pa. Jan. 18, 2024) (allegations of pain and injuries to back, shoulder, elbow and neck were insufficient to allege a

12

**A.18**                                                                                          **A.18**

serious medical need); *Aina v. Pennsylvania Dep't of Corr.*, No. 3:19-CV-151-SLH-KAP, 2020 WL 13841340, at *2 (W.D. Pa. Apr. 24, 2020), *report and recommendation adopted,* No. 3:19-CV-151, 2020 WL 13841339 (W.D. Pa. June 2, 2020) (noting a chipped tooth did not rise to the level of a serious medical need); *Foster v. Gray-Harriday*, No. CV 18-00114, 2018 WL 4405883, at *5 (E.D. Pa. Sept. 17, 2018) ("It is not clear that lack of teeth, on its own, is sufficient to show a serious medical need[.]").

Accordingly, it is respectfully recommended that the Court deny Defendants' motion to dismiss Gregory's deliberate indifference to serious medical needs claims without prejudice.

### iii. Qualified Immunity

Next, Defendants argue they are entitled to qualified immunity for Gregory's excessive force and deliberate indifference claims. ECF No. 56 at 12-15. Gregory argues that they are not entitled to immunity due to the "surrounding factors of the case at hand," their failure to follow proper procedure, and their unjustified actions all of which violated his civil rights. ECF No. 65 at 8-10.

A law enforcement officer acting under the authority of a state is liable "under § 1983 when they violate someone's constitutional rights, unless they are protected by qualified immunity." *Curley,* 499 F.3d at 206. Qualified immunity shields government officials from civil damages for "performing discretionary functions" so long as "their conduct does not violate clearly established statutory or

13

A.19                                                                                         A.19

constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Because a determination of whether the force used was reasonable requires a more developed factual record, and because as set forth above, Gregory has stated a claim for excessive force, the Court should decline to dismiss Gregory's excessive force claim based on qualified immunity at this juncture. *See generally Couden v. Duffy*, 446 F.3d 483, 497 (3d Cir. 2006) (constitutional right against the use of excessive force against a cooperative and unarmed subject was clearly established for qualified immunity purposes).

The same is true for Gregory's deliberate indifference claim. As set forth above, a determination of whether Gregory had a serious medical need and whether Defendants' conduct rose to the level of deliberate indifference requires a more developed factual record and the Court should decline to dismiss Gregory's deliberate indifference claim based on qualified immunity at this juncture. *Newland v. Reehorst*, 328 F. App'x 788, 791 n.3 (3d Cir. 2009) ("it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases.").

Accordingly, it is respectfully recommended that the Court deny Defendants' request for dismissal based on qualified immunity without prejudice.[8]

---

[8] Defendants do not attempt to define the rights at issue or argue why those rights were not clearly established. Instead, Defendants argue their conduct in using force to arrest Gregory and eventually taking him to the hospital for medical care was reasonable and that no reasonable officer would have believed they violated Gregory's constitutional rights. ECF No. 56 at 15. Qualified immunity is, however, an affirmative defense for which the defendant bears the burden. *Halsey v. Pfeiffer*, 750 F.3d 273, 288 (3d Cir. 2014). By failing to address the "clearly established right" element of qualified immunity, Defendants "effectively shift[] the burden of proof" to Gregory "to

14

### iv. Negligence

Gregory generally asserts what the Court construes to be a claim of "negligence," without more.  ECF No. 54 at 2, 5. Defendants argue that such a state law claim is barred by the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541, *et seq.,* ("PSTCA").

The PSTCA provides local agencies and their employees governmental immunity from liability for claims of damages on account of an injury to a person or to property and only contains a waiver of this immunity for nine narrow exceptions. *See* 42 Pa. Cons. Stat. §§ 8542(b)(1)-(9).  These exceptions include: (1) vehicle liability; (2) care, custody or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; (8) care, custody or control of animals; or (9) sexual abuse. *Id.*; *see also Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1022 (Pa. Commw. Ct. 2014) ("In order to overcome the defense of governmental immunity, a plaintiff's claims against a local agency must sound in negligence and must fall within one of the eight enumerated exceptions to local agency immunity[.]").  The PSTCA's immunity extends to employees of a local agency who are liable in their individual capacities for civil damages caused by acts within the scope of their official duties. *Renk v. City of Pittsburgh*, 537 Pa. 68 (1994).

---

both specify what right is at issue and state why the right was clearly established." *Thomas v. Duvall*, No. 3:16-CV-00451, 2019 WL 8013742, at *18 (M.D. Pa. Oct. 3, 2019), *report and recommendation adopted,* No. 3:16-CV-00451, 2019 WL 6769324 (M.D. Pa. Dec. 12, 2019).  In addition to the need for a completed factual record, Defendants have also not met their burden and are not entitled to qualified immunity at this time.

A.21

A.21

Gregory does not allege negligence within any of the enumerated exceptions, and Defendants are entitled to immunity as to Gregory's negligence claim. Therefore, it is recommended the Court grant Defendants' motion to dismiss in this respect and dismiss Gregory's negligence claim with prejudice, as amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### v.  Fed. R. Civ. P. 10(b)

Next, Defendants argue Gregory's second amended complaint should be dismissed for failing to comply with Fed. R. Civ. P. 10(b) because Gregory did "not include numbered paragraphs and further fails to set forth a single set of circumstances or discrete factual allegations at each paragraph[,]" includes "argumentative rather than factual" allegations, and "does not allow a response that would differentiate the facts in dispute from those that are not." ECF No. 56 at 19.  Despite these characterizations, Defendants do not provide any examples from Gregory's second amended complaint to support their contentions and do not provide any specific argument for how they are unable to answer Gregory's operative complaint as pleaded.

The Court agrees Gregory has not used separate numbered paragraphs in his second amended complaint, which is required by Fed. R. Civ. P. 10. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").  Despite this, pro se pleadings, especially those alleging civil rights violations, must be liberally construed "without regard for technicalities." *Lockhart v. Hoenstine*, 411 F.2d 455,

16

A.22                                                                                                          A.22

458–59 (3d Cir. 1969) (cleaned up).  The Court observes that Gregory's second amended complaint is, however, organized into separate headings for "A. Caption and Heading," "B. Parties," "C. Jurisdiction," "D. Statement of Claim," "E. Injury," and "F. Request for Relief".  *See* ECF No. 54 at 1-5.  Likewise, in his "Statement of Claim" section, he separates each set of circumstances by paragraph as depicted below:

> (D. Statement of claim)    Statement of claim
>
> Erie police dept, Arthur E. Rhoads Jr. assaulted the plaintiff. during arrest on July 25, 2022 Violating the plaintiff civil rights. under the 8th Amendment.
>
> The arrest took place during a traffic stop at 7:36pm on the 2200 block of Wayne Street
>
> One of the defendants named herein, officer Terrance M. Dowdy, officer Lucus s. Dehack and officer Dustin M. Landfried picks the plaintiff up off of his feet and body Slams the plaintiff to the ground. after the plaintiff was already pinned against a parked Car by multiple officers for attempting to run, but was then quickly apprehended.
>
> Before the body slam by one of the above mentioned officers, The officer Arthur E. Rhoads Jr. Struck the plaintiff in the face with.

ECF No. 54 at 2.  As such, Gregory has clearly articulated the factual basis of his claims in a manner that allows Defendants to meaningfully respond, despite the absence of numbered paragraphs. *Williams v. Little*, No. 1:23-CV-01005, 2023 WL

17

8791168, at *1 (M.D. Pa. Dec. 19, 2023) (declining to dismiss pro se civil rights complaint "simply because Plaintiff failed to number his paragraphs.").

Accordingly, it is recommended that the Court deny Defendants' motion to dismiss in this respect.

### vi. Punitive Damages

Lastly, Defendants argue that Gregory is not entitled to punitive damages. ECF No. 56 at 19. Gregory does not respond to this argument. ECF No. 65.

Punitive damages may be awarded in § 1983 actions when "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56 (1983). At this procedural juncture, and without the benefit of a completed record, it is not apparent as a matter of law that discovery would not reveal that the Defendants' conduct meets (or fails to meet) the standard required for an award of punitive damages, and it would be premature to make that determination. *C.M. by and through McMillen v. Am. Honda Motor Co.*, No. 3:23-CV-00119, 2024 WL 1382760, at *6 (W.D. Pa. Apr. 1, 2024) ("Courts in this circuit have routinely found that, because whether punitive damages are appropriate involves factual determinations that are best made with the benefit of discovery, dismissing punitive damages claims on a 12(b)(6) motion is premature.") (collecting cases).

Accordingly, it is recommended that the Court deny Defendants' request for the dismissal of punitive damages as premature.

18

## III.   Conclusion

Based on the above, it is respectfully recommended that the Court grant in part and deny in part Defendants' motion to dismiss. It is specifically recommended that the Court grant Defendants' motion and dismiss Gregory's negligence claim with prejudice and deny Defendants' motion in all other respects.

Therefore, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72, and the Local Rules for Magistrates, the parties have until **November 21, 2025** to object to this report and recommendation.  Unless otherwise ordered by the District Judge, responses to objections are due fourteen days after the service of the objections.  Failure to file timely objections will waive any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: November 4, 2025.                                    Respectfully submitted,
                                                            s/ Christopher B. Brown
                                                            United States Magistrate Judge


cc:     Honorable Susan Paradise Baxter
        United States District Judge
        *via electronic filing*

        JOSEPH GREGORY
        NL0318
        SCI FOREST
        P.O. Box 945
        286 Woodland Drive
        Marienville, PA 16239

        Counsel of record
        *via electronic filing*

19

A.25                                                                                    A.25