No. 26-1486

# In The
# United States Court of Appeals
# for the Third Circuit

JOSEPH GREGORY

Plaintiff/Appellee

v.

TERRANCE DAWDY, et al.,

Defendants/Appellants

On Appeal from the February 5, 2026 Order of the
United States District Court for the Western District  District of Pennsylvania,
Civil No. 1:24-cv-00012 (Hon. Susan Paradise Baxter, J.)

**APPENDIX - VOL. II OF APPELLANTS
TERRANCE DAWDY, LUCAS S. DEHART, DUSTIN M. LANDFRIED,
AND ARTHUR E. RHOADES, JR.**

**MARSHALL DENNEHEY, P.C.**
Carol A. VanderWoude, Esquire
Pa. Attny. I.D. No. 94967
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2643
*Attorneys for Defendants/Appellants,
Terrance Dawdy, Lucas S. Dehart, Dustin
M. Landfried and Arthur E. Rhoades, Jr.*

# TABLE OF CONTENTS

**VOLUME I**

Notice of Appeal ........................................................................................A.1

Memorandum Order ...................................................................................A.4

Report and Recommendation ....................................................................A.7

**VOLUME II**

Docket Entries ..........................................................................................A.26

Complaint ..................................................................................................A.35

Motion to Dismiss or Alternative Motion for Summary Judgment ....................A.48

    Exhibit A – Commonwealth CCP docket 2345-2022................................A.55

    Exhibit B – Corp. Landfried's Body Camera video entitled
        "2200_BLK_WAYNE-Cpl Landfried"......................................................A.71

    Exhibit C – Corp. Landfried and Off. Dawdy's Dash Camera
        Footage "2200_WAYNE_ST-3 Landfried and Dawdy Dash Cam".......A.72

    Exhibit D – Aff. of Corp. Landfried, authenticating Exhs. B and C,
        his Body Camera Video and Dash Camera Footage .............................A.73

    Exhibit E – Off. Rhoades Body Camera Video entitled
        "2200_wayne_st-2 – Rhoades" ...............................................................A.77

    Exhibit F – Aff. of Off. Rhoades, authenticating Exhibit E,
        his Body Camera Video..........................................................................A.78

    Exhibit G – Off. Dawdy's Body Camera Video entitled
        "2200_WAYNE_ST-4-Dawdy".................................................................A.81

    Exhibit H – Aff. of Off. Dawdy, authenticating Exhibit G,
        his Body Camera Video..........................................................................A.82

Exhibit I – Off. Dehart's Body Camera Video entitled
"2200_WAYNE_ST-Dehart" ...................................................................A.86

Exhibit J – Aff. of Off. Dehart, authenticating Exhibit I,
his Body Camera Video ...........................................................................A.87

Brief in Support of Motion to Dismiss ............................................................A.90

Defendants' Concise Statement of Material Facts ...........................................A.108

Complaint Supplement....................................................................................A.113

Plaintiff's Concise Statement of Material Facts ..............................................A.126

Defendants' Response to Plaintiff's Concise Statement of Material Facts ......A.132

Second Amended Complaint ...........................................................................A.139

Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint
or Alternative Motion for Summary Judgment ...............................A.144

Exhibit A – Commonwealth CCP docket 2345-2022...............................A.153

Exhibit K – Corp. Landfried's Body Camera Video entitled
"ST_VINCENT_HOSPITAL" ........................................................A.166

Exhibit L – Aff. of Corp. Landfried, authenticating Exhibit K,
his Body Camera Video of Plaintiff receiving medical treatment........A.167

Defendants' Brief in Support of Motion to Dismiss Plaintiff's Second
Amended Complaint or Alternative Motion for Summary Judgment ...........A.170

Defendants' Concise Statement of Material Facts ...........................................A.191

Plaintiff's Motion for Extension of Time to Complete Discovery ...................A.197

Order Denying Plaintiff's Motion for Extension .............................................A.199

Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Second
Amended Complaint or Alternative Motion for Summary Judgment ...........A.203

Defendants' Objections to Report and Recommendation.................................A.214

Plaintiff's Concise Statement of Material Facts ..............................................A.219

<span style="color:red">AJT,APPEAL,CLOSED,DJOPT,STAYED</span>

# U.S. District Court
## Western District of Pennsylvania (Erie)
### CIVIL DOCKET FOR CASE #: 1:24-cv-00012-SPB-CBB

| | |
|---|---|
| GREGORY v. DAWDY et al | Date Filed: 01/16/2024 |
| Assigned to: Judge Susan Paradise Baxter | Date Terminated: 03/05/2026 |
| Referred to: Magistrate Judge Christopher B. Brown | Jury Demand: None |
| Case in other court: Third Circuit, 26-01486 | Nature of Suit: 440 Civil Rights: Other |
| Cause: 42:1983pr Prisoner Civil Rights | Jurisdiction: Federal Question |

**Plaintiff**

**JOSEPH GREGORY**                    represented by **JOSEPH GREGORY**
NL0318
SCI FOREST
P.O. Box 307
286 Woodland Drive
Marienville, PA 16239
PRO SE

V.

**Defendant**

**PHM. TERRANCE DAWDY**               represented by **Patrick M. Carey**
Marshall, Dennehey, Warner, Coleman &
Goggin
717 State Street
Suite 701
Erie, PA 16501
(814) 480-7803
Fax: (814) 455-3603
Email: pmcarey@mdwcg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Emily Claire Downing**
Marshall Dennehey
717 State Street
Suite 701
Erie, PA 16501
814-480-7811
Email: ecdowning@mdwcg.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**OFFICER LUCAS S. DEHART**           represented by **Patrick M. Carey**
(See above for address)
*LEAD ATTORNEY*

<span style="color:red">A.26</span>

<span style="color:red">A.26</span>

*ATTORNEY TO BE NOTICED*

**Emily Claire Downing**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DUSTIN M. LANDFRIED**      represented by    **Patrick M. Carey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Emily Claire Downing**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**OFFICER ARTHUR E. RHOADES, JR.**      represented by    **Patrick M. Carey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Emily Claire Downing**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/16/2024 | 1 | MOTION for Leave to Proceed in forma pauperis by JOSEPH GREGORY. (Attachments: # 1 Complaint lodged pending disposition of IFP Motion, # 2 Prisoner Authorization Form, # 3 Envelope) (sdp) (Entered: 01/16/2024) |
| 01/16/2024 | 2 | Prisoner Trust Fund Account Statement by JOSEPH GREGORY. (sdp) (Entered: 01/16/2024) |
| 01/16/2024 | 3 | CONSENT to Trial/Jurisdiction by US Magistrate Judge OR District Judge Option, by JOSEPH GREGORY. (sdp) (Entered: 01/16/2024) |
| 01/24/2024 | 4 | ORDER granting 1 Motion for Leave to Proceed in forma pauperis, and the Clerk is directed to file the Complaint. Signed by Chief Magistrate Judge Richard A. Lanzillo on 1/24/2024. (dlh) (Entered: 01/24/2024) |
| 01/24/2024 | 5 | STANDING PRACTICE ORDER FOR PRO SE CIVIL RIGHTS CASES. Signed by Chief Magistrate Judge Richard A. Lanzillo on 1/24/2024. (dlh) (Entered: 01/24/2024) |
| 01/24/2024 | 6 | COMPLAINT against TERRANCE DAWDY, LUCAS S. DEHART, DUSTIN M. LANDFRIED, ARTHUR E. RHOADES, JR ), filed by JOSEPH GREGORY. (sdp) (Entered: 01/24/2024) |
| 02/27/2024 | 7 | IT IS ORDERED that the United States Marshal is directed to mail a copy of the complaint, notice of lawsuit and request for waiver of service of summons, and waiver and this order to defendants as directed by plaintiff. Costs shall be advanced by the United States. The defendants are requested to waive service pursuant to Rule 4(d). Signed by Chief Magistrate Judge Richard A. Lanzillo on 2/27/2024. (dlh) (Entered: 02/27/2024) |

<span style="color:red">A.27</span>

<span style="color:red">A.27</span>

| | | |
|---|---|---|
| 03/07/2024 | 8 | Partial Payment of Filing Fee by JOSEPH GREGORY. Fee $6.02, receipt number 100000485. (jkn) (Entered: 03/12/2024) |
| 04/05/2024 | 9 | Partial Payment of Filing Fee by JOSEPH GREGORY. Fee $5.98, receipt number 1000000521. (sdp) (Entered: 04/17/2024) |
| 05/02/2024 | 10 | NOTICE by U.S. Marshal that the waiver/order and complaint were mailed to defendants on 3/22/24. (sdp) (Entered: 05/02/2024) |
| 05/20/2024 | 11 | MOTION to subpoena all defendants body cam footage by JOSEPH GREGORY. (Attachments: # 1 Envelope) (sdp) (Entered: 05/20/2024) |
| 05/20/2024 | 12 | MOTION to subpoena all intake/booking paperwork from the Erie County Prison by JOSEPH GREGORY. (Attachments: # 1 Envelope) (sdp) (Entered: 05/20/2024) |
| 05/20/2024 | 13 | MOTION to subpoena medical records from the Erie County Prison by JOSEPH GREGORY. (sdp) (Entered: 05/20/2024) |
| 05/23/2024 | 14 | NOTICE of Appearance by Patrick M. Carey on behalf of TERRANCE DAWDY, LUCAS S. DEHART, DUSTIN M. LANDFRIED, ARTHUR E. RHOADES, JR. (Carey, Patrick) (Entered: 05/23/2024) |
| 05/23/2024 | 15 | WAIVER OF SERVICE Returned Executed by TERRANCE DAWDY. TERRANCE DAWDY waiver sent on 5/23/2024, answer due 7/22/2024. (Carey, Patrick) (Entered: 05/23/2024) |
| 05/23/2024 | 16 | WAIVER OF SERVICE Returned Executed by LUCAS S. DEHART. LUCAS S. DEHART waiver sent on 5/23/2024, answer due 7/22/2024. (Carey, Patrick) (Entered: 05/23/2024) |
| 05/23/2024 | 17 | WAIVER OF SERVICE Returned Executed by DUSTIN M. LANDFRIED. DUSTIN M. LANDFRIED waiver sent on 5/23/2024, answer due 7/22/2024. (Carey, Patrick) (Entered: 05/23/2024) |
| 05/23/2024 | 18 | WAIVER OF SERVICE Returned Executed by ARTHUR E. RHOADES, JR. ARTHUR E. RHOADES, JR waiver sent on 5/23/2024, answer due 7/22/2024. (Carey, Patrick) (Entered: 05/23/2024) |
| 05/23/2024 | 19 | NOTICE of Appearance by Emily Claire Downing on behalf of TERRANCE DAWDY, LUCAS S. DEHART, DUSTIN M. LANDFRIED, ARTHUR E. RHOADES, JR. (Downing, Emily) (Entered: 05/23/2024) |
| 05/28/2024 | 20 | ORDER denying ECF No. 11 Motion to subpoena all defendants body cam footage; ECF No. 12 Motion to subpoena all intake/booking paperwork from the Erie County Prison; and ECF No. 13 Motion to subpoena medical records from the Erie County Prison, filed by Plaintiff Joseph Gregory. In each of these motions, Gregory asks the Court to subpoena an entity for the production of certain discovery materials "for evidence in this current civil matter." See id. Service of the Complaint has only recently been effectuated. Thus, because this Action is in the pleadings stage and the Court has not "expedite[d] or otherwise alter[ed] the time and sequence of discovery," the Motion is premature. Teets v. Doe One, 2021 WL 808572, at *1 (W.D. Pa. Mar. 3, 2021). See Fed. R. Civ. P. 16; Fed. R. Civ. P. 26. Accordingly, the motions for discovery (ECF Nos. 11, 12, 13) are DENIED as premature. A copy of this Order has been mailed to Plaintiff at his address of record. Signed by Chief United States Magistrate Judge Richard A. Lanzillo on May 28, 2024. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (rlh) (Entered: 05/28/2024) |
| 06/05/2024 | 21 | TEXT ORDER: In accordance with the case management system in place in this district, this case has been assigned to the undersigned for all pretrial matters. Therefore, it is |

ORDERED that on or before **6/26/2024**, the DEFENDANTS shall complete an election form either consenting to jurisdiction by the Magistrate Judge or electing to have a District Judge assigned to the case, and shall file the form with the Clerk's Office. A copy of the form can be found on this Court's website at: http://www.pawd.uscourts.gov/sites/pawd/files/Consent-to-Mag.pdf. Consent to Jurisdiction by Mag. Judge or electing to have a District Judge assigned due by 6/26/2024. Signed by Chief Magistrate Judge Richard A. Lanzillo on 6/5/2024. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (dlh) (Entered: 06/05/2024)

| 06/06/2024 | 22 | CONSENT to Trial/Jurisdiction by US Magistrate Judge OR District Judge Option, by TERRANCE DAWDY, LUCAS S. DEHART, DUSTIN M. LANDFRIED, ARTHUR E. RHOADES, JR. (Carey, Patrick) (Entered: 06/06/2024) |
| --- | --- | --- |
| 06/10/2024 | 23 | Partial Payment of Filing Fee by JOSEPH GREGORY. Fee $6.28, receipt number 100000590. (jkn) (Entered: 06/11/2024) |
| 07/03/2024 | 24 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM re 6 Complaint, MOTION for Summary Judgment by TERRANCE DAWDY, LUCAS S. DEHART, DUSTIN M. LANDFRIED, ARTHUR E. RHOADES, JR. Motion(s) referred to Richard A. Lanzillo. (Attachments: # 1 Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J) (Carey, Patrick) (Entered: 07/03/2024) |
| 07/03/2024 | 25 | BRIEF in Support re 24 Motion to Dismiss for Failure to State a Claim,, Motion for Summary Judgment, filed by TERRANCE DAWDY, LUCAS S. DEHART, DUSTIN M. LANDFRIED, ARTHUR E. RHOADES, JR. (Carey, Patrick) (Entered: 07/03/2024) |
| 07/03/2024 | 26 | CONCISE STATEMENT OF MATERIAL FACTS re 24 Motion to Dismiss for Failure to State a Claim,, Motion for Summary Judgment, by TERRANCE DAWDY, LUCAS S. DEHART, DUSTIN M. LANDFRIED, ARTHUR E. RHOADES, JR. (Carey, Patrick) (Entered: 07/03/2024) |
| 07/03/2024 | 27 | AUDIO/VISUAL EXHIBITS in support of 24 Motion to Dismiss for Failure to State a Claim, Motion for Summary Judgment, by TERRANCE DAWDY, LUCAS S. DEHART, DUSTIN M. LANDFRIED, ARTHUR E. RHOADES, JR received. Physical media forwarded to chambers of Judge Lanzillo. (keh) (Entered: 07/03/2024) |
| 07/08/2024 | 28 | Partial Payment of Filing Fee by JOSEPH GREGORY. Fee $12.58, receipt number 100000617. (jkn) (Entered: 07/08/2024) |
| 07/16/2024 | 29 | ORDER Response/Briefing Schedule re 24 Motion to Dismiss for Failure to State a Claim, in the alternative, Motion for Summary Judgment. Responses due by 8/15/2024. Signed by Chief Magistrate Judge Richard A. Lanzillo on 7/16/2024. (dlh) (Entered: 07/16/2024) |
| 08/14/2024 | 30 | Partial Payment of Filing Fee by JOSEPH GREGORY. Fee $5.68, receipt number 100000661. (jkn) (Entered: 08/16/2024) |
| 08/19/2024 | 31 | MOTION for Extension of Time to File Response/Reply as to 29 Response/Briefing Schedule by JOSEPH GREGORY. Motion(s) referred to Richard A. Lanzillo. (Attachments: # 1 Envelope) (jd) (Entered: 08/19/2024) |
| 09/06/2024 | 32 | ORDER granting 31 Plaintiff's Motion for Extension of Time to File Response/Reply as to 24 Defendants' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM or in the alternative for Summary Judgment. The Plaintiff's Response is now due on or before September 26, 2024. The Plaintiff is cautioned that further extensions of time may not be granted absent a showing of good cause. A printed copy of this text order has been mailed this day to the Plaintiff at his address of record. Signed by Chief Magistrate Judge Richard |

A.29

A.29

| | | |
|---|---|---|
| | | A. Lanzillo on September 6, 2024. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (jbh) (Entered: 09/06/2024) |
| 09/12/2024 | 33 | Partial Payment of Filing Fee by JOSEPH GREGORY. Fee $12.58, receipt number 100000696. (jkn) (Entered: 09/13/2024) |
| 09/30/2024 | 34 | MOTION for Leave to File Amended Complaint by JOSEPH GREGORY. Motion(s) referred to Richard A. Lanzillo. (Attachments: # 1 proposed amended complaint, # 2 Envelope) (sdp) (Entered: 09/30/2024) |
| 10/07/2024 | 35 | ORDER granting Plaintiff's 34 Motion for Leave to File Amended Complaint. The Court will grant Plaintiffs motion and allow the filing of the proposed Amended Complaint as a supplement to his original Complaint. The Clerk of the Court is directed to detach the Amended Complaint and re-docket it as a supplement to the original Complaint.Based on the filing of the supplement to the Complaint, Defendants may: (A) Treat their pending motion to dismiss, and alternatively, for summary judgment as applicable to the Complaint as supplemented, and file a notice of their intent to do so on or before Friday, October 11, 2024; (B) Supplement their pending motion in response to matters raised in the Supplemental Complaint within 14 days of this Order, Monday October 21, 2024; or (C) Withdraw their pending motion on or before Friday, October 11, 2024, and file an Answer within 21 days of this Order, Monday October 28, 2024. If Defendants elect to rely on their motion to dismiss and, alternatively, for summary judgment as filed and without further supplementation, Plaintiff is hereby given a final extension to respond within 21 days of this Order, Monday October 28, 2024. If Defendants supplement or withdraw their pending motion, the Court will issue a further Scheduling Order setting new filing and other dates as appropriate. Signed by Chief Magistrate Judge Richard A. Lanzillo on October 7, 2024. (nak) (Entered: 10/07/2024) |
| 10/07/2024 | 36 | ORDER re 34 motion for leave to amend. As explained in the accompanying Order, Plaintiff is directed to file a concise statement of material fact in compliance with Local Rule 56(c). Plaintiff's response is due by October 28, 2024. A printed copy has been mailed on this day to Plaintiff's address of record. Signed by Chief Magistrate Judge Richard A. Lanzillo on October 7, 2024. (nak) (Entered: 10/07/2024) |
| 10/07/2024 | 37 | SUPPLEMENT by JOSEPH GREGORY to 6 Complaint. (sdp) (Entered: 10/08/2024) |
| 10/09/2024 | 38 | NOTICE *of Intent to Treat Motion to Dismiss as Applicable to Amended Complaint* by TERRANCE DAWDY, LUCAS S. DEHART, DUSTIN M. LANDFRIED, ARTHUR E. RHOADES, JR re 35 Order on Motion for Leave to File Amended Complaint,,,,, (Carey, Patrick) (Entered: 10/09/2024) |
| 10/10/2024 | 39 | ORDER Amending 36 Order Directing Plaintiff to File a Concise Statement of Material Facts. The final paragraph of the Order filed at ECF No. 36 mistakenly instructs the Plaintiff to submit his responsive concise statement of material facts by Monday, October 21, 2024. The correct deadline for the Plaintiff's response is October 28, 2024. Signed by Chief Magistrate Judge Richard A. Lanzillo on 10/10/2024. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (dlh) (Entered: 10/10/2024) |
| 10/25/2024 | | Pursuant to Administrative Order 2024-12, Magistrate Judge Christopher B. Brown referred. Magistrate Judge Richard A. Lanzillo no longer assigned to case. Motions referred to Christopher B. Brown. (cww) (Entered: 10/25/2024) |
| 10/28/2024 | 40 | CONCISE STATEMENT OF MATERIAL FACTS by JOSEPH GREGORY. (Attachments: # 1 Envelope) (sdp) (Entered: 10/28/2024) |

| | | |
|---|---|---|
| 11/08/2024 | 41 | RESPONSE to 40 Concise Statement of Material Facts, filed by TERRANCE DAWDY, LUCAS S. DEHART, DUSTIN M. LANDFRIED, ARTHUR E. RHOADES, JR. (Carey, Patrick) (Entered: 11/08/2024) |
| 11/15/2024 | 42 | Partial Payment of Filing Fee by JOSEPH GREGORY. Fee $3.17, receipt number 100000758. (jkn) (Entered: 11/18/2024) |
| 11/25/2024 | 43 | MOTION to subpoena intake/booking process from the Erie County Prison by JOSEPH GREGORY. Motion(s) referred to Christopher B. Brown. (Attachments: # 1 Envelope) (sdp) (Entered: 11/25/2024) |
| 11/25/2024 | 44 | MOTION to subpoena the hospital records from Saint Vincent Hospital by JOSEPH GREGORY. Motion(s) referred to Christopher B. Brown. (Attachments: # 1 Envelope) (sdp) (Entered: 11/25/2024) |
| 11/25/2024 | 45 | MOTION to subpoena all defendants body cam footage by JOSEPH GREGORY. Motion(s) referred to Christopher B. Brown. (Attachments: # 1 Envelope) (sdp) (Entered: 11/25/2024) |
| 12/12/2024 | 46 | Partial Payment of Filing Fee by JOSEPH GREGORY. Fee $6.58, receipt number 100000786. (jkn) (Entered: 12/13/2024) |
| 12/13/2024 | 47 | MOTION to Appoint Counsel by JOSEPH GREGORY. Motion(s) referred to Christopher B. Brown. (Attachments: # 1 Envelope) (sdp) (Entered: 12/13/2024) |
| 01/03/2025 | 49 | Partial Payment of Filing Fee by JOSEPH GREGORY. Fee $8.29, receipt number 100000802. (jkn) (Entered: 01/08/2025) |
| 01/08/2025 | 48 | ORDER denying 47 Motion to Appoint Counsel without prejudice. Signed by Magistrate Judge Christopher B. Brown on 1/8/2025. (ajs) (Entered: 01/08/2025) |
| 01/14/2025 | 50 | Partial Payment of Filing Fee by JOSEPH GREGORY. Fee $7.16, receipt number 100000823. (jkn) (Entered: 01/23/2025) |
| 01/31/2025 | 51 | MOTION for Leave to File Amended Complaint by JOSEPH GREGORY. Motion(s) referred to Christopher B. Brown. (Attachments: # 1 Envelope) (sdp) (Entered: 01/31/2025) |
| 02/04/2025 | 52 | ORDER granting re 51 Motion for Leave to File Amended Complaint filed by JOSEPH GREGORY. As more fully set forth herein: Gregory's amended complaint due by 3/3/2025. 24 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM re 6 Complaint MOTION for Summary Judgment filed by TERRANCE DAWDY, ARTHUR E. RHOADES, JR., LUCAS S. DEHART, DUSTIN M. LANDFRIED dismissed as moot without prejudice to refile as to the amended complaint. 43 MOTION to subpoena intake/booking process from the Erie County Prison filed by JOSEPH GREGORY, 44 MOTION to subpoena the hospital records from Saint Vincent Hospital filed by JOSEPH GREGORY, 45 MOTION to subpoena all defendants body cam footage filed by JOSEPH GREGORY, 51 MOTION for Leave to File Amended Complaint filed by JOSEPH GREGORY denied as moot without prejudice to refile if this case proceeds to discovery. Signed by Magistrate Judge Christopher B. Brown on 2/4/2025. (ajs) (Entered: 02/04/2025) |
| 02/10/2025 | 53 | Partial Payment of Filing Fee by JOSEPH GREGORY. Fee $7.16, receipt number 100000841. (jkn) (Entered: 02/20/2025) |
| 02/24/2025 | 54 | AMENDED COMPLAINT against TERRANCE DAWDY, LUCAS S. DEHART, DUSTIN M. LANDFRIED, ARTHUR E. RHOADES, JR, filed by JOSEPH GREGORY. (Attachments: # 1 Envelope) (sdp) (Entered: 02/24/2025) |

**A.31**

**A.31**

| 02/25/2025 | | Update Answer Deadline: Answer due from TERRANCE DAWDY on 3/10/2025; LUCAS S. DEHART on 3/10/2025; DUSTIN M. LANDFRIED on 3/10/2025; ARTHUR E. RHOADES, JR on 3/10/2025 (jd) (Entered: 02/25/2025) |
|---|---|---|
| 03/07/2025 | 60 | Partial Payment of Filing Fee by JOSEPH GREGORY. Fee $8.58, receipt number 100000874. (jkn) (Entered: 03/13/2025) |
| 03/10/2025 | 55 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM re 54 Amended Complaint, MOTION for Summary Judgment by TERRANCE DAWDY, LUCAS S. DEHART, DUSTIN M. LANDFRIED, ARTHUR E. RHOADES, JR. Motion(s) referred to Christopher B. Brown. (Attachments: # 1 Proposed Order, # 2 Exhibit A, # 3 Exhibit K, # 4 Exhibit L) (Downing, Emily) (Entered: 03/10/2025) |
| 03/10/2025 | 56 | BRIEF in Support re 55 Motion to Dismiss for Failure to State a Claim,, Motion for Summary Judgment, filed by TERRANCE DAWDY, LUCAS S. DEHART, DUSTIN M. LANDFRIED, ARTHUR E. RHOADES, JR. (Downing, Emily) (Entered: 03/10/2025) |
| 03/10/2025 | 57 | CONCISE STATEMENT OF MATERIAL FACTS re 55 Motion to Dismiss for Failure to State a Claim,, Motion for Summary Judgment, by TERRANCE DAWDY, LUCAS S. DEHART, DUSTIN M. LANDFRIED, ARTHUR E. RHOADES, JR. (Downing, Emily) (Entered: 03/10/2025) |
| 03/10/2025 | 58 | Exhibit K - AUDIO/VISUAL EXHIBIT(S) in support of 55 Motion to Dismiss for Failure to State a Claim,, Motion for Summary Judgment, received. Physical media stored in Clerk's Office. (elt) (Entered: 03/10/2025) |
| 03/11/2025 | 59 | TEXT ORDER Response/Briefing Schedule re 55 Motion to Dismiss for Failure to State a Claim/Motion for Summary Judgment: Plaintiff shall file a response in opposition to Defendants' motion to dismiss no later than May 1, 2025. Plaintiff's brief is limited to 25 pages. Defendants may file a reply by May 15, 2025 with brief limited to 5 pages. Should Plaintiff fail to comply with this order, the motion to dismiss may be decided without the benefit of Plaintiff's response. Signed by Magistrate Judge Christopher B. Brown on 3/11/2025. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (ajs) (Entered: 03/11/2025) |
| 04/14/2025 | 61 | Partial Payment of Filing Fee by JOSEPH GREGORY. Fee $7.41, receipt number 100000921. (jkn) (Entered: 04/15/2025) |
| 04/21/2025 | 62 | MOTION for Extension of Time to Complete Discovery by JOSEPH GREGORY. Motion(s) referred to Christopher B. Brown. (Attachments: # 1 Envelope) (sdp) (Entered: 04/21/2025) |
| 05/05/2025 | 63 | ORDER denying 62 Motion for Extension of Time to Complete Discovery as moot. Gregory shall file a response in opposition to Defendants' motion to dismiss no later than June 5, 2025 with brief limited to 25 pages. Defendants may file a reply by June 19, 2025 with brief limited to 5 pages. Signed by Magistrate Judge Christopher B. Brown on 5/5/2025. (ajs) (Entered: 05/05/2025) |
| 05/05/2025 | 64 | Partial Payment of Filing Fee by JOSEPH GREGORY. Fee $245.95, receipt number 100000935. (rjr) (Entered: 05/06/2025) |
| 06/09/2025 | 65 | RESPONSE to Motion re 55 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM re 54 Amended Complaint MOTION for Summary Judgment filed by JOSEPH GREGORY. (Attachments: # 1 Envelope) (sdp) (Entered: 06/10/2025) |
| 08/05/2025 | 66 | MOTION Requesting The Clerks office To provide The Plaintiff with a copy of Case updates by JOSEPH GREGORY. Motion(s) referred to Christopher B. Brown. (Attachments: # 1 Envelope) (rjr) (Entered: 08/05/2025) |

| 08/06/2025 | 67 | TEXT ORDER granting 66 MOTION Requesting The Clerk's office To provide The Plaintiff with a copy of Case updates by JOSEPH GREGORY. As a one-time courtesy, Plaintiff is being provided with a copy of the docket sheet in this case. The pending motion to dismiss 55 is fully briefed and will be decided in due course. Signed by Magistrate Judge Christopher B. Brown on 8/6/2025. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (bsc) (Entered: 08/06/2025) |
|---|---|---|
| 11/04/2025 | 68 | REPORT AND RECOMMENDATION recommending re 55 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM re 54 Amended Complaint MOTION for Summary Judgment filed by TERRANCE DAWDY, ARTHUR E. RHOADES, JR., LUCAS S. DEHART, DUSTIN M. LANDFRIED be granted in part and denied in part. Objections to R&R due by 11/21/2025. Signed by Magistrate Judge Christopher B. Brown on 11/4/2025. (ajs) (Entered: 11/04/2025) |
| 11/10/2025 | 69 | OBJECTIONS to 68 Report and Recommendation, by TERRANCE DAWDY, LUCAS S. DEHART, DUSTIN M. LANDFRIED, ARTHUR E. RHOADES, JR. (Carey, Patrick) (Entered: 11/10/2025) |
| 11/19/2025 | 70 | MOTION to Appoint Counsel by JOSEPH GREGORY. Motion(s) referred to Christopher B. Brown. (Attachments: # 1 Envelope) (rjr) (Entered: 11/19/2025) |
| 11/20/2025 | 71 | TEXT ORDER denying 70 Motion to Appoint Counsel without prejudice for the same reasons set forth in this Court's prior 48 Order. Should the case survive summary judgment and appear ready to proceed to trial, the Court will reconsider this request. Signed by Magistrate Judge Christopher B. Brown on 11/20/2025. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (ajs) (Entered: 11/20/2025) |
| 12/01/2025 | 72 | CONCISE STATEMENT OF MATERIAL FACTS by JOSEPH GREGORY. (Attachments: # 1 Envelope) (rjr) (Entered: 12/02/2025) |
| 12/01/2025 | 73 | AFFIDAVIT by JOSEPH GREGORY Affiant: Joseph Gregory. (Attachments: # 1 Envelope) (rjr) (Entered: 12/02/2025) |
| 12/01/2025 | 74 | MOTION for Leave to File Second Response to 57 CONCISE STATEMENT OF MATERIAL FACTS by JOSEPH GREGORY. Motion(s) referred to Christopher B. Brown. (Attachments: # 1 Proposed Response, # 2 Envelope) (rjr) (Entered: 12/02/2025) |
| 02/05/2026 | 75 | MEMORANDUM ORDER: AND NOW, this 5th day of February, 2026; IT IS HEREBY ORDERED that Defendants' motion to dismiss, ECF No. 55 , is GRANTED with regard to Plaintiff's negligence claim and such claim is DISMISSED with prejudice, and the motion is DENIED in all other respects. The report and recommendation of Magistrate Judge Brown, issued November 4, 2025, ECF No. 68 , is adopted as the opinion of the Court. Signed by Judge Susan Paradise Baxter on 2/5/2026. (snc) (Entered: 02/05/2026) |
| 02/05/2026 | 76 | TEXT ORDER: AND NOW, this 5th day of February, 2026, IT IS ORDERED that Plaintiff's motion for leave to file second response to 57 concise statement of material facts, ECF No. 74 , is dismissed as moot. Signed by Judge Susan Paradise Baxter on 2/5/2026. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (snc) (Entered: 02/05/2026) |
| 03/02/2026 | | Update Answer Deadline: Answer due from TERRANCE DAWDY on 3/16/2026; LUCAS S. DEHART on 3/16/2026; DUSTIN M. LANDFRIED on 3/16/2026; ARTHUR E. RHOADES, JR on 3/16/2026. (ajs) (Entered: 03/02/2026) |
| 03/04/2026 | 77 | NOTICE OF APPEAL as to 75 Order on Motion to Dismiss for Failure to State a Claim,, Order on Motion for Summary Judgment,, Order on Report and Recommendations, by |

| | | |
|---|---|---|
| | | TERRANCE DAWDY, LUCAS S. DEHART, DUSTIN M. LANDFRIED, ARTHUR E. RHOADES, JR. Filing fee $605, receipt number APAWDC-9404302. Motion for IFP N/A. Certificate of Appealability N/A. Court Reporter(s): N/A. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. The Transcript Purchase Order form will NOT be mailed to the parties. The form is available on the Court's internet site. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Carey, Patrick) (Entered: 03/04/2026) |
| 03/05/2026 | 78 | TEXT ORDER: Given the 77 Notice of Appeal filed by Defendants, this action is HEREBY STAYED and ADMINISTRATIVELY CLOSED pending the outcome of the appeal. Signed by Magistrate Judge Christopher B. Brown on 3/5/2026. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (ajs) (Entered: 03/05/2026) |
| 03/06/2026 | 79 | USCA Case Number 26-1486 for 77 Notice of Appeal filed by TERRANCE DAWDY, ARTHUR E. RHOADES, JR., LUCAS S. DEHART, DUSTIN M. LANDFRIED. USCA Case Manager Kirsi (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (kr3) (Entered: 03/06/2026) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/26/2026 15:27:47 | | | |
| **PACER Login:** | carolvanderwoude | **Client Code:** | 20021-00386-0b53 |
| **Description:** | Docket Report | **Search Criteria:** | 1:24-cv-00012-SPB-CBB |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

A.34

A.34

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

_____ Division

| | |
|---|---|
| | Case No. $1:24$-$cv$-$12$ |
| | *(to be filled in by the Clerk's Office)* |

Joesph Gregory
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

officer Awthur Rhoades Jr.; Terrance Dawdy;
Lucas Dehart; Dustin Landfried; Erie County Police
Dept.,
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

RECEIVED

JAN 1 6 2024

CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

A.35                                                                      A.35

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Joseph Gregory # NL0318 |
| All other names by which you have been known: | |
| ID Number | NL0318 |
| Current Institution | SCI forest |
| Address | P.O. Box 945 |
| | Marienville    PA    16239 |
| | *City*    *State*    *Zip Code* |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | PtlM. Terrance Bawdy |
| Job or Title *(if known)* | Police officer |
| Shield Number | 1514 |
| Employer | City of Erie Police Department |
| Address | 626 State Street |
| | Erie    PA    16501 |
| | *City*    *State*    *Zip Code* |

☐ Individual capacity    ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Officer Lucas.S. Dehart |
| Job or Title *(if known)* | Police officer |
| Shield Number | |
| Employer | City of Erie Police Department |
| Address | 626 State Street |
| | Erie    PA    16501 |
| | *City*    *State*    *Zip Code* |

☐ Individual capacity    ☑ Official capacity

Page 2 of 11

A.36                                                                                    A.36

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No: 3

Name ___Officer Dustin M. Landfried___

Job or Title *(if known)* ___Police officer___

Shield Number ___

Employer ___City of Erie Police Department___

Address ___626 State Street___

___Erie___     ___PA___     ___16501___
    *City*        *State*       *Zip Code*

☐ Individual capacity    ☑ Official capacity

Defendant No. 4 .

Name ___Officer Arthur E. Rhoades Jr.___

Job or Title *(if known)* ___Police officer___

Shield Number ___

Employer ___City of Erie Police Department___

Address ___626 State Street___

___Erie___     ___PA___     ___16501___ .
    *City*        *State*       *Zip Code*

☐ Individual capacity    ☑ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

___Civil Rights violations, Fourteenth Amendment U.S. Const.___

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

A.37                  A.37

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

(D) Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Violated civil rights, causing Physical harm during arrest § 240 § 241

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☑ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

I was being arrest after a Traffic Stop in Erie County, PA on July 25, 2022

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

A.38          A.38

CONTINUATION FROM PAGE 4 OF 10

## IV. STATEMENT OF CLAIMS ADDED

1. Erie police officer Authur E. Rhodes Jr. assaulted the plaintiff Joesph Gregory during an arrest on July 25, 2022.

2. The arrest took place at 2200 block of wayne on July 25, 2022.

3. The arrest took place during a Traffic stop at 7: 36 PM on July 25 , 2022.

4. The plaintiff pulled his vehicle over after police stop him on 2200 block of wayne.

5. One of the defendants named herein Officer Terrance M. Dawdy, Officer Lucas S. Dehart , and Officer Dustin M. Landfried slammed the Plaintiff to the ground after the Plaintiff attempted to run.

6. Before the slam by one of the above mentioned officers The defendant Authur E. Rhoades Jr., struck the Plaintiff with a closed fist which resulted in Physical Damage to his mouth knocking his teeth out, Which officer Rhoades admitted to in his arrest report filed July 25, 2022.

7. Defendant Authur E. Rhoades , is heard on his body cam footage dated July 25, 2022 stating: YOU ARE FUCKING RIGHT I KNOCKED YOUR TOOTH OUT.

8. The plaintiff request that this court Subpeona the hospital records of plaintiff's physical damages which was attended to (19 hours) after his arrest dated July 26, 2022 from saint vicent hospital in Erie.

9. The plaintiff request that this court Subpeona all defendants BODY CAM FOOTAGE dated July

1

A.39                                   A.39

25, 2022 between 7:30 PM and 8 : 03 PM of the total arresting process.

A.40

A.40

C.  What date and approximate time did the events giving rise to your claim(s) occur?

_July 25, 2022    Around  7:00 PM_

D.  What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

I was slammed to the Ground and my tooth was knocked out by being struck by an officer with a closed fist.

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I have one tooth missing and serve head aches from being slammed on the ground.

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Punitive damages

**A.41**    **A.41**

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**VII.   Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes

☑ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____ N/A _____

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☑ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

A.42                                                                    A.42

A.43

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☑ No

E.  If you did file a grievance:

1.  Where did you file the grievance?

_____ N/A _____

2.  What did you claim in your grievance?

_____ N/A _____

3.  What was the result, if any?

_____ N/A _____

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

_____ N/A _____

A.43

F.   If you did not file a grievance:

   1.   If there are any reasons why you did not file a grievance, state them here:

N/A

   2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

N/A

(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.44

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.  Docket or index number

_____

4.  Name of Judge assigned to your case

_____

5.  Approximate date of filing lawsuit

_____

6.  Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Page 9 of 11

A.45                                                                                        A.45

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☒ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

    Plaintiff(s)   _____

    Defendant(s)   _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    _____

    _____

3.  Docket or index number

    _____

4.  Name of Judge assigned to your case

    _____

5.  Approximate date of filing lawsuit

    _____

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition   _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

A.46      A.46

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**IX.. Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A. For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: **9-18-23**

| | |
|---|---|
| Signature of Plaintiff | _Joesph P. Gregory_ (signature) |
| Printed Name of Plaintiff | Joesph Gregory |
| Prison Identification # | NL 0318 |
| Prison Address | SCI Forest   P.O. Box 945 |
| | Marienville _____ PA _____ 16239 |
| | City            State      Zip Code |

**B. For Attorneys**

Date of signing: _____

| | |
|---|---|
| Signature of Attorney | _____ |
| Printed Name of Attorney | _____ |
| Bar Number | _____ |
| Name of Law Firm | _____ |
| Address | _____ |
| | City            State      Zip Code |
| Telephone Number | _____ |
| E-mail Address | _____ |

A.47                    A.47

**IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JOSEPH GREGORY,

      Plaintiff

      v.

TERRANCE DAWDY, et al.,

      Defendants

NO. 1:24-cv-12

JURY TRIAL OF 12 DEMANDED

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

AND NOW, come the Defendants, Terrance Dawdy, Lucas S. Dehart, Dustin M. Landfried, and Arthur E. Rhoades, Jr., by and through their counsel, Marshall Dennehey, P.C., Patrick M. Carey, Esquire, and Emily C. Downing, Esquire, and submit the following Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), or Alternatively Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, averring the following:

### PROCEDURAL HISTORY

1. Plaintiff commenced this action by filing a Motion for Leave to Proceed *in forma pauperis* on January 16, 2024. *ECF No. 1.*

2. Plaintiff's Complaint was filed January 24, 2024. *ECF No. 6.*

3. Undersigned counsel entered their appearance and waived service for the named Defendants on May 23, 2024. *ECF Nos. 14-19.*

### ALLEGATIONS IN COMPLAINT

4. Joseph Peair Gregory ("Plaintiff"), brings this lawsuit against Erie City Police Department Officer Terrance Dawdy, Office Lucas S. Dehart, Corporal Dustin M. Landfried,

A.48       A.48

and Officer Arthur E. Rhoades, Jr., alleging that the aforementioned officers used excessive force during his July 25, 2022 arrest. *See generally, ECF No. 6.*

5. Plaintiff alleges that the named Erie Police Department officers conducted a traffic stop at 7:36 PM in the 2200 block of Wayne. *Id.* at ¶¶1-5.

6. Plaintiff admits that he attempted to flee from the named police officers, but was "slammed" to the ground by the officer(s). *Id.* at ¶5.

7. Plaintiff alleges that before he was taken to the ground, Officer Rhodes struck Plaintiff in the face with a closed fist, which resulted in his tooth or teeth being knocked out. *Id.* at ¶6.

8. Plaintiff further alleges that Officer Rhodes can be heard on body camera footage admitting to knocking Plaintiff's tooth out. *Id.* at 7.

<u>**FACTUAL BACKGROUND OF CLAIM AS ESTABLISHED THROUGH INDISPUTABLY AUTHENTIC RECORDS**</u>

9. Pursuant to the aforementioned incident, Plaintiff was charged by Officer Dawdy with Aggravated Assault-Attempts to Cause or Causes Serious Bodily Injury to Designated Individuals (F2), Escape (F3), Resisting Arrest (M2), Possession of a Controlled Substance (M), Possession of Drug Paraphernalia (M), Criminal Mischief (S), Operating a Vehicle Without Valid Inspection (S), and False Identification to Law Enforcement Officers (M3). *See Exhibit A,* Commonwealth Court of Common Pleas Docket 2345-2022.

10. Plaintiff's criminal case proceeded to a jury trial, which commenced on April 12, 2023. *Id.*

11. The jury returned a verdict of guilty on all criminal charges on April 13, 2023. *Id.*

12. Plaintiff was sentenced to a cumulative sentence of twenty-four to sixty months of incarceration, followed by one year of probation. *Id.*

2

A.49                                                                                                                                         A.49

13. Plaintiff filed a Notice of Appeal on August 25, 2023, which remains before the Superior Court. *Id.*

14. Plaintiff's arrest was captured by a police cruiser's dash camera and officer worn body cameras.

15. The following Exhibits are attached to the instant Motion to Dismiss:

- *Exhibit A,* Commonwealth Court of Common Pleas Docket 2345-2022;
- *Exhibit B,* Corporal Landfried's Body Camera Video entitled "2200_BLK_WAYNE- Cpl Landfried";
- *Exhibit C,* Corporal Landfried and Officer Dawdy's Dash Camera Footage "2200_WAYNE_ST-3 Landfried and Dawdy Dash cam,
- *Exhibit D,* The Affidavit of Corporal Landfried, authenticating Exhibits B and C, his Body Camera Video and Dash Camera Footage;
- *Exhibit E* Officer Rhoades Body Camera Video entitled "2200_wayne_st-2 – Rhoades";
- *Exhibit F,* The Affidavit of Officer Rhoades, authenticating Exhibit E, his Body Camera Video;
- *Exhibit G,* Officer Dawdy's Body Camera Video entitled, "2200_WAYNE_ST-4- Dawdy";
- *Exhibit H,* The Affidavit of Officer Dawdy, authenticating Exhibit G, his Body Camera Video;
- *Exhibit I,* Officer Dehart's Body Camera Video entitled "2200_WAYNE_ST- Dehart; and
- *Exhibit J,* The Affidavit of Officer Dehart, authenticating Exhibit I, his Body Camera Video .

### CLAIMS RAISED BY PLAINTIFF

16. In his Complaint, Plaintiff claims the named officers violated his Fourteenth Amendment rights. *ECF No. 6, p.3, ¶B.*

3

A.50 A.50

17. However, the factual allegations in Plaintiff's Complaint suggest he intended to raise an excessive force claim under the Fourth Amendment.

18. To the extent that Plaintiff's Complaint can be interpreted to raise additional claims including false arrest, malicious prosecution, and/or false imprisonment, the named Defendants will respond accordingly.

19. Plaintiff seeks relief in the form of "punitive damages." *Id.* at p.5, ¶VI.

## BASIS FOR DISMISSAL

20. The above captioned Defendants are entitled to dismissal of all claims raised by the Plaintiff in this matter for the following reasons:

    a. Plaintiff has failed to state a claim or set forth a cause of action of excessive force under the Fourth Amendment;

    b. Officers Terrance Dawdy, Lucas S. Dehart, Dustin M. Landfried, and Arthur E. Rhoades, Jr., did not use excessive force during Plaintiff's arrest;

    c. A review of the attached body camera videos and dash camera video makes clear that Corporal Landfried was not personally involved in the alleged use of excessive force incident, as he was actively searching Plaintiff's vehicle when Plaintiff attempted to flee and was taken to the ground to effectuate his arrest;

    d. The named officers are entitled to Qualified Immunity;

    e. To the extent that Plaintiff has attempted raise any claim or cause of action of malicious prosecution, false arrest, or false imprisonment, Plaintiff's claims are barred by the Younger Abstention Doctrine;

A.51　　　　A.51

f.  To the extent that Plaintiff has attempted to raise any claim or cause of action of malicious prosecution, false arrest, or false imprisonment, said claims are barred by his criminal conviction;

g.  Plaintiff is not entitled to punitive damages; and

h.  Amendment to Plaintiff's Complaint would be futile.

WHEREFORE, for the reasons set forth herein, and based upon the attached exhibits, legal authority cited in the accompanying Brief in Support, and Concise Statement of Material Facts, the Defendants, Terrance Dawdy, Lucas S. Dehart, Dustin M. Landfried, and Arthur E. Rhoades, Jr., respectfully request an Order from this Honorable Court granting their Motion to Dismiss in its entirety, or alternatively, Motion for Summary Judgment, and dismissing Plaintiff's claims against them with prejudice.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

By _____

**Patrick M. Carey, Esquire**
PA ID # 50171
**Emily C. Downing, Esquire**
PA ID #322988
717 State Street, Suite 701
Erie, PA  16501
(814) 480-7800
pmcarey@mdwcg.com
ecdowning@mdwcg.com

LEGAL/161602204.v1

5

**A.52**                                        **A.52**

**IN THE UNITED STATES COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JOSEPH GREGORY,

    Plaintiff

    v.

TERRANCE DAWDY, et al.,

    Defendants

NO. 1:24-cv-12

JURY TRIAL OF 12 DEMANDED

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Motion to Dismiss was duly served on all counsel of record and unrepresented parties on the 3rd day of July, 2024, electronically, courthouse box or by mailing same to them at their designated offices by first class United States mail, postage prepaid.

Smart Communications/PA DOC
Joseph Gregory, #NL0318
SCI-Forest
P.O. Box 33028
St. Petersburg, FL 33733

MARSHALL DENNEHEY, P.C.

By _____
Patrick M. Carey

A.53      A.53

**IN THE UNITED STATES COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JOSEPH GREGORY,

    Plaintiff

    v.

TERRANCE DAWDY, et al.,

    Defendants

NO. 1:24-cv-12

JURY TRIAL OF 12 DEMANDED

## <u>ORDER</u>

AND NOW, this _____ day of July, 2024, upon consideration of the within Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6), or Alternative Motion for Summary Judgment Pursuant to or F.R.C.P. 56 it is ORDERED that the motion is GRANTED and the Plaintiff's claims against the Defendants are dismissed, with prejudice.

_____
                                    J.

# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET

**Docket Number: CP-25-CR-0002345-2022**

# CRIMINAL DOCKET

### Court Case

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 1 of 16

## CASE INFORMATION

Cross Court Docket Nos: 998 WDA 2023

| | |
|---|---|
| Judge Assigned: Ridge, David | Date Filed: 10/03/2022    Initiation Date: 07/26/2022 |
| OTN: R 328521-4    LOTN: | Originating Docket No: MJ-06104-CR-0000397-2022 |
| Initial Issuing Authority: Paul A. Bizzarro | Final Issuing Authority: Paul A. Bizzarro |
| Arresting Agency: Erie City Police Dept | Arresting Officer: Dawdy, Terrance M. |
| Complaint/Citation No.: 202200031605 | Incident Number: 202200031605 |
| County: Erie | Township: Erie City |
| Case Local Number Type(s) | Case Local Number(s) |

## STATUS INFORMATION

**Case Status:** Closed

Arrest Date: 07/26/2022

| Status Date | Processing Status |
|---|---|
| 08/25/2023 | Awaiting Appellate Court Decision |
| 08/18/2023 | Awaiting Sentencing |
| 08/18/2023 | Awaiting Trial - Conviction Reversed |
| 07/03/2023 | Awaiting Post Sentence Motion Hearing |
| 06/28/2023 | Sentenced/Penalty Imposed |
| 06/27/2023 | Awaiting PSI |
| 06/27/2023 | Awaiting Sentencing |
| 04/14/2023 | Awaiting PSI |
| 04/14/2023 | Awaiting Sentencing |
| 04/13/2023 | Awaiting Sentencing |
| 11/22/2022 | Awaiting Trial |
| 10/07/2022 | Awaiting Formal Arraignment |
| 10/03/2022 | Awaiting Filing of Information |

Complaint Date: 07/26/2022

CPCMS 9082

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the cou System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history bac only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



**EXHIBIT**

**A**

A.55    A.55



# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET

**Docket Number: CP-25-CR-0002345-2022**

## CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Joseph Peair Gregory

Page 2 of 16

### CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Formal Arraignment | 11/21/2022 | 1:00 pm | Courtroom H - Room 229 | Carlo Fachetti | Scheduled |
| Pre-Trial Hearing | 01/26/2023 | 1:15 pm | Courtroom F - Room 220 | Judge David Ridge | Scheduled |
| Trial | 02/06/2023 | 9:00 am | Court Admin Room 204 | Carlo Fachetti | Moved |
| Trial | 04/10/2023 | 9:00 am | Court Admin Room 204 | Carlo Fachetti | Scheduled |
| Sentencing | 06/27/2023 | 8:48 am | Courtroom C - Room 213 | Judge John J. Mead | Moved |
| Sentencing | 06/28/2023 | 8:46 am | Courtroom C - Room 213 | Judge John J. Mead | Scheduled |

### CONFINEMENT INFORMATION

| Confinement Known As Of | Confinement Type | Destination Location | Confinement Reason | Still in Custody |
|---|---|---|---|---|
| 08/15/2023 | State Correctional Institution | SCI Forest | | Yes |

### DEFENDANT INFORMATION

| Date Of Birth: | 08/25/1995 | City/State/Zip: Erie, PA 16503 |
|---|---|---|

### CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Gregory, Joseph Peair |

### BAIL INFORMATION

**Gregory, Joseph Peair**                                                          **Nebbia Status: None**

| Bail Action | Date | Bail Type | Originating Court | Percentage | Amount |
|---|---|---|---|---|---|
| Set | 07/26/2022 | Monetary | Magisterial District Court | | $10,000.00 |

### CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 15 | F2 | 18 § 2702 §§ A3 | Aggravated Assault - Attempts to cause or causes BI to designated individuals | 07/25/2022 | R 328521-4 |
| 2 | 2 | F3 | 18 § 5121 §§ A | Escape | 07/25/2022 | R 328521-4 |
| 3 | 3 | F3 | 18 § 5126 §§ A | Flight To Avoid Appreh/Trial/Punish | 07/25/2022 | R 328521-4 |
| 4 | 4 | M2 | 18 § 5104 | Resist Arrest/Other Law Enforce | 07/25/2022 | R 328521-4 |
| 5 | 5 | M | 35 § 780-113 §§ A16 | Int Poss Contr Subst By Per Not Reg | 07/25/2022 | R 328521-4 |
| 6 | 6 | M | 35 § 780-113 §§ A32 | Use/Poss Of Drug Paraph | 07/25/2022 | R 328521-4 |
| 7 | 14 | S | 18 § 3304 §§ A2 | Crim'l Misch-Tamper W/Property | 07/25/2022 | R 328521-4 |

CPCMS 9082                                                                                          Printed: 06/26/2024

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET



**Docket Number: CP-25-CR-0002345-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Joseph Peair Gregory

Page 3 of 16

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 8 | 8 | S | 18 § 3304 §§ A2 | Crim'l Misch-Tamper W/Property | 07/25/2022 | R 328521-4 |
| 9 | 9 | S | 75 § 4703 §§ A | Operat Veh W/O Valid Inspect | 07/25/2022 | R 328521-4 |
| 10 | 11 | M3 | 18 § 4914 §§ A | False Identification To Law Enforcement Officer | 07/25/2022 | R 328521-4 |
| 100 | 1 | F1 | 18 § 2702 §§ A2 | Aggravated Assault - Attempts to cause or causes SBI to designated individuals | 07/25/2022 | R 328521-4 |
| 110 | 10 | S | 75 § 1301 §§ A | Dr Unregist Veh | 07/25/2022 | R 328521-4 |
| 120 | 12 | S | 18 § 3304 §§ A2 | Crim'l Misch-Tamper W/Property | 07/25/2022 | R 328521-4 |
| 130 | 13 | M3 | 18 § 4914 §§ A | False Identification To Law Enforcement Officer | 07/25/2022 | R 328521-4 |
| 700 | 7 | M3 | 18 § 3304 §§ A2 | Crim'l Misch-Tamper W/Property | 07/25/2022 | R 328521-4 |

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date | |
| Sentence Conditions | | | |

| | | | |
|---|---|---|---|
| **Held for Court (Lower Court)** Defendant Was Present | | | |
| Lower Court Disposition | 09/30/2022 | Not Final | |
| 2 / Escape | Held for Court (Lower Court) | F3 | 18 § 5121 §§ A |
| 3 / Flight To Avoid Appreh/Trial/Punish | Held for Court (Lower Court) | F3 | 18 § 5126 §§ A |
| 4 / Resist Arrest/Other Law Enforce | Held for Court (Lower Court) | M2 | 18 § 5104 |
| 5 / Int Poss Contr Subst By Per Not Reg | Held for Court (Lower Court) | M | 35 § 780-113 §§ A16 |
| 6 / Use/Poss Of Drug Paraph | Held for Court (Lower Court) | M | 35 § 780-113 §§ A32 |
| 8 / Crim'l Misch-Tamper W/Property | Held for Court (Lower Court) | S | 18 § 3304 §§ A2 |
| 9 / Operat Veh W/O Valid Inspect | Held for Court (Lower Court) | S | 75 § 4703 §§ A |
| 10 / False Identification To Law Enforcement Officer | Held for Court (Lower Court) | M3 | 18 § 4914 §§ A |
| 100 / Aggravated Assault - Attempts to cause or causes SBI to designated individuals | Held for Court (Lower Court) | F1 | 18 § 2702 §§ A2 |
| 110 / Dr Unregist Veh | Dismissed (Lower Court) | S | 75 § 1301 §§ A |
| 700 / Crim'l Misch-Tamper W/Property | Held for Court (Lower Court) | M3 | 18 § 3304 §§ A2 |
| **Proceed to Court** | | | |
| Information Filed | 11/17/2022 | Not Final | |
| 2 / Escape | Proceed to Court | F3 | 18 § 5121 §§ A |
| 3 / Flight To Avoid Appreh/Trial/Punish | Proceed to Court | F3 | 18 § 5126 §§ A |
| 4 / Resist Arrest/Other Law Enforce | Proceed to Court | M2 | 18 § 5104 |

CPCMS 9082

Printed: 06/26/2024

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

**A.57** **A.57**



# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET

**Docket Number: CP-25-CR-0002345-2022**

## CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 4 of 16

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date | |
| Sentence Conditions | | | |
| 5 / Int Poss Contr Subst By Per Not Reg | Proceed to Court | M | 35 § 780-113 §§ A16 |
| 6 / Use/Poss Of Drug Paraph | Proceed to Court | M | 35 § 780-113 §§ A32 |
| 7 / Crim'l Misch-Tamper W/Property | Proceed to Court | S | 18 § 3304 §§ A2 |
| 8 / Crim'l Misch-Tamper W/Property | Proceed to Court | S | 18 § 3304 §§ A2 |
| 9 / Operat Veh W/O Valid Inspect | Proceed to Court | S | 75 § 4703 §§ A |
| 10 / False Identification To Law Enforcement Officer | Proceed to Court | M3 | 18 § 4914 §§ A |
| 100 / Aggravated Assault - Attempts to cause or causes SBI to designated individuals | Proceed to Court | F1 | 18 § 2702 §§ A2 |
| 110 / Dr Unregist Veh | Dismissed (Lower Court) | S | 75 § 1301 §§ A |
| 120 / Crim'l Misch-Tamper W/Property | Withdrawn Pursuant to Pa.R.Crim.P. 561(B) | S | 18 § 3304 §§ A2 |
| 130 / False Identification To Law Enforcement Officer | Withdrawn Pursuant to Pa.R.Crim.P. 561(B) | M3 | 18 § 4914 §§ A |
| 700 / Crim'l Misch-Tamper W/Property | Charge Changed | M3 | 18 § 3304 §§ A2 |
| Replaced by 18 § 3304 §§ A2, Crim'l Misch-Tamper W/Property | | | |

**Guilty**

| Trial | 04/13/2023 | Not Final | |
|---|---|---|---|
| 1 / Aggravated Assault - Attempts to cause or causes BI to designated individuals | Guilty | F2 | 18 § 2702 §§ A3 |
| Mead, John J. | 06/28/2023 | 338 Days | |
| Confinement | Min of 24.00 Months | | |
| | Max of 60.00 Months | | |
| | 24 months - 60 months | | |

        **The defendant will pay costs.
        **The defendant will pay fine(s) in the amount of $25.00 at Count 9.
        **Community Service: 25 Hours at Count 7.
        **The defendant is NOT RRRI Eligible.

| 2 / Escape | Guilty | F3 | 18 § 5121 §§ A |
|---|---|---|---|
| Mead, John J. | 06/28/2023 | 338 Days | |
| Confinement | Min of 24.00 Months | | |
| | Max of 60.00 Months | | |
| | 24 months - 60 months | | |

| 3 / Flight To Avoid Appreh/Trial/Punish | Dismissed | F3 | 18 § 5126 §§ A |
|---|---|---|---|
| Mead, John J. | 06/28/2023 | | |

| 4 / Resist Arrest/Other Law Enforce | Guilty | M2 | 18 § 5104 |

CPCMS 9082

Printed: 06/26/2024

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET



**Docket Number: CP-25-CR-0002345-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 5 of 16

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event<br>Sequence/Description<br>Sentencing Judge<br>Sentence/Diversion Program Type<br>Sentence Conditions | Disposition Date<br>Offense Disposition<br>Sentence Date<br>Incarceration/Diversionary Period | Final Disposition<br>Grade   Section<br>Credit For Time Served<br>Start Date |
|---|---|---|
| Mead, John J.<br>Confinement | 06/28/2023<br>Min of 6.00 Months<br>Max of 12.00 Months<br>6 months - 12 months | 338 Days |
| 5 / Int Poss Contr Subst By Per Not Reg<br><br>Mead, John J.<br>Probation | Guilty<br><br>06/28/2023<br>1 year | M     35 § 780-113 §§ A16 |
| 6 / Use/Poss Of Drug Paraph<br><br>Mead, John J.<br>Probation | Guilty<br><br>06/28/2023<br>1 year | M     35 § 780-113 §§ A32 |
| 7 / Crim'l Misch-Tamper W/Property<br><br>Mead, John J. | Guilty<br><br>06/28/2023 | S     18 § 3304 §§ A2 |
| 8 / Crim'l Misch-Tamper W/Property<br><br>Mead, John J. | Not Guilty<br><br>06/28/2023 | S     18 § 3304 §§ A2 |
| 9 / Operat Veh W/O Valid Inspect<br><br>Mead, John J.<br>No Further Penalty | Guilty<br><br>06/28/2023 | S     75 § 4703 §§ A |
| 10 / False Identification To Law Enforcement Officer<br><br>Mead, John J.<br>Probation | Guilty<br><br>06/28/2023<br>1 year | M3     18 § 4914 §§ A |
| 100 / Aggravated Assault - Attempts to cause or causes SBI to designated individuals<br>Replaced by 18 § 2702 §§ A3, Aggravated Assault - Attempts to cause or causes BI to designated individuals<br>Mead, John J. | Charge Changed<br><br><br><br>06/28/2023 | F1     18 § 2702 §§ A2 |
| 110 / Dr Unregist Veh<br><br>Mead, John J. | Dismissed (Lower Court)<br><br>06/28/2023 | S     75 § 1301 §§ A |
| 120 / Crim'l Misch-Tamper W/Property<br><br>Mead, John J. | Withdrawn Pursuant to<br>Pa.R.Crim.P. 561(B)<br>06/28/2023 | S     18 § 3304 §§ A2 |
| 130 / False Identification To Law Enforcement Officer<br><br>Mead, John J. | Withdrawn Pursuant to<br>Pa.R.Crim.P. 561(B)<br>06/28/2023 | M3     18 § 4914 §§ A |

CPCMS 9082

Printed: 06/26/2024

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

A.59        A.59

# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET



**Docket Number: CP-25-CR-0002345-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 6 of 16

### DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event Sequence/Description Sentencing Judge Sentence/Diversion Program Type Sentence Conditions | Disposition Date Offense Disposition Sentence Date Incarceration/Diversionary Period | Final Disposition Grade    Section Credit For Time Served Start Date |
|---|---|---|
| 700 / Crim'l Misch-Tamper W/Property | Charge Changed | M3 | 18 § 3304 §§ A2 |

Replaced by 18 § 3304 §§ A2, Crim'l Misch-Tamper W/Property
Mead, John J.                                                                06/28/2023

**Proceed to Court (Conviction Reversed)**

| Post Sentence Motions Hearing Scheduled | 08/18/2023 | Not Final |
|---|---|---|
| 1 / Aggravated Assault - Attempts to cause or causes BI to designated individuals | Guilty | F2 | 18 § 2702 §§ A3 |
| 2 / Escape | Guilty | F3 | 18 § 5121 §§ A |
| 3 / Flight To Avoid Appreh/Trial/Punish | Dismissed | F3 | 18 § 5126 §§ A |
| 4 / Resist Arrest/Other Law Enforce | Guilty | M2 | 18 § 5104 |
| 5 / Int Poss Contr Subst By Per Not Reg | Guilty | M | 35 § 780-113 §§ A16 |
| 6 / Use/Poss Of Drug Paraph | Guilty | M | 35 § 780-113 §§ A32 |
| 7 / Crim'l Misch-Tamper W/Property | Proceed to Court | S | 18 § 3304 §§ A2 |
| 8 / Crim'l Misch-Tamper W/Property | Not Guilty | S | 18 § 3304 §§ A2 |
| 9 / Operat Veh W/O Valid Inspect | Guilty | S | 75 § 4703 §§ A |
| 10 / False Identification To Law Enforcement Officer | Guilty | M3 | 18 § 4914 §§ A |
| 100 / Aggravated Assault - Attempts to cause or causes SBI to designated individuals | Charge Changed | F1 | 18 § 2702 §§ A2 |

Replaced by 18 § 2702 §§ A3, Aggravated Assault - Attempts to cause or causes BI to designated individuals

| 110 / Dr Unregist Veh | Dismissed (Lower Court) | S | 75 § 1301 §§ A |
| 120 / Crim'l Misch-Tamper W/Property | Withdrawn Pursuant to Pa.R.Crim.P. 561(B) | S | 18 § 3304 §§ A2 |
| 130 / False Identification To Law Enforcement Officer | Withdrawn Pursuant to Pa.R.Crim.P. 561(B) | M3 | 18 § 4914 §§ A |
| 700 / Crim'l Misch-Tamper W/Property | Charge Changed | M3 | 18 § 3304 §§ A2 |

Replaced by 18 § 3304 §§ A2, Crim'l Misch-Tamper W/Property

**Guilty**

| Post Sentence Motions Hearing Scheduled | 08/18/2023 | Final Disposition |
|---|---|---|
| 1 / Aggravated Assault - Attempts to cause or causes BI to designated individuals | Guilty | F2 | 18 § 2702 §§ A3 |
| 2 / Escape | Guilty | F3 | 18 § 5121 §§ A |
| 3 / Flight To Avoid Appreh/Trial/Punish | Dismissed | F3 | 18 § 5126 §§ A |
| 4 / Resist Arrest/Other Law Enforce | Guilty | M2 | 18 § 5104 |
| 5 / Int Poss Contr Subst By Per Not Reg | Guilty | M | 35 § 780-113 §§ A16 |

CPCMS 9082                                                                                                    Printed: 06/26/2024

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

**A.60**                                                                                                    **A.60**

# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET



**Docket Number: CP-25-CR-0002345-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 7 of 16

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event Sequence/Description Sentencing Judge Sentence/Diversion Program Type Sentence Conditions | Disposition Date Offense Disposition Sentence Date Incarceration/Diversionary Period | Final Disposition Grade | Section Credit For Time Served Start Date |
|---|---|---|---|
| 6 / Use/Poss Of Drug Paraph | Guilty | M | 35 § 780-113 §§ A32 |
| 7 / Crim'l Misch-Tamper W/Property | Judgment of Acquittal | S | 18 § 3304 §§ A2 |
| 8 / Crim'l Misch-Tamper W/Property | Not Guilty | S | 18 § 3304 §§ A2 |
| 9 / Operat Veh W/O Valid Inspect | Guilty | S | 75 § 4703 §§ A |
| 10 / False Identification To Law Enforcement Officer | Guilty | M3 | 18 § 4914 §§ A |
| 100 / Aggravated Assault - Attempts to cause or causes SBI to designated individuals | Charge Changed | F1 | 18 § 2702 §§ A2 |
| Replaced by 18 § 2702 §§ A3, Aggravated Assault - Attempts to cause or causes BI to designated individuals | | | |
| 110 / Dr Unregist Veh | Dismissed (Lower Court) | S | 75 § 1301 §§ A |
| 120 / Crim'l Misch-Tamper W/Property | Withdrawn Pursuant to Pa.R.Crim.P. 561(B) | S | 18 § 3304 §§ A2 |
| 130 / False Identification To Law Enforcement Officer | Withdrawn Pursuant to Pa.R.Crim.P. 561(B) | M3 | 18 § 4914 §§ A |
| 700 / Crim'l Misch-Tamper W/Property | Charge Changed | M3 | 18 § 3304 §§ A2 |
| Replaced by 18 § 3304 §§ A2, Crim'l Misch-Tamper W/Property | | | |

**LINKED SENTENCES:**

Link 1
CP-25-CR-0002345-2022 - Seq. No. 4 (18 § 5104 §§) - Confinement is Concurrent with
CP-25-CR-0002345-2022 - Seq. No. 2 (18 § 5121 §§ A) - Confinement is Concurrent with
CP-25-CR-0002345-2022 - Seq. No. 1 (18 § 2702 §§ A3) - Confinement

Link 2
CP-25-CR-0002345-2022 - Seq. No. 5 (35 § 780-113 §§ A16) - Probation is Consecutive to
CP-25-CR-0002345-2022 - Seq. No. 1 (18 § 2702 §§ A3) - Confinement

Link 3
CP-25-CR-0002345-2022 - Seq. No. 10 (18 § 4914 §§ A) - Probation is Concurrent with
CP-25-CR-0002345-2022 - Seq. No. 6 (35 § 780-113 §§ A32) - Probation is Concurrent with
CP-25-CR-0002345-2022 - Seq. No. 5 (35 § 780-113 §§ A16) - Probation

CPCMS 9082

Printed: 06/26/2024

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET

**Docket Number: CP-25-CR-0002345-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 8 of 16

## COMMONWEALTH INFORMATION

**Name:** Erie County District Attorney's Office

District Attorney

**Supreme Court No:**

**Phone Number(s):**

814-451-6349     (Phone)

**Address:**

Erie County Courthouse
140 West Sixth Street
Erie, PA 16501

## ATTORNEY INFORMATION

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 07/26/2022 | | Mack, Suzanne C. |
| Bail Set - Gregory, Joseph Peair | | | |
| 1 | 08/01/2022 | | Gregory, Joseph Peair |
| Application for Public Defender | | | |
| 1 | 10/03/2022 | | Clerk of Courts Office - Erie County |
| Original Papers Received from Lower Court | | | |
| 1 | 11/17/2022 | | Commonwealth of Pennsylvania |
| Information Filed | | | |
| 1 | 12/22/2022 | | Sidun, Celena Ann |
| Omnibus Pre-Trial Motion/Petition for Writ of Habeas Corpus/Motion to Suppress | | | |
| 1 | 12/27/2022 | | Ridge, David |
| Order Scheduling Hearing on Jan. 26,2023 @ 1:15PM | | | |

Erie County Court Administration
12/27/2022     Interoffice
Erie County District Attorney's Office
12/27/2022     Interoffice
Gregory, Joseph Peair
12/27/2022     Interoffice
Sidun, Celena Ann
12/27/2022     Interoffice

| 1 | 01/26/2023 | | Erie County District Attorney's Office |
|---|---|---|---|
| Motion to Amend Informatiion | | | |

CPCMS 9082

Printed: 06/26/2024

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

**A.62**                    **A.62**

# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET



**Docket Number: CP-25-CR-0002345-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 9 of 16

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

| | | | |
|---|---|---|---|
| 1 | 02/24/2023 | | Ridge, David |
| Opinion and Order Denying Motion to Suppress, Denying the Petition for Habeas Corpus on the Charge | | | |
| Erie County District Attorney's Office | | | |
| 02/24/2023 | Interoffice | | |
| Sidun, Celena Ann | | | |
| 02/24/2023 | Interoffice | | |

| | | | |
|---|---|---|---|
| 1 | 04/11/2023 | | Ridge, David |
| Order Granting Motion for Leave to Amend Information | | | |
| Erie County Court Administration | | | |
| 04/11/2023 | Interoffice | | |
| Erie County District Attorney's Office | | | |
| 04/11/2023 | Interoffice | | |
| Sidun, Celena Ann | | | |
| 04/11/2023 | Interoffice | | |

| | | | |
|---|---|---|---|
| 1 | 04/13/2023 | | Mead, John J. |
| Waiver of Presence of Judge and/or Court Reporter During Examination and Challenges of Trial Jurors | | | |

| | | | |
|---|---|---|---|
| 2 | 04/13/2023 | | Mead, John J. |
| Verdict or Verdict Slips Filed | | | |

| | | | |
|---|---|---|---|
| 3 | 04/13/2023 | | Mead, John J. |
| Exhibits filed | | | |

| | | | |
|---|---|---|---|
| 4 | 04/13/2023 | | Mead, John J. |
| Guilty | | | |

| | | | |
|---|---|---|---|
| 5 | 04/13/2023 | | Hagerty-Haynes, Aubrea |
| DL-21 to be Prepared | | | |

| | | | |
|---|---|---|---|
| 1 | 06/28/2023 | | Mead, John J. |
| Defendant's Rights at Sentencing | | | |

| | | | |
|---|---|---|---|
| 2 | 06/28/2023 | | Mead, John J. |
| Order - Sentence/Penalty Imposed | | | |

CPCMS 9082

Printed: 06/26/2024

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in  18 Pa.C.S. Section 9183.

**A.63**  **A.63**

# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET



**Docket Number: CP-25-CR-0002345-2022**

# CRIMINAL DOCKET

Court Case

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 10 of 16

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 06/30/2023 | | Court of Common Pleas - Erie County |
| Penalty Assessed | | | |
| 2 | 06/30/2023 | | Court of Common Pleas - Erie County |
| Court Commitment State or County Correctional Institution | | | |
| 3 | 06/30/2023 | | Court of Common Pleas - Erie County |
| Guideline Sentence Form | | | |
| 1 | 07/03/2023 | | Sidun, Celena Ann |
| Post-Sentence Motion | | | |
| Gregory, Joseph Peair | | | |
| 07/10/2023 | Interoffice | | |
| 1 | 07/07/2023 | | Gregory, Joseph Peair |
| Case Correspondence - sent copy of post-sent motion and COC #7 to defendant | | | |
| 2 | 07/07/2023 | | Gregory, Joseph Peair |
| Case Correspondence - sent copy of sentencing order  to defendant | | | |
| Gregory, Joseph Peair | | | |
| 07/10/2023 | Interoffice | | |
| 1 | 07/10/2023 | | Mead, John J. |
| Order Directing The Commonwealth to Respond to The Defendants Motion on/before 7/31/23 | | | |
| 1 | 07/11/2023 | | Hagerty-Haynes, Aubrea |
| DL-21 was prepared | | | |
| 1 | 07/12/2023 | | Unknown Filer |
| DL-21 Sent to PennDOT | | | |
| 1 | 07/27/2023 | | Mead, John J. |
| Request for Special Probation/Parole Supervision | | | |
| 1 | 07/31/2023 | | Erie County District Attorney's Office |
| Response to Post Sentence Motion | | | |
| 2 | 08/18/2023 | | Mead, John J. |
| Order Granting/Denying Post-Sentence Motion In Part: Motion for Acquittal on Count 7 is GRANTED.me | | | |

CPCMS 9082

Printed: 06/26/2024

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

**A.64**
**A.64**

# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET



**Docket Number: CP-25-CR-0002345-2022**

## CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 11 of 16

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
| --- | --- | --- | --- |
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

| | | | |
| --- | --- | --- | --- |
| 1 | 08/25/2023 | | Sidun, Celena Ann |
| Notice of Appeal to the Superior Court 06/28/23 sentencing | | | |
| Gregory, Joseph Peair | | | |
| 09/05/2023 | First Class | | |
| | | | |
| 1 | 08/30/2023 | | Mead, John J. |
| Concise Statement Order | | | |
| Commonwealth of Pennsylvania | | | |
| 08/30/2023 | Interoffice | | |
| Sidun, Celena Ann | | | |
| 08/30/2023 | Interoffice | | |
| | | | |
| 1 | 08/31/2023 | | Schriefer, Heidi |
| Transcript of Proceedings Filed: Jury Trial Day 2 - Afternoon | | | |
| | | | |
| 2 | 08/31/2023 | | Court of Common Pleas - Erie County |
| Entry of Civil Judgment | | | |
| | | | |
| 1 | 09/01/2023 | | Gregory, Joseph Peair |
| Case Correspondence - fwd to Judge Mead & sent Sent. Order, verdict to def. RE: Sent/Period of Inc. | | | |
| Gregory, Joseph Peair | | | |
| 09/05/2023 | First Class | | |
| Mead, John J. | | | |
| 09/05/2023 | Interoffice | | |
| | | | |
| 2 | 09/01/2023 | | Gregory, Joseph Peair |
| Case Correspondence - sent copy of updated DK Sht & Post-sent Order to defendant | | | |
| Gregory, Joseph Peair | | | |
| 09/05/2023 | First Class | | |
| | | | |
| 3 | 09/01/2023 | | Sidun, Celena Ann |
| Concise Statement of the Matters Complained on Appeal | | | |
| | | | |
| 4 | 09/01/2023 | | Gregory, Joseph Peair |
| Case Correspondence - sent COC Procedure #10 and Notice of Appeal to defendant | | | |
| Gregory, Joseph Peair | | | |
| 09/05/2023 | First Class | | |

CPCMS 9082

Printed: 06/26/2024

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

**A.65**        **A.65**

# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET



**Docket Number: CP-25-CR-0002345-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Joseph Peair Gregory

Page 12 of 16

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

| | | | |
|---|---|---|---|
| 1 | 09/05/2023 | | Superior Court of Pennsylvania |
| Appeal Docket Sheet from Superior Court of PA @ 998 WDA 2023 | | | |
| 1 | 09/06/2023 | | Court of Common Pleas - Erie County |
| The Court Determined Responsible Participant is Financially Able to Pay Fines/Costs/Restitution | | | |
| 1 | 09/08/2023 | | Hoffman, Sonya |
| Transcript of Proceedings Filed: Sentence (06/28/23) | | | |
| 1 | 09/15/2023 | | Reed, Samantha |
| Transcript of Proceedings Filed: Jury Trial Day 1 (04/12/23)0 | | | |
| 1 | 09/22/2023 | | McIver, Erikka |
| Transcript of Proceedings Filed - Jury Trial Day 2 on April 13, 2023 | | | |
| 1 | 10/04/2023 | | Mead, John J. |
| Memorandum Opinion: The Court hereby incorporates its August 18, 2023 Opinion and Order, as well as | | | |
| Erie County District Attorney's Office | | | |
| 10/04/2023 | Interoffice | | |
| Sidun, Celena Ann | | | |
| 10/04/2023 | Interoffice | | |
| 1 | 10/05/2023 | | Hagerty-Haynes, Aubrea |
| Numbered Docket Sheet sent to DA and Attorney of Record | | | |
| 2 | 10/05/2023 | | Hagerty-Haynes, Aubrea |
| Case/Tanscripts/Exhibits sent to Superior Court via PACFile @ 998 WDA 2023 | | | |
| 1 | 10/23/2023 | | Gregory, Joseph Peair |
| Case Correspondence: Docket sent to def. | | | |
| Gregory, Joseph Peair | | | |
| 10/24/2023 | First Class | | |
| 1 | 10/24/2023 | | Gregory, Joseph Peair |
| Case Correspondence: defendant requesting transcripts | | | |

CPCMS 9082

Printed: 06/26/2024

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET

**Docket Number: CP-25-CR-0002345-2022**

# CRIMINAL DOCKET

Court Case

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 13 of 16

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 10/25/2023 | | Court Reporter - Erie |

Transcript of Proceedings Filed: Pre Trial Motions (1/26/23)

| 2 | 10/25/2023 | | Hagerty-Haynes, Aubrea |

Supplement to the Record sent to Superior Court via PACFile: Transcripts-PreTrial Motions (1/26/23)

| 1 | 10/27/2023 | | Court Reporter - Erie |

Transcripts sent to defendant: Jury Trial Day 1 (4/12/23), Jury Trial Day 2 (4/13/23), Jury Trial

Gregory, Joseph Peair

| | 10/27/2023 | First Class | |

| 2 | 10/27/2023 | | Hagerty-Haynes, Aubrea |

Supplement to the Record sent to Superior Court @ 998WDA2023 via PACFile: Notice of sent transcripts

| 1 | 12/27/2023 | | Gregory, Joseph Peair |

Case Correspondence: Sent Def. Docket Sheet

Gregory, Joseph Peair

| | 01/02/2024 | First Class | |

| 2 | 12/27/2023 | | Gregory, Joseph Peair |

Case Correspondence: FWD Letter to DA's Office

Erie County District Attorney's Office

| | 01/02/2024 | Interoffice | |

Gregory, Joseph Peair

| | 01/02/2024 | Interoffice | |

| 1 | 02/06/2024 | | Court Reporter - Erie |

Transcript costs to be Added: Jury Trial Day 2-Afternoon ($2.70)

| 1 | 02/15/2024 | | Hagerty-Haynes, Aubrea |

Supplement to the Record sent to Superior Court @ 998 WDA 2022 via PACFile (12/27/23-2/6/24)

| 1 | 03/04/2024 | | Gregory, Joseph Peair |

Case Correspondence: Sent Updated Docket

Gregory, Joseph Peair

| | 03/04/2024 | First Class | |

| 1 | 03/05/2024 | | Hagerty-Haynes, Aubrea |

Supplement to the Record sent to Superior Court @ 998 WDA 2022 via PACFile (3/4/24 Filing)

CPCMS 9082

Printed: 06/26/2024

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

**A.67**                                                                                          **A.67**

# COURT OF COMMON PLEAS OF ERIE COUNTY



**DOCKET**

**Docket Number: CP-25-CR-0002345-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 14 of 16

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| 1 | 04/19/2024 | | Commonwealth of Pennsylvania |
| Exhibits Filed: Commonwealth's Exhibit's 1, 2, 3, and 6 (CD) | | | |
| Erie County District Attorney's Office | | | |
| 04/22/2024 | eService | | Served |
| 1 | 04/22/2024 | | Hagerty-Haynes, Aubrea |
| Supplement to the Record sent to Superior Court via First Class: (CD Containing Exhibits) | | | |
| Erie County District Attorney's Office | | | |
| 04/22/2024 | eService | | Served |
| 1 | 04/30/2024 | | Superior Court of Pennsylvania |
| Transmittal of Record Received at Superior Court: Commonwealth's Exhibits (CD) | | | |
| Erie County District Attorney's Office | | | |
| 05/01/2024 | eService | | Served |

CPCMS 9082

Printed: 06/26/2024

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET



**Docket Number: CP-25-CR-0002345-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 15 of 16

## CASE FINANCIAL INFORMATION

Last Payment Date:                                                                Total of Last Payment:

| **Gregory, Joseph Peair**<br>Defendant | Assessment | Payments | Adjustments | Non Monetary<br>Payments | Balance |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| ATJ | $6.00 | $0.00 | $0.00 | $0.00 | $6.00 |
| Automation Fee (Erie) | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| CJES | $2.50 | $0.00 | $0.00 | $0.00 | $2.50 |
| Clerk's Fee (Trial) (Erie) | $161.50 | $0.00 | $0.00 | $0.00 | $161.50 |
| Commonwealth Cost - HB627 (Act 167 of 1992) | $22.70 | $0.00 | $0.00 | $0.00 | $22.70 |
| Costs of Prosecution - CJEA | $50.00 | $0.00 | $0.00 | $0.00 | $50.00 |
| County Court Cost (Act 204 of 1976) | $33.15 | $0.00 | $0.00 | $0.00 | $33.15 |
| Crime Victim Services and Compensation (Act 77 of | $60.00 | $0.00 | $0.00 | $0.00 | $60.00 |
| DNA Detection Fund (Act 185-2004) | $250.00 | $0.00 | $0.00 | $0.00 | $250.00 |
| Domestic Violence Compensation (Act 44 of 1988) | $10.00 | $0.00 | $0.00 | $0.00 | $10.00 |
| Emergency Medical Services (Act 45 of 1985) | $20.00 | $0.00 | $0.00 | $0.00 | $20.00 |
| Firearm Education and Training Fund | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| JCPS | $21.25 | $0.00 | $0.00 | $0.00 | $21.25 |
| Judicial Computer Project | $8.00 | $0.00 | $0.00 | $0.00 | $8.00 |
| OAG - JCP | $2.50 | $0.00 | $0.00 | $0.00 | $2.50 |
| PA Transportation Trust Surcharge | $45.00 | $0.00 | $0.00 | $0.00 | $45.00 |
| State Court Costs (Act 204 of 1976) | $15.15 | $0.00 | $0.00 | $0.00 | $15.15 |
| Substance Abuse Education (Act 198 of 2002) | $50.00 | $0.00 | $0.00 | $0.00 | $50.00 |
| Substance Abuse Education (Act 198 of 2002) | $50.00 | $0.00 | $0.00 | $0.00 | $50.00 |
| User Fee (Erie) | $10.00 | $0.00 | $0.00 | $0.00 | $10.00 |
| Restitution Fee (Erie) | $25.00 | $0.00 | $0.00 | $0.00 | $25.00 |
| Community Service Fee (Erie) | $35.00 | $0.00 | $0.00 | $0.00 | $35.00 |
| Administrative Fee (Erie) | $150.00 | $0.00 | $0.00 | $0.00 | $150.00 |
| Prothonotary Fee (Erie) | $33.50 | $0.00 | $0.00 | $0.00 | $33.50 |
| Transcripts (Erie) | $16.65 | $0.00 | $0.00 | $0.00 | $16.65 |
| Transcripts (Erie) | $27.75 | $0.00 | $0.00 | $0.00 | $27.75 |
| Transcripts (Erie) | $94.35 | $0.00 | $0.00 | $0.00 | $94.35 |
| Transcripts (Erie) | $127.65 | $0.00 | $0.00 | $0.00 | $127.65 |

CPCMS 9082                                                                                          Printed: 06/26/2024

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

A.69                                                                                                          A.69

# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET



**Docket Number: CP-25-CR-0002345-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 16 of 16

### CASE FINANCIAL INFORMATION

| **Gregory, Joseph Peair** Defendant | Assessment | Payments | Adjustments | Non Monetary Payments | Balance |
|---|---|---|---|---|---|
| Costs/Fees Totals: | $1,337.65 | $0.00 | $0.00 | $0.00 | $1,337.65 |
| **Fines** | | | | | |
| Title 75, Motor Vehicle (Motor License Fund) | $12.50 | $0.00 | $0.00 | $0.00 | $12.50 |
| Title 75, Motor Vehicle (Motor License Fund) | $12.50 | $0.00 | $0.00 | $0.00 | $12.50 |
| Fines Totals: | $25.00 | $0.00 | $0.00 | $0.00 | $25.00 |
| Grand Totals: | $1,362.65 | $0.00 | $0.00 | $0.00 | $1,362.65 |

\*\* - Indicates assessment is subrogated

CPCMS 9082

Printed: 06/26/2024

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

A.70                                                                                              A.70

# EXHIBIT B IS BEING FILED ELECTRONICALLY ONLY

A.71

A.71

# EXHIBIT C IS BEING FILED ELECTRONICALLY ONLY

A.72

A.72

IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH GREGORY,

      Plaintiff

      v.

TERRANCE DAWDY, et al.,

      Defendants

NO. 1:24-cv-12

JURY TRIAL OF 12 DEMANDED

**AFFIDAVIT OF DUSTIN M. LANDFRIED**

COMMONWEALTH OF PENNSYLVANIA    )
                                     ) ss:
COUNTY OF ERIE                       )

    I, Dustin M. Landfried, a police officer with the City of Erie, being duly sworn, hereby depose and say of my own personal knowledge:

    1.    I am a Corporal with the City of Erie Police Department and have been employed by the City of Erie Police Department since July 10, 2017. Prior to joining the City of Erie Police Department, I worked for the Erie County Juvenile Probation Office for approximately nine years.

    2.    I make this Affidavit in order to authenticate video extracted from my body-worn camera with respect to a traffic stop which resulted in the arrest of Joseph Gregory, occurring on July 25, 2022, at approximately 7:37 PM, at E. 22nd and Wayne Streets in Erie, Pennsylvania, relative to the events set forth in the Complaint of Joseph Gregory in the above-captioned matter.

    3.    On July 25, 2022, I was in full police uniform, including a body worn camera, and riding in a marked police cruiser along with Officer Dawdy, who I was training at that time.

    4.    I observed a black Audi sedan traveling South on Wayne Street with an expired inspection of September, 2021.

EXHIBIT

D

tabbies®

A.73                A.73

5. I turned around at E. 22nd Street and got behind the vehicle with the expired inspection, activated the cruiser's overhead lights and sirens, and conducted a traffic stop.

6. I approached the driver's side of the vehicle and asked the driver to identify himself.

7. The driver identified himself as Defonta Butler and indicated that he did not have his driver's license on him.

8. Officer Dawdy, who had approached the passengers side of the vehicle, informed me that he knew Defonta Butler from his time as a police officer with the City of Meadville and that the driver, who was not Defonta Butler, had provided false information about his identity.

9. Based his deceitful attempts to avoid identification, I asked the driver to step out of the vehicle.

10. I requested back up to respond and Sergeant Bielak, Officer Dehart, and Officer Rhoades responded to the scene.

11. After exiting the vehicle, the driver admitted to having marijuana in his vehicle, and gave me permission to search his vehicle.

12. While searching the vehicle I discovered a photo identification card for a "Joseph Gregory".

13. I recognized the driver of the vehicle as Joseph Gregory, the person shown in the photo drivers license I found in the vehicle.

14. At that time I instructed Officer Rhoades to arrest the driver, Joseph Gregory.

15. Joseph Gregory attempted to flee the scene before Officer Rhoades could place him in handcuffs.

2

**A.74**                                                                                          **A.74**

16. Officers Rhoades, Dehart, and Dawdy chased Joseph Gregory and took him to the ground seconds later and place him under the arrest.

17. Exhibit C to the Defendants' Motion to Dismiss is video extracted from a body-worn camera that I was wearing on July 25, 2022, which recorded my interaction with Joseph Gregory during the traffic stop, his flight to avoid arrest, and his arrest.

18. I have independently reviewed the body-worn camera video attached as Exhibit B and certify that it is the full recording of my interaction with Joseph Gregory on July 25, 2022, and that it has not been edited or altered in any way, and it represents the information I had which formed the basis of the criminal charge filed against Joseph Gregory. Additionally, I have independently reviewed Exhibit C, the the dash camera footage from the cruiser I was riding in on the date of the arrest. I certify that the video has not been edited or altered in any way.

19. I further certify that:

    a. The body-worn camera that I was wearing on July 25, 2022, was capable of recording audio and video with respect to my encounter with Joseph Gregory;

    b. The dash camera from the cruiser was capable of recording video with respect to my encounter with Joseph Gregory;

    c. I have been trained and am competent to operate the body-worn camera;

    d. The recordings attached as Exhibits B and C are authentic, correct, and complete;

    e. No changes, additions or deletions have been made to this recording;

    f. The recordings have been preserved in the same manner that it is presented to the Court;

3

A.75          A.75

g.    The Plaintiff can be identified as the driver that is arrested as can be seen on the video; and

h.    The named officers can be identified by their police uniforms and name badges.

I hereby swear and affirm that the averments set forth above are true and correct to the best of my information, knowledge and belief.

Dustin M. Landfried

Sworn to and subscribed before me

this 24th day of June , 2024.

NOTARY PUBLIC

> Commonwealth of Pennsylvania - Notary Seal
> KELSEY NOWAKOWSKI - Notary Public
> Erie County
> My Commission Expires March 29, 2026
> Commission Number 1416208

**Error! Unknown document property name.Error! Unknown document property name.Error! Unknown document property name.**

4

A.76      A.76

A.77

# EXHIBIT E IS BEING FILED ELECTRONICALLY ONLY

A.77

IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH GREGORY,

    Plaintiff

    v.

TERRANCE DAWDY, et al.,

    Defendants

NO. 1:24-cv-12

JURY TRIAL OF 12 DEMANDED

AFFIDAVIT OF ARTHUR E. RHOADES

COMMONWEALTH OF PENNSYLVANIA   )
                                 ) ss:
COUNTY OF ERIE                    )

I, Arthur E. Rhoades, a police officer with the City of Erie, being duly sworn, hereby depose and say of my own personal knowledge:

1. I am a police officer with the City of Erie Police Department and have been employed in that capacity since June 4, 2015.

2. I make this Affidavit in order to authenticate video extracted from my body-worn camera with respect to a traffic stop which resulted in the arrest of Joseph Gregory, occurring on July 25, 2022, at approximately 7:37 PM, at E. 22nd and Wayne Streets in Erie, Pennsylvania, relative to the events set forth in the Complaint of Joseph Gregory in the above-captioned matter.

3. On July 25, 2022, I was in full police uniform and riding in a marked police cruiser with Sergeant James Bielak and Officer Lucas Dehart.

4. On July 25, 2022, we responded as back up to Corporal Dustin Landfried and Officer Terrance Dawdy's traffic stop occurring in the 2200 Block of Wayne Street.

5. After I arrived on scene, I observed the subject of the traffic stop step out of his vehicle after being asked to do so by Corporal Landfried.

EXHIBIT
F

A.78                                            A.78

6. Shortly thereafter, Corporal Landfried then instructed me to arrest the driver, Joseph Gregory.

7. Mr. Gregory attempted to flee the scene on foot before I could place him in handcuffs.

8. Officers Dehart, Dawdy, and I chased the driver and attempted to take him to the ground to prevent further flight from apprehension.

9. Once the driver, identified as Joseph Gregory was taken to the ground, he was placed under arrest.

10. Exhibit C to the Defendants' Motion to Dismiss is video extracted from a body-worn camera that I was wearing on July 25, 2022, which recorded my interaction with Joseph Gregory during the traffic stop, his flight to avoid arrest, and his arrest.

11. I have independently reviewed the body-worn camera video attached as Exhibit C and certify that it is the full recording of my interaction with Joseph Gregory on July 25, 2022, and that it has not been edited or altered in any way, and it represents the information I had which formed the basis of the criminal charge filed against Joseph Gregory.

12. I further certify that:

a. The body-worn camera that I was wearing on July 25, 2022, was capable of recording audio and video with respect to my encounter with Joseph Gregory;

b. I have been trained and am competent to operate the body-worn camera;

c. The recording attached as Exhibit C is authentic, correct and complete;

d. No changes, additions or deletions have been made to this recording;

e. The recording has been preserved in the same manner that it is presented to the Court;

2

A.79                                    A.79

f.   The Plaintiff can be identified as the driver that is arrested as can be seen on

the video; and

g.   The named officers can be identified by their police uniforms and name

badges.

I hereby swear and affirm that the averments set forth above are true and correct to the

best of my information, knowledge and belief.

Arthur Rhoades

Sworn to and subscribed before me

this 24th day of June           , 2024.

NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
KELSEY NOWAKOWSKI - Notary Public
Erie County
My Commission Expires March 29, 2026
Commission Number 1416208

LEGAL/161887434.v1

# EXHIBIT G IS BEING FILED ELECTRONICALLY ONLY

IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH GREGORY,

      Plaintiff

      v.

TERRANCE DAWDY, et al.,

      Defendants

NO. 1:24-cv-12

JURY TRIAL OF 12 DEMANDED

## AFFIDAVIT OF TERRANCE DAWDY

COMMONWEALTH OF PENNSYLVANIA   )
                              ) ss:
COUNTY OF ERIE                   )

I, Terrance Dawdy, a police officer with the City of Erie, being duly sworn, hereby depose and say of my own personal knowledge:

1. I am an Officer with the City of Erie Police Department and have been employed by the City of Erie Police Department since June of 2022. Prior to joining the City of Erie Police Department, I worked for Meadville City Police for three years and the Erie County Sheriff's Office for over one year.

2. I make this Affidavit in order to authenticate video extracted from my body-worn camera with respect to a traffic stop which resulted in the arrest of Joseph Gregory, occurring on July 25, 2022, at approximately 7:37 PM, at E. 22nd and Wayne Streets in Erie, Pennsylvania, relative to the events set forth in the Complaint of Joseph Gregory in the above-captioned matter.

3. On July 25, 2022, I was in full police uniform, including a body worn camera, and riding in a marked police cruiser along with Corporal Landfried, who was training me at that time.

**EXHIBIT**

**H**

tabbies®

**A.82**                                                       **A.82**

4. We observed a black Audi sedan traveling South on Wayne Street with an expired inspection of September, 2021.

5. We turned around at E. 22nd Street and got behind the vehicle with the expired inspection, activated the cruiser's overhead lights and sirens, and conducted a traffic stop.

6. We exited the cruiser and approached the driver. Corporal Landfried approached the driver's side and I approached the passenger's side of the vehicle.

7. The driver identified himself as Defonta Butler and indicated that he did not have his driver's license on him.

8. I informed Corporal Landfried that the driver was not Defonta Bulter, as I knew the real Defonta Butler from my prior encounters with Mr. Butler while working as a police officer for the Meadville Police Department.

9. Based upon his deceitful attempts to avoid identification, the driver was asked to step out of the vehicle.

10. We requested back up to respond to the scene and Sergeant Bielak, Officer Rhoades, and Officer Dehart responded.

11. After Corporal Landfried searched the drivers vehicle, Corporal Landfried instructed Officer Rhoades to take the driver into custody.

12. The driver, who was identified as Joseph Gregory, attempted to flee the scene before he could be placed in handcuffs.

13. Officers Rhoades, Dehart, and I chased Joseph Gregory and took him to the ground within seconds. He was then placed under arrest.

14. Exhibit G to the Defendants' Motion to Dismiss is video extracted from a body-worn camera that I was wearing on July 25, 2022, which recorded my interaction with Joseph Gregory, his flight to avoid arrest, and his arrest.

15. I have independently reviewed the body-worn camera video attached as Exhibit G and certify that it is the full recording of my interaction with Joseph Gregory on July 25, 2022, and that it has not been edited or altered in any way, and it represents the information I had which formed the basis of the criminal charge filed against Joseph Gregory.

16. I further certify that:

a. The body-worn camera that I was wearing on July 25, 2022, was capable of recording audio and video with respect to my encounter with Joseph Gregory;

b. The dash camera from the cruiser was capable of recording video with respect to my encounter with Joseph Gregory;

c. I have been trained and am competent to operate the body-worn camera;

d. The recording attached as Exhibit G is authentic, correct and complete;

e. No changes, additions or deletions have been made to this recording;

f. The recording has been preserved in the same manner that it is presented to the Court;

g. The Plaintiff can be identified as the driver that is arrested as can be seen on the video; and

h. The named officers can be identified by their police uniforms and name badges.

I hereby swear and affirm that the averments set forth above are true and correct to the best of my information, knowledge and belief.

**A.84**                                                                                         **A.84**

Terrance Dawdy

Sworn to and subscribed before me

this 24th day of June , 2024.

NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
KELSEY NOWAKOWSKI - Notary Public
Erie County
My Commission Expires March 29, 2026
Commission Number 1416208

**A.85**                                                                 **A.85**

# EXHIBIT I IS BEING FILED ELECTRONICALLY ONLY

IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH GREGORY,

     Plaintiff

     v.

TERRANCE DAWDY, et al.,

     Defendants

NO. 1:24-cv-12

JURY TRIAL OF 12 DEMANDED

**AFFIDAVIT OF LUCAS S. DEHART**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) |
| | ) ss: |
| COUNTY OF ERIE | ) |

I, Lucas S. Dehart, a police officer with the City of Erie, being duly sworn, hereby depose and say of my own personal knowledge:

1.     I am an Officer with the City of Erie Police Department and have been employed by the City of Erie Police Department since August of 2020. Prior to joining the City of Erie Police Department, I worked for the Erie County Sherriff's Office as a Sheriff's Deputy for approximately two years.

2.     I make this Affidavit in order to authenticate video extracted from my body-worn camera with respect to a traffic stop which resulted in the arrest of Joseph Gregory, occurring on July 25, 2022, at approximately 7:37 PM, at E. 22nd and Wayne Streets in Erie, Pennsylvania, relative to the events set forth in the Complaint of Joseph Gregory in the above-captioned matter.

3.     On July 25, 2022, I was in full police uniform and riding in a marked police cruiser with Sergeant James Bielak and Officer Arthur Rhoades.

4.     On July 25, 2022, we responded as back up to Corporal Dustin Landfried and Officer Terrance Dawdy's traffic stop occurring in the 2200 Block of Wayne Street.

EXHIBIT

tabbies®

J

5. After I arrived on scene, I witnessed the subject of the traffic stop step out of his vehicle after being asked to do so by Corporal Landfried.

6. I subsequently witnessed Corporal Landfried instruct Officer Rhoades to arrest the driver, Mr. Gregory.

7. I witnessed Joseph Gregory attempt to flee the scene before Officer Rhoades could place him in handcuffs.

8. I chased Joseph Gregory, along with Officers Rhoades and Dawdy, and assisted in bringing the driver to the ground and placing him under arrest.

9. In my efforts to take Mr. Gregory into custody, my elbow was scraped on the street, causing injury.

10. Exhibit I to the Defendants' Motion to Dismiss is video extracted from a body-worn camera that I was wearing on July 25, 2022, which recorded my interaction with Joseph Gregory during the traffic stop, his flight to avoid arrest, and his arrest.

11. I have independently reviewed the body-worn camera video attached as Exhibit I and certify that it is the full recording of my interaction with Joseph Gregory on July 25, 2022, and that it has not been edited or altered in any way, and it represents the information I had which formed the basis of the criminal charge filed against Joseph Gregory.

12. I further certify that:

    a. The body-worn camera that I was wearing on July 25, 2022, was capable of recording audio and video with respect to my encounter with Joseph Gregory;

    b. I have been trained and am competent to operate the body-worn camera;

    c. The recording attached as Exhibit I is authentic, correct and complete;

    d. No changes, additions or deletions have been made to this recording;

2

A.88        A.88

e.  The recording has been preserved in the same manner that it is presented to the Court;

f.  The Plaintiff can be identified as the driver that is arrested as can be seen on the video; and

g.  The named officers can be identified by their police uniforms and name badges.

I hereby swear and affirm that the averments set forth above are true and correct to the best of my information, knowledge and belief.

Lucas S. Dehart

Sworn to and subscribed before me

this 25th day of June , 2024.

NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
KELSEY NOWAKOWSKI - Notary Public
Erie County
My Commission Expires March 29, 2026
Commission Number 1416208

LEGAL/161910618.v1

3

A.89                                                                                    A.89

IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH GREGORY,

        Plaintiff

        v.

TERRANCE DAWDY, et al.,

        Defendants

NO. 1:24-cv-12

JURY TRIAL OF 12 DEMANDED

## BRIEF IN SUPPORT OF MOTION TO DISMISS OR ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

AND NOW, come the Defendants, Terrance Dawdy, Lucas S. Dehart, Dustin M. Landfried, and Arthur E. Rhoades, Jr., by and through their counsel, Marshall Dennehey, P.C., Patrick M. Carey, Esquire, and Emily C. Downing, Esquire, and submit the following Brief in Support of Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), or Alternatively Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, averring the following:

### I.    PROCEDURAL HISTORY

Plaintiff commenced this action by filing a Motion for Leave to Proceed in forma pauperis on January 16, 2024. *ECF No. 1.* Plaintiff's Complaint was filed January 24, 2024. *ECF No. 6.*

### II.    STATEMENT OF FACTS

#### A. Allegations and Claims Raised in Complaint

Joseph Peair Gregory ("Plaintiff"), brings this lawsuit against Erie City Police Department Officer Terrance Dawdy, Office Lucas S. Dehart, Corporal Dustin M. Landfried, and Officer Arthur E. Rhoades, Jr., alleging that the aforementioned officers used excessive force during his July 25, 2022 arrest. *See generally, ECF No. 6.* Plaintiff alleges that the named

Erie Police Department officers conducted a traffic stop at 7:36 PM in the 2200 block of Wayne. *Id.* at ¶¶1-5. Plaintiff admits that he attempted to flee from the named police officers, but was "slammed" to the ground by the officer(s). *Id.* at ¶5. Plaintiff alleges that before he was taken to the ground, Officer Rhodes struck Plaintiff in the face with a closed fist, which resulted in his tooth or teeth being knocked out. *Id.* at 6. Plaintiff further alleges that Officer Rhodes can be heard on body camera footage admitting to knocking Plaintiff's tooth out. *Id.* at 7.

### B. Factual Background of Claim As Established Through Indisputably Authentic Records

Pursuant to the aforementioned incident, Plaintiff was charged by Officer Dawdy with Aggravated Assault-Attempts to Cause or Causes Serious Bodily Injury to Designated Individuals (F2), Escape (F3), Resisting Arrest (M2), Possession of a Controlled Substance (M), Possession of Drug Paraphernalia (M), Criminal Mischief (S), Operating a Vehicle Without Valid Inspection (S), and False Identification to Law Enforcement Officers (M3). *See* Exhibit A. Plaintiff's criminal case proceeded to a jury trial, which commenced on April 12, 2023. *Id.* The jury returned a verdict of guilty on all criminal charges on April 13, 2023. *Id.* Plaintiff was sentenced to a cumulative sentence of twenty-four to sixty months of incarceration, followed by one year of probation. *Id.* Plaintiff filed a Notice of Appeal on August 25, 2023, which remains before the Superior Court. *Id.*

Plaintiff's arrest was captured by officer worn body cameras. *Exhibit B,* Corporal Landfried's Body Camera Video entitled "2200_BLK_WAYNE- Cpl Landfried"; *Exhibit C,* Corporal Landfried and Officer Dawdy's Dash Camera Footage "2200_WAYNE_ST-3 Landfried and Dawdy Dash cam, *Exhibit D,* The Affidavit of Corporal Landfried, authenticating Exhibits B and C, his Body Camera Video and Dash Camera Footage; *Exhibit E* Officer Rhoades Body Camera Video entitled "2200_wayne_st-2 – Rhoades"; *Exhibit F,* The Affidavit of Officer

2

**A.91**    **A.91**

Rhoades, authenticating Exhibit E, his Body Camera Video; *Exhibit G*, Officer Dawdy's Body Camera Video entitled, "2200_WAYNE_ST-4- Dawdy"; *Exhibit H*, The Affidavit of Officer Dawdy, authenticating Exhibit G, his Body Camera Video; *Exhibit I*, Officer Dehart's Body Camera Video entitled "2200_WAYNE_ST- Dehart; and *Exhibit J*, The Affidavit of Officer Dehart, authenticating Exhibit I, his Body Camera Video .

## III.   LEGAL ARGUMENT AND ANALYSIS

### A.   12(b)(6) Motion to Dismiss Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d. Cir. 1993). When ruling on a defendant's motion to dismiss, a judge must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Wayne Land & Mineral Grp. LLC v. Delaware River Basin Comm'n*, 894 F.3d 509, 526-27 (3d. Cir. 2018). In order to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to establish plausible allegations. *Id.*, at 644 (citing *Twombly*, 550 U.S. at 555). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.*, at 662, 678 (citing *Twombly*, 550 U.S. at 544, 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, (citing *Twombly*, 550 U.S.

3

**A.92**                                                                                      **A.92**

at 556). Pursuant to *Twombly* and *Iqbal*, a District Court should the following three-step approach when ruling on a defendant's motion to dismiss:

First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d. Cir. 2010)).

### B.     Consideration Of Documents and Other Things Integral to Complaint

In deciding Rule 12 motions, Courts in this circuit may consider documents integral to or explicitly relied upon in the complaint, *In Re: Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)(citations omitted), or any undisputedly authentic documents that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. *PBGC v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). An exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *In Re: Burlington Coat Factory*, 114 F.3d at 1426) (emphasis added).

A Court may take judicial notice of documents filed in other Court proceedings because they are matters of public record. See *Liberty International Underwriters Can. v. Scottsdale Ins. Co.*, 955 F. Supp. 2d 317, 325 (D.N.J. 2013).

In the case at bar, the following exhibits are integral to the claims raised by Plaintiff and should be considered in light of the Defendants' Motion for Summary Judgement.

4

A.93                                                                                                          A.93

Attached to the Motion to Dismiss are the following:

a. Commonwealth Court of Common Pleas Docket 2345-2022 (Exhibit A);

b. Corporal Landfried's Body Camera Video entitled "2200_BLK_WAYNE-Cpl Landfried" (Exhibit B);

c. Corporal Landfried and Officer Dawdy's Dash Camera Footage "2200_WAYNE_ST-3 Landfried and Dawdy Dash cam" (Exhibit C);

d. The Affidavit of Corporal Landfried, authenticating Exhibits B and C, his Body Camera Video and Dash Camera Footage (Exhibit D);

e. Officer Rhoades Body Camera Video entitled "2200_wayne_st-2 – Rhoades" (Exhibit E);

f. The Affidavit of Officer Rhoades, authenticating Exhibit E, his Body Camera Video (Exhibit F);

g. Officer Dawdy's Body Camera Video entitled, "2200_WAYNE_ST-4-Dawdy" (Exhibit G);

h. The Affidavit of Officer Dawdy, authenticating Exhibit G, his Body Camera Video (Exhibit H); and

i. Officer Dehart's Body Camera Video entitled "2200_WAYNE_ST- Dehart" (Exhibit I);

j. The Affidavit of Officer Dehart, authenticating Exhibit I, his Body Camera Video (Exhibit J).

A.94                                                                      A.94

### C. Motion for Summary Judgment

In the alternative, Defendants move for Summary Judgment pursuant to Fed. R. Civ. P. 56 and respectfully request this Honorable Court determine that no genuine issues of material fact exist regarding the use of force by the named officers.

Exhibits B-J, the attached videos and their corresponding affidavits, are the best evidence of what occurred during Plaintiff's arrest on July 25, 2022, and because these videos refute and disprove Plaintiff's allegations, the Court should consider the the videos in deciding this matter. Therefore, it is appropriate for the Court to exercise its discretion and consider the exhibits attached to Defendants' Motion to Dismiss and treat the entirety of Defendants' Motion to Dismiss as a Motion for Summary Judgment under Federal Rule of Civil Procedure 56. *Hyldahl v. Denlinger*, 661 Fed. Appx. 167 (3d Cir. 2016) (citing *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992)); *See also Passmore v. Iannello,* 2013 WL 625409 (W.D. Pa. Feb. 20, 2013) *aff'd by* 528 Fed. Appx. 14 (3d Cir. 2013).

Generally, summary judgment is proper when viewing the evidence in a light most favorable to the non-moving party, and drawing all inferences in favor of that party, there is no genuine dispute over any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *See also United States v. Care Alternatives,* 952 F.3d 89, 95 (3d Cir. 2020). It is well established where the pertinent events are captured on video, courts should not rely merely on the parties' characterizations of the events but rather should view the facts as they are depicted by the video. *Scott v. Harris,* 550 U.S. 372, 380-81 (2007); See also *Passmore,* 2013 WL 625409; *Chaney v. Bednard,* 2020 WL 7864202 (W.D. Pa. Dec. 31, 2020); *Robison v. Testa,* 2021 WL 5770211 (W.D. Pa. Dec. 6, 2021). If "video refutes an inmate's assertion that defendants used excessive force, or when the video shows that an inmate did not suffer any

**A.95**                                                                                                                            **A.95**

physical distress, and a medical report indicates that he had no visible swelling or injuries, we should conclude viewing the evidence in the light most favorable to the inmate that, no reasonable finder of fact could view the video of the incident and determine that defendants acted maliciously and sadistically and may enter summary judgment on an excessive force claim." *Jackson v. Beard,* 2016 WL 3621279, at *6 (M.D. Pa. Marc. 31, 2016)(citing *Tindell v. Beard,* 351 F. App'x 591, 596 (3d Cir. 2009)).

Lastly, "[the] summary judgment process presupposes the existence of an adequate record, [and] courts are obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery[.] However, there is no obligation to grant discovery when the information sought would not have precluded summary judgment." *Hyldahl,* 661 Fed. Appx. at 172 (internal quotations omitted)(citing *Doe v. Abington Friends Sch.,* 480 F.3d 252, 257 (3d Cir. 2007 and *Downling v. City of Philadelphia,* 855 F.2d 136, 139-40 (3d Cir. 1988)).

In the case at bar, the Court should consider the alternative and convert Defendants' Rule 12 Motion to a Rule 56 Motion for Summary Judgment.

### D. Plaintiff Has Failed to Set Forth a Claim or Cause of Action of Excessive Force under the Fourth Amendment

To state a claim for excessive force a plaintiff must show that a seizure occurred and that it was unreasonable. *Kopec v. Tate,* 361 F.3d 772, 776 (3rd Cir. 2004). In *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865 (1989), the defining case on the subject of excessive force, the United States Supreme Court held that "*all* claims that law officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard…" *Graham,* 490 U.S. at 395.

7

A.96                                                                                                    A.96

The analysis of reasonableness under the Fourth Amendment requires a "careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham,* 490 U.S. at 396. Although the test of reasonableness under the Fourth Amendment "is not capable of precise definition or mechanical applications," *Bell v. Wolfish,* 441 U.S. 520, 559 (1979), "its proper application requires careful attention to the facts and circumstances of each particular case." *Graham,* 490 U.S. at 396-97. The test of reasonableness under the Fourth Amendment is whether under the totality of the circumstances, the officer's actions are "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivations." *Graham,* 490 U.S. at 396. *See also Kopec,* 361 F.3d at 776. Therefore, "an officer's good faith is irrelevant and any bad faith motivation on his part is immaterial." *Kopec,* 361 F.3d at 776, citing *Estate of Smith v. Marasco,* 318 F.3d 497, 515 (3rd Cir. 2003). Determining whether the force used to effectuate an arrest is "reasonable" requires balancing "'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham,* 490 U.S. at 396 (*quoting United States v. Place,* 462 U.S. 696, 703 (1983)).

"Not every push or shove even if it may later seem unnecessary in the peace of the judge's chambers violates the Fourth Amendment." *Johnson v. Glick,* 481 F.2d 1028, 1033 (1973). In considering the reasonableness of a law enforcement officer's use of force, courts are to contemplate the specific facts and circumstances of the case, which include the severity of the underlying offense, the threat to the safety of the officers or others posed by the suspect in question, and whether that suspect is actively resisting arrest. *Graham,* 490 U.S. at 396. *See also Kopec,* 361 F.3d at 776-77. Any reasonableness determination conducted by the Court is to

A.97      A.97

occur from the perspective of a reasonable officer at the scene, and without the benefit of hindsight. *Graham*, 490 U.S. at 396. Additionally, determinations of whether a police officer's actions are reasonable must take into account that split-second decisions are required by law enforcement personnel in circumstances that are "tense, uncertain, and rapidly evolving." *Id.* at 397.

> Methods employed by law enforcement that may seem extreme with the benefit of hindsight are not *per se* constitutional violations, even if they caused discomfort to a plaintiff. See *Graham*, 490 U.S. at 396; *Sharrar v. Felsing*, 128 F.3d 810, 821 (3rd Cir. 1997).

*Wargo v. Municipality of Monroeville*, 646 F. Supp. 2d 777, 784-785 (W.D. Pa. 2009).

In the case at bar, Defendants take the position that the named Defendants' body camera videos and dash camera video refute Plaintiff's excessive force claim against the named Defendants. Specifically, the videos establish that Plaintiff had been detained for investigative purposes and the moment Officer Rhoades attempted to place Plaintiff under arrest, Plaintiff attempted to flee on foot. At that time, there was probable cause to arrest Plaintiff for providing false identification to law enforcement and due to his admission of possessing marijuana in his vehicle without a medical card.

The body camera videos show that five officers were present at the scene and three officers chased Plaintiff in an attempt to apprehend him. Those officer included Rhoades, Dehart, and Dawdy. Plaintiff made the unwise decision to resist arrest and flee the scene where several police officers were present. Plaintiff was within arms reach of the officers and was confined to a narrow street with several parked cars when he made the decision to run. His capture was inevitable and with several individuals sprinting down a paved street after a fleeing arrestee, injuries are also inevitable. The chase lasted a matter of less than ten seconds and unfortunately, Plaintiff was injured during those few short seconds. Officer Rhoades made a

9

split second decision to attempt to take Plaintiff to the ground. In that attempt, Officer Rhoades may have struck Plaintiff. Officer Rhoades' one strike, if any, made with the intent to take Plaintiff to the ground, does not equate to the use of excessive force and Officers Dehart and Dawdy's use of force to take Plaintiff to the ground cannot be found to be excessive.

Aside from the one strike potentially causing injury to Plaintiff, the videos show that Plaintiff might have injured himself while fleeing from the police. While running in a full sprint, Plaintiff ran into the side of a red vehicle parked on the left side of the road. It is unclear what this caused his tooth to be knocked out: running into the car, being struck by an officer, or being taken to the ground. Once on the ground, Plaintiff was told to stop resisting and was told that if he continued to resist, he would be tased. Plaintiff was not tased and once he was taken to the ground and placed in handcuffs, the named officers used no further force against him to effectuate his arrest, as force was no longer necessary. Once Plaintiff was placed in handcuffs, he was told that he was under arrest for providing false identification to law enforcement. Review of the several attached body camera videos confirms that Plaintiff was provided medical care after his arrest.

Notably, Plaintiff has failed to show Corporal Landfried's personal involvement during the alleged use of excessive force. A review of Exhibit C, shows that when Plaintiff took off on foot, Corporal Landfried was actively searching Plaintiff's vehicle. Corporal Landfried did not take part in chasing, tackling, or alleged striking of Plaintiff. Plaintiff has named Corporal Landfried merely because he was present at the scene and took part in the investigation that led to Plaintiff's arrest. His role in the investigation is insufficient to wrap Corporal Landfried into Plaintiff's use of force claim and therefore, all claims against Corporal Landfried should be dismissed.

10

A.99                                                                                                          A.99

Plaintiff was not the only individual injured during his flight from law enforcement. Officer Dehart's elbow was scraped while taking Plaintiff to the ground, and Plaintiff was ultimately convicted by a jury of multiple charges specifically related to his attempt to evade arrest including Aggravated Assault – Attempts to Cause or Causes Serious Bodily Injury to Designated Individuals, escape, and resisting arrest, amongst other charges.

No reasonable fact finder could conclude that Officer Rhoades, Officer Dehart, or Officer Dawdy used excessive force during their attempt to apprehend Plaintiff. Further Plaintiff has failed to show that Corporal Landfried was personally involved in the alleged use of excessive force. Overall, the videos reveal that the force used by the named officers was measured and necessary to effectuate Plaintiff's arrest and the allegations of excessive force against the named officer should be dismissed.

### E.     The Named Defendants are Entitled to Qualified Immunity

Qualified Immunity is an affirmative defense for government officials subject to §1983 actions which operates to shield government officials from liability for civil damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808 (2009); see also *Behrens v. Pelletier*, 516 U.S. 299 (1996). Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting) (citing *Butz v. Economou*, 438 U.S. 478, 507 (1978) (noting that

11

A.100                                                                                                    A.100

qualified immunity covers "mere mistakes in judgment, whether the mistake is one of fact or one of law").

In other words, an officer is not entitled to qualified immunity if 'at the time of the challenged conduct, the contours of the right were sufficiently clear that every reasonable official would have understood that what he was doing violates that right.' *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S.Ct. 2074, 179 L. Ed. 2d 1149 (2011). 'We do not require a case directly on point, but existing precedent must have placed a statutory or Constitutional question beyond debate.' *Id.* 'The dispositive question is whether the violative nature of particular conduct is clearly established. This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition.' *Mullenix v. Luna,* 136 S.Ct. 305, 308 (2015) (citation and internal quotation marks omitted).

The Supreme Court has explained that a plaintiff may satisfy this standard by "identifying a case where an officer acting under similar circumstances as [the defendant officer] was held to have violated the [constitutional provision at issue]." *White v Pauly*, 137 S.Ct. 548, 552 (2017).

"The Supreme Court has 'repeatedly...stressed the importance of resolving immunity questions at the earliest stage in litigation.'" *Pearson v. Callahan*, 555 U.S. 223, 231-232 (2009).

> Because qualified immunity is "an immunity from suit rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis deleted). Indeed, we have made clear that the "driving force" behind creation of the qualified immunity doctrine was a desire to ensure that "'insubstantial claims' against government officials [will] be resolved prior to discovery." *Anderson v. Creighton*, 483 U.S. 635, 640, n. 2 (1987). Accordingly, "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in

12

litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam).

*Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (emphasis added).

Qualified immunity provides "government officials breathing room to make reasonable but mistaken judgments," and "protects all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. at 743. Whether a government official is shielded by qualified immunity requires a reviewing court to look to the objective legal reasonableness of the officials' actions alleged to have violated the plaintiff's rights. *Vega v. Ripley*, 2013 U.S. Dist. LEXIS 191975, at *15 (M.D. Pa. May 15, 2013) *citing Orsatti v. New Jersey State Police*, 71 F.3d at 483.

A two-step process has been established by the Court when analyzing the qualified immunity defense. The first step includes the court viewing the facts, taken in the light most favorable to plaintiff, to determine whether the facts show a constitutional violation. If the court finds a constitutional violation, then the second step is to determine whether the constitutional right at issue was clearly established at the time of the alleged violation. *Saucier v Katz*, 533 U.S. 194, 121 S.Ct. 2151 (2001). The courts have gone further by explaining that a right is "clearly established" if a reasonable officer would understand that his actions would violate such right. *Id.* Subsequent decisions by the Supreme Court removed the two-step requirement and held that if either step is fulfilled, qualified immunity applies.

An officer is entitled to qualified immunity if it was objectively reasonable for him to believe that his actions did not violate clearly established constitutional rights. *Saucier*, 533 U.S. at 202. (If the officer's mistake as to what the law requires is reasonable, the officer is entitled to the immunity defense.) The Court's qualified immunity analysis therefore "looks to the

13

reasonableness of an officer's belief that he acted lawfully after the officer is found to have been unreasonable in his conduct." *Stephenson v Doe*, 332 F.3d 68, 80 (3d Cir. 2003).

Qualified immunity is a question to be decided by the Courts and not the jury. *Curley v Klem*, 499 F.3d 199, 209 (3d Cir. 2007); citations omitted.

Officer Rhoades, Dehart, and Dawdy's actions in apprehending Plaintiff were objectively reasonable and any similarly situated, reasonable officer would not believe that their actions violated Plaintiff's constitutional rights. Plaintiff's attempt to avoid arrest was an apparent safety concern for the named officers and the general public. Plaintiff's apprehension was necessary. Any reasonable officer would have made it their priority to take Plaintiff to the ground and place him under arrest. Therefore, the named Defendants are entitled to qualified immunity for their conduct while apprehending Plaintiff.

**F.        Plaintiff's Claims are Barred by the *Younger Abstention Doctrine***

To the extent that Plaintiff raises a claim for false arrest, false imprisonment, or malicious prosecution, said claims are barred by the Younger Abstention Doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court promulgated a strong federal policy of non interference with pending state judicial proceedings. Although the rule initially only applied to criminal proceedings, the United States Supreme Court has since expanded the doctrine to include any ongoing civil or administrative proceedings that implicate important state interests. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987). The policy is firmly grounded in principles of equity and federal-state comity and demands that:

> Except in careful circumscribed situations, the federal courts
> should not disrupt an ongoing state judicial process, either by
> preempting the adjudication of claims that could be brought to the
> state forum, by directing the state court to stay its proceedings, or
> by directly interfering in other ways with the natural course of state
> adjudication.

14

**A.103**                                                                                                 **A.103**

*In re: Grand Jury Proceedings*, 654 F.2d 268, 279 (3rd Cir. 1981).

Younger Abstention is appropriate when the following requirements are met:

(1)     There is a pending state judicial proceeding;

(2)     The proceeding implicates important state interests; and

(3)     The state proceeding affords an adequate opportunity to raise constitutional

challenges.

*Zahl v. Harper*, 282 F.3d 204 (3rd Cir. 2002); *Middlesex County Ethics Comm'n v. Garden State*

*Bar Ass'n*, 457 U.S. 423, 432 (1982).

In the current matter, Plaintiff's appeal of his conviction remains pending before the

Superior Court at Docket 998 WDA 2022. Therefore, the claims raised by Plaintiff in the instant

action are barred by the Younger Abstention Doctrine and must be dismissed.

### G.     False Arrest, False Imprisonment, and Malicious Prosecution

To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish:

(1) there was an arrest; and (2) the arrest was made without probable cause. *James v. City of*

*Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). A claim for false imprisonment overlaps with a

claim for false arrest but they are not synonymous. *Wallace v. Kato*, 549 U.S. 384 (2007); see

also *Adams v. Officer Eric Selhorst*, 449 Fed. App'x. 198, 201 (3rd Cir. 2011). Therefore,

"Where an officer lacks probable cause to make an arrest, there can be a Fourth Amendment

claim for false imprisonment based upon the detention pursuant to the arrest." *Groman v.*

*Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995).

A claim for malicious prosecution requires a showing that: (1) the defendant initiated

criminal proceedings; (2) the criminal proceedings ended in the plaintiff's favor; (3) the

proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a

15

**A.104**                                                                      **A.104**

purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Dibella v. Borough of Beechwood*, 407 F.3d 599, 601 (3d Cir. 2005).

To the extent that Plaintiff has raised a claim for false arrest, false imprisonment or malicious prosecution, such claims should be dismissed because Plaintiff has failed to show that probable cause did not exist. Further, since Plaintiff was convicted by a jury of all criminal charges, the issue of the existence of probable cause has been rendered moot.

### H. Plaintiff is Not Entitled to Punitive Damages

In *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 , 271, 101 S.Ct. 2748 (1981), the Supreme Court held that punitive damages are never available against a municipality under 42 U.S.C. §1983. Likewise, any claim for punitive damages against an officer in his official capacity is also barred. *Hill v. Borough of Swarthmore T/A/D/B and/or Swarthmore Police Department*, 4 F.Supp. 2d 395 (1998). In addition, punitive damages against an individual party under §1983 may only be awarded where the defendant exhibits a "reckless or callous indifference" to a plaintiff's civil rights. *Coleman v. Kaye*, 87 F.3d 1491, 1509 (3rd Cir. 1996). In this matter, Plaintiff has not set forth any facts which would entitle him to an award of punitive damages against the named Defendants.

### I. Amendment to Plaintiff's Complaint would be Futile

The United States Court of Appeals for the Third Circuit has instructed that a District Court must permit a curative amendment to a Complaint which is vulnerable to dismissal under Federal Rule of Civil Procedure 12(b)(6) "unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). An amendment is deemed to be futile if the Amended Complaint cannot withstand a renewed Motion to Dismiss. *Shane v.*

16

*Fauver,* 213 F.3d 113, 116 (3d Cir. 2000). In the instant matter, further amendment to Plaintiff's complaint would be futile and therefore should not be not permitted.

## IV.    CONCLUSION

For the reasons set forth herein, and based upon the attached exhibits and legal authority citied herein, the Defendants, Terrance Dawdy, Lucas S. Dehart, Dustin M. Landfried, and Arthur E. Rhoades, Jr., respectfully request an Order from this Honorable Court granting their Motion to Dismiss, or alternative Motion for Summary Judgment, in its entirety and dismissing Plaintiff's claims against them with prejudice.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

By _____

**Patrick M. Carey, Esquire**
PA ID # 50171
**Emily C. Downing, Esquire**
PA ID #322988
717 State Street, Suite 701
Erie, PA  16501
(814) 480-7800
pmcarey@mdwcg.com
ecdowning@mdwcg.com

LEGAL/161671959.v1

17

A.107

# IN THE UNITED STATES COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH GREGORY,

    Plaintiff

    v.

TERRANCE DAWDY, et al.,

    Defendants

NO. 1:24-cv-12

JURY TRIAL OF 12 DEMANDED

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Brief in Support of Motion to Dismiss was duly served on all counsel of record and unrepresented parties on the 3rd day of July, 2024, electronically, courthouse box or by mailing same to them at their designated offices by first class United States mail, postage prepaid.

    Smart Communications/PA DOC
    Joseph Gregory, #NL0318
    SCI-Forest
    P.O. Box 33028
    St. Petersburg, FL 33733

MARSHALL DENNEHEY, P.C.

By _____
    Patrick M. Carey

A.107

# IN THE UNITED STATES COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH GREGORY,

      Plaintiff

      v.

TERRANCE DAWDY, et al.,

      Defendants

NO.  1:24-cv-12

JURY TRIAL OF 12 DEMANDED

### CONCISE STATEMENT OF MATERIAL FACTS[1]

AND NOW, come the Defendants, Terrance Dawdy, Lucas S. Dehart, Dustin M. Landfried, and Arthur E. Rhoades, Jr., by and through their counsel, Marshall Dennehey, P.C., Patrick M. Carey, Esquire, and Emily C. Downing, Esquire, and submit the following Concise Statement of Material Facts, averring the following:

1. On July 25, 2022, at approximately 7:37 PM, Joseph Gregory was driving a black Audi with an expired registration in the area of E. 22nd and Wayne Streets in Erie, Pennsylvania.

2. Corporal Landfried and Officer Dawdy were riding together that evening in a marked City of Erie Police Department cruiser and were dressed in full police uniform including body-worn cameras.

3. Landfried and Dawdy conducted a traffic stop on the black Audi due to the expired registration.

4. In response to Landfried and Dawdy's request for back up, Sergeant Bielak, Officer Rhoades, and Officer Dehart arrived to the scene.

---

[1] The Factual Allegations stated in paragraphs 1-25 are supported by the body camera and dash camera videos, Exhibits B-J, attached to Defendants' Motion to Dismiss.

5. Landfried and Dawdy approached the stopped vehicle and asked the driver to identify himself.

6. The driver identified himself as "Defonta Butler."

7. The driver was unable to provide a driver's license, the last four digits of his social security number, and the date of birth he provided did not match the age he provided to the officers.

8. Officer Dawdy was aware that the driver (Plaintiff) was not Defonta Butler because Dawdy was familiar with Defonta Butler from prior experience with Mr. Butler while working as a police officer in the City of Meadville.

9. Officer Dawdy relayed the information regarding the driver's false identity to Corporal Landfried.

10. Corporal Landfried asked the driver to step out of the vehicle for further investigation.

11. Corporal Landfried asked if anything illegal was in the vehicle, to which the driver admitted to possessing marijuana within the vehicle.

12. Corporal Landfried requested consent from the driver to search his vehicle, which was granted by the driver.

13. During Corporal Landfried's search of the vehicle, he found a photo driver's license issued to Joseph Gregory, in the center console of the vehicle, next to marijuana.

14. At that time, Corporal Landfried asked Officer Rhoades to place the driver, Joseph Gregory, in handcuffs, due to his confirmation that Joseph Gregory had provided false information regarding his identity and due to the marijuana in the vehicle.

2

A.109     A.109

15.     When Officer Rhoades attempted to arrest Joseph Gregory he broke out into a full sprint and ran away from the group of police officers that had responded to the scene.

16.     Officer Rhoades, Dehart, and Dawdy chased after Joseph Gregory.

17.     Joseph Gregory, while in a full sprint, ran into the side of a red vehicle that was parked on the left side of the street.

18.     Joseph Gregory was taken to the ground and placed into handcuffs within seconds.

19.     Prior to being taken down to the ground, Officer Rhoades may have struck Joseph Gregory in the face one time.

20.     Officer Rhoades admitted to striking Joseph Gregory when he was accused of that by Plaintiff.

21.     Joseph Gregory actively resisted arrest.

22.     Officers warned Joseph Gregory, he would be tased if he did not stop resisting while the officers attempted to place him in handcuffs.

22.     A Taser was not deployed and no further use of force was required of the officers to place Joseph Gregory under arrest.

22.     Joseph Gregory lost a tooth as a result of his flight from the named officers.

23.     It is unclear what caused Plaintiff's injury: (1) his contact with the parked vehicle while sprinting away from the officers, (2) his takedown by the officers, or (3) the alleged strike from Officer Rhoades.

24.     Officer Dehart's elbow was scraped during the attempt to take Plaintiff to the ground.

3

A.110
A.110

25. Joseph Gregory was taken to the hospital by Erie City Police officers to be examined by medical professionals.

26. Joseph Gregory was charged with Aggravated Assault-Attempts to Cause or Causes SBI to Designated Individuals (F2), Escape (F3), Resisting Arrest (M2), Possession of a Controlled Substance (M), Possession of Drug Paraphernalia (M), Criminal Mischief (S), Operating a Vehicle Without Valid Inspection (S), and False Identification to Law Enforcement Officers (M3), as a result of the aforementioned interaction with Erie City Police on July 25, 2022. *Exhibit A.*

27. Joseph Gregory was convicted by a jury of all criminal charges on April 13, 2023. *Id.*

28. An appeal of Joseph Gregory's conviction is before the Superior Court at Docket No. 998 WDA 2022. *Id.*

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

By _____
**Patrick M. Carey, Esquire**
PA ID No. 50171
**Emily C. Downing, Esquire**
PA ID No. 322988
717 State Street, Suite 701
Erie, PA 16501
(814) 480-7800

LEGAL/161912237.v1

4

A.111      A.111

# IN THE UNITED STATES COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH GREGORY,

    Plaintiff

    v.

TERRANCE DAWDY, et al.,

    Defendants

NO.  1:24-cv-12

JURY TRIAL OF 12 DEMANDED

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within Concise Statement of Material Facts was served on the following listed below this _3rd_ day of July, 2024, by electronic filing, courthouse box or United States First Class mail, postage pre-paid.

Smart Communications/PA DOC
Joseph Gregory, #NL0318
SCI-Forest
P.O. Box 33028
St. Petersburg, FL  33733

MARSHALL DENNEHEY, P.C.

By: _____
    Patrick M. Carey, Esquire



SEP 3 0 2024

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
### for the
_____ District of _____

_____ Division

CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

Case No. 1:24-cv-12
_____
*(to be filled in by the Clerk's Office)*

____Joesph Gregory____
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

Officer Awthur Rhoades Jr. ; Terrance Dawdy;
Lucas Dehert; Dustin Landfried; Erie County Police
Dept.,
_____
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*



SEP 30 2024

CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

A.113                                                                 A.113

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                          Joseph Gregory # NL0318

All other names by which
you have been known:

ID Number                     NL03.18

Current Institution           SCI Forest

Address                       P.O. Box 945

                              Marienville         PA        16239
                              *City*              *State*    *Zip Code*

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
    Name                          PHM. Terrance Brody
    Job or Title *(if known)*     Police officer
    Shield Number                 1519
    Employer                      City of Erie Police Department
    Address                       626 State Street
                                  Erie            PA        16501
                                  *City*          *State*    *Zip Code*
                                  ☐ Individual capacity    ☑ Official capacity

Defendant No. 2
    Name                          Officer Lucas.S. Dehart
    Job or Title *(if known)*     Police officer
    Shield Number
    Employer                      City of Erie Police Department
    Address                       626 State Street
                                  Erie            PA        16501
                                  *City*          *State*    *Zip Code*
                                  ☐ Individual capacity    ☑ Official capacity

A.114                                                                    A.114

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name     Officer Dustin M. Landsied

Job or Title *(if known)*     Police officer

Shield Number

Employer     City of Erie Police Department

Address     626 State street

    Erie     PA     16501

          *City*        *State*       *Zip Code*

☐ Individual capacity    ☑ Official capacity

Defendant No. 4

Name     Officer Arthur E. Rhoades Jr.

Job or Title *(if known)*     Police officer

Shield Number

Employer     City of Erie police Department

Address     626 State street

    Erie     PA     16501

          *City*        *State*       *Zip Code*

☐ Individual capacity    ☑ Official capacity

**II.**    **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Civil Rights violations, Fourteenth Amendment U.S. Const.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

CONTINUATION FROM PAGE 4 OF 10

<u>IV. STATEMENT OF CLAIMS ADDED</u>

1. Erie police officer Authur E. Rhodes Jr. assaulted the plaintiff Joesph Gregory during an arrest on July 25, 2022.

2. The arrest took place at 2200 block of wayne on July 25, 2022.

3. The arrest took place during a Traffic stop at 7: 36 PM on July 25 , 2022.

4. The plaintiff pulled his vehicle over after police stop him on 2200 block of wayne.

5. One of the defendants named herein Officer Terrance M. Dawdy, Officer Lucas S. Dehart , and Officer Dustin M. Landfried slammed the Plaintiff to the ground after the Plaintiff attempted to run.

6. Before the slam by one of the above mentioned officers The defendant Authur E. Rhoades Jr., struck the Plaintiff with a closed fist which resulted in Physical Damage to his mouth knocking his teeth out, Which officer Rhoades admitted to in his arrest report filed July 25, 2022.

7. Defendant Authur E. Rhoades , is heard on his body cam footage dated July 25, 2022 stating: YOU ARE FUCKING RIGHT I KNOCKED YOUR TOOTH OUT.

8. The plaintiff request that this court Subpeona the hospital records of plaintiff's physical damages which was attended to (19 hours) after his arrest dated July 26, 2022 from saint vicent hospital in Erie.

9. The plaintiff request that this court Subpeona all defendants BODY CAM FOOTAGE dated July

A.116           A.116

25, 2022 between 7:30 PM and 8 : 03 PM of the total arresting process.

A.117

A.117

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

(D) Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Violated civil rights, causing Physical harm during arrest § 240 § 241

### III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [✓] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

### IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

I was being arrest after a Traffic Stop in Erie County PA on July 25, 2022

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

Page 4 of 11

A.118                                                                                      A.118

C.       What date and approximate time did the events giving rise to your claim(s) occur?

<u>July 25, 2022      Around   7:00 PM</u>

D.       What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

I was slammed to the Ground and my tooth was knocked out by being struck by an officer with a closed fist.

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I have one tooth missing and serve head aches from being slammed on the ground.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Punitive damages

A.119                 A.119

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes

☑ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____ N/A _____

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☑ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☑ No

E.  If you did file a grievance:

1.  Where did you file the grievance?

_____N/A_____

2.  What did you claim in your grievance?

_____N/A_____

3.  What was the result, if any?

_____N/A_____

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

_____N/A_____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:

_____ N/A _____

2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_____ N/A _____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____ N/A _____

(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ /Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____

A.122                                                                                       A.122

A.      Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

    ☐ Yes

    ☒ No

B.      If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

    1.    Parties to the previous lawsuit

         Plaintiff(s)   _____

         Defendant(s)  _____

    2.    Court *(if federal court, name the district; if state court, name the county and State)*

        _____

    3.    Docket or index number

        _____

    4.    Name of Judge assigned to your case

        _____

    5.    Approximate date of filing lawsuit

        _____

    6.    Is the case still pending?

        ☐ Yes

        ☐ No

         If no, give the approximate date of disposition.  _____

    7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

        _____

C.      Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

A.123                  A.123

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☒ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.    Docket or index number

_____

4.    Name of Judge assigned to your case

_____

5.    Approximate date of filing lawsuit

_____

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

Page 10 of 11

A.124

A.124

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**IX. Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.    For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     9-18-23

| | |
|---|---|
| Signature of Plaintiff | _Joesph P Gregory_ |
| Printed Name of Plaintiff | Joesph Gregory |
| Prison Identification # | NL 0318 |
| Prison Address | SCI Forest  P.O. Box 945 |
| | Marienville        PA      16239 |
| | City                  State    Zip Code |

**B.    For Attorneys**

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

_____ City _____ State _____ Zip Code

Telephone Number

E-mail Address

A.125          A.125

In The United States District Court

For The Western District of Pennsylvania

Joseph Gregory,

             Plaintiff           NO: 1:24-CV-0012-SPB-RAL

      V.

Terrance Dowdy, et al.,

           Defendants

FILED

OCT 2 8 2024

CLERK OF COURT OF WESTERN DISTRICT
OF PENNSYLVANIA

Concise Statement of Material Facts

And now, come the plaintiff, Joseph Gregory pro se petitioner, and submit the following concise statement of material facts, averring the following:

1.) On July 25, 2022, at approximately 7:36 pm, the plaintiff was pulled over for a traffic infraction, which took place in the area of E. 22nd and Wayne Street in Erie, Pennsylvania.

2.) At the time of the traffic stop there were a variety of different law enforcement officials including probation/parole.

3.) During the investigation of the traffic stop, the plaintiff attempted to run, which resulted in the plaintiff getting thrown into a parked car and struck a couple times by closed fist

A.126

4.) As the plaintiff was pinned against the parked car by the arresting officers, the plaintiff was struck in the face with a closed fist by officer Rhoads Whice resulted in the plaintiff lost of his tooth.

5.) After the plaintiff tooth is knocked out, an officer grabs the plaintiff from behind and picks him up off of his feet and body slam's the plaintiff to the ground A number of officers are quickly on top of the plaintiff.

6.) After the plaintiff was handcuffed, the plaintiff states that the officer knocked his tooth out and officer Rhoads States, your fucking right I did.

7.) Once off of the ground, the plaintiff was placed infront of a police car, where his mouth was looked at and his tooth was confirmed to be knocked out.

8.) The plaintiff was then placed in the back of a police car, shortly after... an officer asked a parole agent did they want to take the plaintiff because the plaintiff was currently on state parole/under state parole supervision.

A.127        A.127

9) The parole agent replied to the officer by asking the officer, isnt his tooth knocked out, and then the officer open's the police car door and asked the plaintiff to open his mouth to confirm the knocked out tooth.

10.) The officer states yes his tooth is knocked out and the said, we are going to take him to the station and charge him.

11.) An officer asked a nother officer if they should take the plaintiff to the hospital due to the plaintiff injuries and the officer replied no were going to take him to the police station.

12.) Once the plaintiff got to the station for booking, the plaintiff was asked by the booking officer if he had any injuries which the plaintiff stated that his tooth has been knocked out and that he has back and shoulder pain.

13) The plaintiff did not recieve any medical attention after the incident.

A.128                                    A.128

14) The plaintiff was transported to the Erie county prison around 2:00pm the following day.

15.) Once the plaintiff arrived at the erie county prison, the booking officer's asked the plaintiff if he had any injuries in which the plaintiff replied that his tooth had been knocked out and that he has back and shoulder pain.

16.) The county jail booking officer told the transporting officers that they can not accept the plaintiff in the Erie county prison unless he recieved medical attention.

17.) The plaintiff, booking officer and the Erie police officer had to sign a form stating that the plaintiff needs medical attention before brought back to the prison.

18.) At that point it has been 19 hour's since the Plaintiff have not recieved medical attention due to him being assaulted by the officers. The plaintiff was in extream pain.

19.) The transporting officer's begins to transport plaintiff to saint vencent hospital after they attempt to contact parole to take the plaintiff

A.129 A.129

20.) Plaintiff was taken to the Saint Vincent hospital in Erie PA for XRay.

21.) The hospital confirmed the knocked out tooth injury along with other injuries such as cuts and bruises to the Plaintiff shoulder, back and elbow

22.) While waiting for medical release forms by the doctor, the arresting officers releaves the transporting officer's for shift change.

23.) Once the doctor comes into the room, the doctor asked the Plaintiff if he wants to mark the incident down as an assault, the Plaintiff said yes.

24.) The arresting officer told the doctor no because it was not an assault and we told him why that happened

25.) The Plaintiff was transported back to the Erie county prison and later recieved surgery on his mouth to get the rest of the enternal tooth pulled out of his mouth.

A.130                    A.130

Respectfully Submitted

Date: 10-22-24

(Petitioner) _Joseph P Strzyz_

SCI Forest

P.O. Box 945

CC: File

Marienville, PA 16239.

A.131                                                                    A.131

IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH GREGORY,

      Plaintiff

      v.

TERRANCE DAWDY, et al.,

      Defendants

NO. 1:24-cv-12

JURY TRIAL OF 12 DEMANDED

## DEFENDANTS' RESPONSE TO PLAINTIFF'S CONCISE STATEMENT OF MATERIAL FACTS

AND NOW, come the Defendants, Terrance Dawdy, Lucas S. Dehart, Dustin M. Landfried, and Arthur E. Rhoades, Jr., by and through their attorneys, and submit the following Response to Plaintiff's Concise Statement of Material Facts [*ECF 40*] stating as follows.

1.     Admitted.

2.     Admitted.

3.     Admitted in part and denied in part. The Responding Defendants admit that during their investigation arising from the traffic stop of the Plaintiff, Mr. Gregory attempted to flee the scene and was chased by a number of the Defendant officers. Defendants deny that Mr. Gregory was "thrown into a parked car and struck a couple of times by closed fist." Rather, as stated in the Defendants' Concise Statement of Material Facts [*ECF 26*], Mr. Gregory ran into the side of a red vehicle that was parked on the left side of the street as he fled from the Defendant officers. Further, Defendant Rhoades "may have" struck Mr. Gregory in the face one time. *See ECF 26, ¶17 and 19.*

4.     Denied. As stated in response to the preceding paragraph, Mr. Gregory attempted to flee from officers and was chased by the Defendants. During that chase, Mr. Gregory ran into

the side of a parked car. Additionally, during the chase, Officer Rhoades "may have" struck the Plaintiff in the face once. Defendants do not know what caused the Plaintiff to lose one of his teeth. [*ECF 26, ¶17, 19, 20, 23* ]

5. Denied. The body camera and dash camera videos submitted by the Defendants in support of their Rule 12 Motion to Dismiss do not support this allegation. Specifically, Defendants deny that Mr. Gregory was picked up off his feet and body slammed to the ground. (*See Exhibits B, C, E, G and I which are the body camera and dash camera videos submitted by the Defendants in support of their Motion to Dismiss.*)

6. Admitted.

7. Admitted to the extent this is consistent with the body camera and dash camera videos referenced in the preceding paragraphs.

8. Defendants lack sufficient knowledge or information to admit or deny this Concise Statement of Material Fact and therefore it is denied. By way of further answer, Defendants deny that the statement set forth in paragraph 8 of the Plaintiff's Concise Statement of Material Facts is actually a fact that is material to the issues raised in the instant matter.

9. Defendants lack sufficient knowledge or information to admit or deny this Concise Statement of Material Fact and therefore it is denied. By way of further answer, Defendants deny that the statement set forth in paragraph 9 of the Plaintiff's Concise Statement of Material Facts is actually a fact that is material to the issues raised in the instant matter.

10. Defendants lack sufficient knowledge or information to admit or deny this Concise Statement of Material Fact and therefore it is denied. By way of further answer, Defendants deny that the statement set forth in paragraph 10 of the Plaintiff's Concise Statement of Material Facts is actually a fact that is material to the issues raised in the instant matter.

2

A.133          A.133

11. Defendants lack sufficient knowledge or information to admit or deny this Concise Statement of Material Fact and therefore it is denied. By way of further answer, Defendants deny that the statement set forth in paragraph 11 of the Plaintiff's Concise Statement of Material Facts is actually a fact that is material to the issues raised in the instant matter. By way of further response, as is stated in paragraph 25 of the Defendants' Concise Statement of Material Facts [*ECF 26*], Mr. Gregory was taken to the hospital by Erie Police officers after his arrest.

12. Defendants lack sufficient knowledge or information to admit or deny this Concise Statement of Material Fact and therefore it is denied. By way of further answer, Defendants deny that the statement set forth in paragraph 12 of the Plaintiff's Concise Statement of Material Facts is actually a fact that is material to the issues raised in the instant matter. By way of further response, as is stated in paragraph 25 of the Defendants' Concise Statement of Material Facts [*ECF 26*], Mr. Gregory was taken to the hospital by Erie Police officers after his arrest.

13. Denied. By way of further answer, the only claim raised by the Plaintiff in his civil rights complaint is a claim of excessive force. Mr. Gregory does not raise a claim of denial of medical treatment against the Defendant officers. Therefore, this statement is not material to the issues raised in the instant litigation.

14. Responding Defendants lack sufficient knowledge or information to admit or deny the statements in paragraph 14 of the Plaintiff's Concise Statement of Material Facts and therefore they are deemed denied. By way of further answer, Defendants deny that the statements in paragraph 14 of the Plaintiff's Concise Statement set forth material facts to the

3

A.134                                                                                    A.134

issues raised in the instant litigation. Further, Plaintiff has failed to establish that the Defendant officers had any personal involvement in the allegations set forth in this paragraph.

15. Responding Defendants lack sufficient knowledge or information to admit or deny the statements in paragraph 15 of the Plaintiff's Concise Statement of Material Facts and therefore they are deemed denied. By way of further answer, Defendants deny that the statements in paragraph 15 of the Plaintiff's Concise Statement set forth material facts to the issues raised in the instant litigation. Further, Plaintiff has failed to establish that the Defendant officers had any personal involvement in the allegations set forth in this paragraph.

16. Responding Defendants lack sufficient knowledge or information to admit or deny the statements in paragraph 16 of the Plaintiff's Concise Statement of Material Facts and therefore they are deemed denied. By way of further answer, Defendants deny that the statements in paragraph 16 of the Plaintiff's Concise Statement set forth material facts to the issues raised in the instant litigation. Further, Plaintiff has failed to establish that the Defendant officers had any personal involvement in the allegations set forth in this paragraph.

17. Responding Defendants lack sufficient knowledge or information to admit or deny the statements in paragraph 17 of the Plaintiff's Concise Statement of Material Facts and therefore they are deemed denied. By way of further answer, Defendants deny that the statements in paragraph 17 of the Plaintiff's Concise Statement set forth material facts to the issues raised in the instant litigation. Further, Plaintiff has failed to establish that the Defendant officers had any personal involvement in the allegations set forth in this paragraph.

18. Responding Defendants lack sufficient knowledge or information to admit or deny the statements in paragraph 18 of the Plaintiff's Concise Statement of Material Facts and therefore they are deemed denied. By way of further answer, Defendants deny that the

4

A.135 A.135

statements in paragraph 18 of the Plaintiff's Concise Statement set forth material facts to the issues raised in the instant litigation. Further, Plaintiff has failed to establish that the Defendant officers had any personal involvement in the allegations set forth in this paragraph.

19. Responding Defendants lack sufficient knowledge or information to admit or deny the statements in paragraph 19 of the Plaintiff's Concise Statement of Material Facts and therefore they are deemed denied. By way of further answer, Defendants deny that the statements in paragraph 19 of the Plaintiff's Concise Statement set forth material facts to the issues raised in the instant litigation. Further, Plaintiff has failed to establish that the Defendant officers had any personal involvement in the allegations set forth in this paragraph.

20. Admitted upon information and belief. Defendants deny that this statement sets forth material facts relative to the issues raised in the instant litigation.

21. Admitted upon information and belief. Defendants deny that this statement sets forth material facts relative to the issues raised in the instant litigation.

22. Admitted. However, this statement does not constitute a statement of material fact with respect to the issues raised in the instant litigation.

23. Responding Defendants lack sufficient knowledge or information to admit or deny the statements in paragraph 23 of the Plaintiff's Concise Statement of Material Facts and therefore they are deemed denied. By way of further answer, Defendants deny that the statements in paragraph 23 of the Plaintiff's Concise Statement set forth material facts to the issues raised in the instant litigation.

24. Responding Defendants lack sufficient knowledge or information to admit or deny the statements in paragraph 24 of the Plaintiff's Concise Statement of Material Facts and therefore they are deemed denied. By way of further answer, Defendants deny that the

5

A.136                                                                                          A.136

statements in paragraph 24 of the Plaintiff's Concise Statement set forth material facts to the issues raised in the instant litigation.

25.     Responding Defendants lack sufficient knowledge or information to admit or deny the statements in paragraph 25 of the Plaintiff's Concise Statement of Material Facts and therefore they are deemed denied.  By way of further answer, Defendants deny that the statements in paragraph 25 of the Plaintiff's Concise Statement set forth material facts to the issues raised in the instant litigation.

Respectfully submitted,

MARSHALL DENNEHEY, P.C.

By _____
Patrick M. Carey, Esquire
PA ID No. 50171
717 State Street, Suite 701
Erie, PA  16501
(814) 480-7800
pmcarey@mdwcg.com

LEGAL/165149574.1

6

A.137                                                                                                                      A.137

A.138

IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH GREGORY,

Plaintiff

v.

TERRANCE DAWDY, et al.,

Defendants

NO. 1:24-cv-12

JURY TRIAL OF 12 DEMANDED

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within Defendants'

Response to Plaintiff's Concise Statement of Material Facts was served on the following listed

below this 8th day of November, 2024, by electronic filing, courthouse box or United States

First Class mail, postage pre-paid.

Smart Communications/PA DOC
Joseph Gregory, #NL0318
SCI-Forest
P.O. Box 33028
St. Petersburg, FL  33733

MARSHALL DENNEHEY, P.C.

By: _____
Patrick M. Carey, Esquire

A.138

In The United States District Court
For The Western District of Pennsylvania

Joseph Gregory,
    (Plaintiff)

v.

Erie Police dept. PHM Terrance Dawdy, et al.,
Officer Lucus S. Denart, officer   (Defendants)
Dustin M. Landfried, officer Arthur E. Rhoads Jr.

No: 1:24-CV-00012-SPB-CBB



FILED
FEB 24 2025
CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

**A. Caption and Heading)**      <u>1.C., Amended Complaint</u>

 I Joseph Gregory, the plaintiff wants to clarify that the defendants, Erie county Police dept, officer Terrance M. Dawdy, officer Lucus S. Denart, Officer Dustin M. Landfried and officer Arthur E. Rhoads are being Sued in their offical compacities in this civil rights action.

**B. Parties)**

The defendants named herein, Erie County Police dept, officer Terrance M. Dawdy, officer Lucus S. Denart, officer Dustin M. Landfried, and officer Arthur E. Rhoads Jr. are all Erie County police officals, that in all share the same address which is - 626 State street Erie, PA 16501

**C. Jurisdiction)**

Because federal court is a court of limited Jurisdiction, I the plaintiff informs the court why the case should be held in federal Court rather than in state court or some other forum. When the defendants arrested the plaintiff, the defendants violated the plaintiff civil rights by causing physical harm during arrest followed by neglect, ect. for not providing the plaintiff with medical treatment for the plaintiff serious injuries. The Erie County Police dept, officer Terrance M. Dawdy, officer Lucus S. Denart, officer Dustin M. Landfried,

A.139                                                                 A.139

and Officer Arthur E. Rhoads Jr. was acting in their offical Compacity. The plaintiff is sueing defendants for the Violations of the plaintiff 8th Amendment rights. The plaintiff is raising Claims on the Counts of:

- Excessive Force
- Cruel and unusual Punishment
- Neglect
- Deleberate Indifference
- Negligence

(D. Statement of claim)  <u>Statement of claim</u>

Erie police dept, Arthur E. Rhoads Jr. assaulted the plaintiff during arrest on July 25, 2022 Violating the plaintiff civil rights under the 8th Amendment.

The arrest took place during a traffic stop at 7:36pm on the 2200 block of Wayne Street

One of the defendants named here in, Officer Terrance M. Dowdy, officer Lucus S. Dehart and officer Dustin M. Landfried picks the plaintiff up off of his feet and body Slams the plaintiff to the ground. After the plaintiff was already pinned against a parked Car by multiple officers for attempting to run, but was then quickly apprehended.

Before the body slam by one of the above mentioned officers, The officer Arthur E. Rhoads Jr. Struck the plaintiff in the face with

A.140          A.140

a closed fist which resulted in physical Damage to the plaintiff's mouth knocking his teeth out, officer Arthur E. Rhoads Jr. admitted to Striking the plaintiff with a closed fist in his arrest report filed July, 25 2022.

The defendant officer Arthur E. Rhoads is herd on body cam footage Stating to the plaintiff on July 25, 2022 "You are right I Knocked your tooth out. After the plaintiff Screamed out that the officer knocked his tooth out.

After the plaintiff is picked up off of the ground, the plaintiff is observed by multiple officers, Confirming that the plaintiff Suffered multiple injuries Such as Cuts bruises and a missing tooth.

A John doe officer asked another John doe officer if the plaintiff was going to be taken from the arrest sceen to the hospital to be treated for his serious injuries, and the John doe officer replied no we are going to take him to the Station and charge him, which can be herd on body cam footage.

The officers/defendants did not give the plaintiff medical treatment or take the plaintiff to the hospital after their knowledge of the plaintiff Serious injuries

The plaintiff was placed in the Erie county police station for about 19 hours going into the following day with out any medical treatment for the Plaintiff injuries. The plaintiff was scared for his life and

in pain from the suffered injuries. The plaintiff 8th amendment was violated

The plaintiff was transported/booked into the Erie County ~~jail~~ police Station around 7:59pm on the date of July 25, 2022. The plaintiff was signed out of the Erie County police station the following day. which was July 26, 2022 around 1:47 pm. 19 hours with no medical treatmen

The plaintiff was transported from the Erie County police station to the Erie County Prison around 2:00pm July 26, 2022, where the Erie County Prison informed the transporting John Doe officers that the Erie County could not accept the plaintiff in the county jail because the plaintiff suffered serious injuries and have not recieved medical treatment.

The plaintiff, The intake officer Jane Doe at the Erie County prison and the transporting John Doe officers, signed a form stating that the plaintiff could not come back to the county jail until the plaintiff recieved medical attention and be treated for injuries.

The plaintiff went at least 20 or 21 hours with out medical treatment from the previous day of arrest befor being treated for injuries at the Saint vincent Hospital in Erie PA where the hospital confirmed the plaintiff injuries such as a missing tooth, cuts and bruises on plaintiff arms and back and also colar bone.

While the plaintiff was in the Erie county prison the plaintiff recieved surgery on his mouth and pain medication for injuries that was suffered fr A.142 event.

A.142

Due to everything explained in this amended complaint, the defendants violated the plaintiff civil rights under the 8th amendment for 1.) Excessive Force 2.) Cruel and unusual Punishment 3.) Deliberate Indifference 4.) neglier 5.) negligence

(E. Injury)

The plaintiff suffered Physical, mental and emotional injuries/distre

(F. Request for Relief)

The plaintiff describes to the court the relief he is seeking as a result of this law suit. The plaintiff is seeking:

( Compensatory Damages) in the amount of $250,000.00-

( Punitive Damages)

Date: 2-17-2025

Respectfully Submitted

(Petitioner) Joseph P Gregory

SCI Forest

P.O. Box 945

Marienville, PA 16239

CC: File

A.143                A.143

IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH GREGORY,

   Plaintiff

  v.

TERRANCE DAWDY, et al.,

   Defendants

CASE NO.  1:24-cv-12

JURY TRIAL OF 12 DEMANDED

## MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT OR ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

AND NOW, come the Defendants, Terrance Dawdy, Lucas S. Dehart, Dustin M. Landfried, and Arthur E. Rhoades, Jr., by and through their counsel, Marshall Dennehey, P.C., Patrick M. Carey, Esquire, and Emily C. Downing, Esquire, and submit the following Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), or Alternatively Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, averring the following:

## PROCEDURAL HISTORY

1.  Plaintiff commenced this action by filing a Motion for Leave to Proceed *in forma pauperis* on January 16, 2024. *ECF No. 1.*

2.  Plaintiff's original Complaint was filed January 24, 2024. *ECF No. 6.*

3.  Undersigned counsel entered their appearance and waived service for the named Defendants on May 23, 2024. *ECF Nos. 14-19.*

4.  Defendants filed a Motion to Dismiss Plaintiff's Complaint or Alternative Motion for Summary Judgment, Audio/ Visual Exhibits, a Brief in Support of Defendant's Motion to Dismiss Plaintiff's Complaint or Alternative Motion for Summary Judgment, and a Concise Statement of Material Facts on July 3, 2024. *ECF Nos. 24-27.*

5.      Plaintiff was ordered to respond to Defendants' Motion to Dismiss for Failure to State a Claim or Alternative Motion for Summary Judgment by August 15, 2024. *ECF No. 29.*

6.      Plaintiff filed an untimely Motion for Extension of Time to File Response/ Reply. [ECF No. 30], which was granted a twenty day extension by this Court on September 6, 2024. *ECF No. 32.*

7.      In lieu of filing a timely Reponses to Defendants' Motion, Defendant filed a Motion for Leave to File an Amended Complaint with his attached proposed Amended Complaint on September 30, 2024. *ECF No. 34.*

8.      Plaintiff's Motion for Leave to file an Amended Complaint was granted, and Plaintiff's attached Amended Complaint was re-docketed as a supplement to his original Complaint. *ECF No. 37.*

9.      Defendants filed a Notice of Intent to Treat Motion to Dismiss as Applicable to Amended Complaint on October 9, 2024. *ECF No. 38.*

10.      On October 10, 2024, Plaintiff was instructed to file a Concise Statement of Material facts by October 28, 2024. *ECF No. 39.*

11.      Plaintiff filed a timely Concise Statement of Material facts on October 28, 2024 [ECF No. 40] and Defendants filed a Response on November 8, 2024 [ECF No. 41].

12.      On January 31, 2025, Plaintiff filed another Motion for Leave to File Amended Complaint. *ECF No. 51.*

13.      Plaintiff was granted leave to file a Second Amended Complaint on February 4, 2024. *ECF No. 52.*

A.145          A.145

14. Plaintiff filed his Second Amended Complaint[1] on February 24, 2025, therein raising his previous claim of excessive force, in addition to newly asserted claims of cruel and unusual punishment, deliberate indifference, "neglect," and negligence. *ECF No. 54.*

## ALLEGATIONS IN COMPLAINT

15. Joseph Peair Gregory ("Plaintiff") brings this lawsuit against Erie City Police Department Officer Terrance Dawdy, Officer Lucas S. Dehart, Corporal Dustin M. Landfried, and Officer Arthur E. Rhoades, Jr., for their alleged unconstitutional conduct during and after Plaintiff's arrest. *See generally, ECF No. 54.*

16. Plaintiff was arrested on July 25, 2022, subsequent to a traffic stop that occurred in the 2200 block of Wayne Street in the City of Erie, at approximately 7:36 p.m. *Id.* at p. 2.

17. Plaintiff alleges that during the arrest, he was punched in the face by Defendant Rhodes, which caused one of Plaintiff's teeth to be knocked out. *Id.* at pp. 2-3.

18. Defendant Rhodes acknowledges knocking out Plaintiff's tooth on body camera. *Id.* at p. 3.

19. It is further alleged that he was "pick[ed] up off of his feet and body slam[med]" to the ground by one of the named Defendants during the arrest. *Id.* at p. 2.

20. Plaintiff alleges there was a discussion amongst John Doe officers as to whether Plaintiff should be taken to the hospital, ending in the decision to take Plaintiff to the hospital, despite their alleged knowledge that Plaintiff was injured. *Id.* at p. 3.

21. Plaintiff was taken to the police station, where he remained for approximately nineteen hours before he received medical treatment. *Id.* at pp. 3-4.

22. Erie County Prison refused to accept custody of Plaintiff due to his injuries until he was seen by medical care. *Id.* at p. 4.

---

[1] Plaintiff's Second Amended Complaint is entitled and docketed as "Amended Complaint."

A.146    A.146

23. Plaintiff was taken to the hospital by Erie Police officers and his missing tooth, cuts, and bruises on his arms and collar bone were assessed by a doctor. *Id.*

24. While at the prison, Plaintiff later received oral surgery to address his missing tooth and received pain medication at the prison. *Id.*

**FACTUAL BACKGROUND OF CLAIM AS ESTABLISHED THROUGH INDISPUTABLY AUTHENTIC RECORDS**

25. Pursuant to the aforementioned incident, Plaintiff was criminally charged by Defendant Officer Dawdy with Aggravated Assault-Attempts to Cause or Causes Serious Bodily Injury to Designated Individuals (F2), Escape (F3), Resisting Arrest (M2), Possession of a Controlled Substance (M), Possession of Drug Paraphernalia (M), Criminal Mischief (S), Operating a Vehicle Without Valid Inspection (S), and False Identification to Law Enforcement Officers (M3). *See Exhibit A*, Commonwealth Court of Common Pleas Docket 2345-2022.

26. Plaintiff's criminal case proceeded to a jury trial, which commenced on April 12, 2023. *Id.*

27. The jury returned a verdict of guilty on all criminal charges on April 13, 2023. *Id.*

28. Plaintiff was sentenced to a cumulative sentence of twenty-four to sixty months of incarceration, followed by one year of probation. *Id.*

29. Plaintiff filed a Notice of Appeal on August 25, 2023. *Id.*

30. Judgment was affirmed on August 30, 2024. *Id.*

31. Plaintiff's arrest and subsequent transportation to St. Vincent's hospital was captured by a police cruiser's dash camera and officer worn body cameras. *See Exhibits B-L.*

32. Exhibits A, K, and L are attached to the instant Motion to Dismiss[2]:

---

[2] Defendants incorporate by reference the exhibits submitted in their prior Motion to Dismiss, Exhibits B-J are hereby incorporated by reference. *ECF Nos. 24, 27.*

4

**A.147**                                                                                     **A.147**

a. *Exhibit A,* Commonwealth Court of Common Pleas Docket 2345-2022;

b. *Exhibit B,* Corporal Landfried's Body Camera Video entitled "2200_BLK_WAYNE- Cpl Landfried";

c. *Exhibit C,* Corporal Landfried and Officer Dawdy's Dash Camera Footage "2200_WAYNE_ST-3 Landfried and Dawdy Dash cam,

d. *Exhibit D,* The Affidavit of Corporal Landfried, authenticating Exhibits B and C, his Body Camera Video and Dash Camera Footage;

e. *Exhibit E* Officer Rhoades Body Camera Video entitled "2200_wayne_st-2 – Rhoades";

f. *Exhibit F,* The Affidavit of Officer Rhoades, authenticating Exhibit E, his Body Camera Video;

g. *Exhibit G,* Officer Dawdy's Body Camera Video entitled, "2200_WAYNE_ST-4- Dawdy";

h. *Exhibit H,* The Affidavit of Officer Dawdy, authenticating Exhibit G, his Body Camera Video;

i. *Exhibit I,* Officer Dehart's Body Camera Video entitled "2200_WAYNE_ST-Dehart;

j. *Exhibit J,* The Affidavit of Officer Dehart, authenticating Exhibit I, his Body Camera Video;

k. *Exhibit K,* Corporal Landfried's Body Camera Video entitled "ST_VINCENT_HOSPITAL"; and

l. *Exhibit L,* The Affidavit of Corporal Landfried, authenticating Exhibit K, his Body Camera Video of Plaintiff receiving medical treatment.

**CLAIMS RAISED BY PLAINTIFF**

33. In his Second Amended Complaint, Plaintiff raises excessive force, cruel and unusual punishment, neglect, deliberate indifference, and negligence claims against the named Defendants. Plaintiff indicates that he raises these claims under the Eighth Amendment. *ECF No. 54,* p.5.

34. Plaintiff seeks relief in the form of compensatory damages in the amount of $250,000. He additionally seeks punitive damages. *Id.*

5

A.148                                                                    A.148

## BASIS FOR DISMISSAL

35. The above captioned Defendants are entitled to dismissal of all claims raised by the Plaintiff in this matter for the following reasons:

    a. Plaintiff has failed to state a claim or set forth a cause of action of excessive force under the Fourth Amendment;

    b. Officers Terrance Dawdy, Lucas S. Dehart, Dustin M. Landfried, and Arthur E. Rhoades, Jr., did not use excessive force during Plaintiff's arrest;

    c. A review of the attached body camera videos and dash camera video makes clear that Corporal Landfried was not personally involved in the alleged use of excessive force incident, as he was actively searching Plaintiff's vehicle when Plaintiff attempted to flee and was taken to the ground to effectuate his arrest;

    d. Plaintiff has failed to state a claim or set forth a cause of action of deliberate indifference;

    e. The named officers are entitled to qualified immunity;

    f. Plaintiff has failed to state a claim or set forth a cause of action of cruel and unusual punishment;

    g. To the extent that Plaintiff has attempted to raise a negligence claim against the Defendants, they are not capable of engaging in constitutional torts under the TCA;

    h. Plaintiff has failed to state a claim or set forth a cause of neglect against the named Defendants;

    i. To the extent that Plaintiff has attempted to raise any claim or cause of action of malicious prosecution, false arrest, or false imprisonment, Plaintiff's claims are barred by the *Rooker-Feldman* Doctrine;

    j. Plaintiff's Second Amended Complaint violates Rule 10 of the Federal Rules of Civil Procedure;

    k. Plaintiff is not entitled to punitive damages; and

    l. Amendment to Plaintiff's Second Amended Complaint would be futile.

WHEREFORE, for the reasons set forth herein, and based upon the attached exhibits, legal authority citied in the accompanying Brief in Support, and Concise Statement of Material Facts, the Defendants, Terrance Dawdy, Lucas S. Dehart, Dustin M. Landfried, and Arthur E.

A.149 A.149

Rhoades, Jr., respectfully request an Order from this Honorable Court granting their Motion to

Dismiss in its entirety, or alternatively, Motion for Summary Judgment, and dismissing

Plaintiff's claims against them with prejudice.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

By _____
Emily C. Downing, Esquire
PA ID No. 322988
Patrick M. Carey, Esquire
PA ID No. 50171
717 State Street, Suite 701
Erie, PA 16501
(814) 480-7800
ecdowning@mdwcg.com
pmcarey@mdwcg.com

LEGAL/167543241.1

A.150

A.150

IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH GREGORY,

          Plaintiff

v.

TERRANCE DAWDY, et al.,

          Defendants

CASE NO.  1:24-cv-12

JURY TRIAL OF 12 DEMANDED

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Motion to Dismiss Plaintiff's Second Amended Complaint or Alternative Motion to Dismiss was duly served on all counsel of record and unrepresented parties on the 10th day of March 2025, electronically, courthouse box or by mailing same to them at their designated offices by first class United States mail, postage prepaid.

Smart Communications/PA DOC
Joseph Gregory, #NL0318
SCI-Forest
P.O. Box 33028
St. Petersburg, FL  33733

MARSHALL DENNEHEY, P.C.

By _____
        Emily C. Downing

**A.151**                        **A.151**

IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH GREGORY,

        Plaintiff

  v.

TERRANCE DAWDY, et al.,

        Defendants

CASE NO.  1:24-cv-12

JURY TRIAL OF 12 DEMANDED

## ORDER

AND NOW, this _____ day of March 2025, upon consideration of the within Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to F.R.C.P. 12(b)(6), or Alternative Motion for Summary Judgment Pursuant to or F.R.C.P. 56 it is ORDERED that the motion is GRANTED and the Plaintiff's claims against the Defendants are dismissed, with prejudice.

_____
J.

A.152                              A.152



# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET

**Docket Number: CP-25-CR-0002345-2022**

# CRIMINAL DOCKET

Court Case

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 1 of 14

## CASE INFORMATION

Cross Court Docket Nos: 998 WDA 2023

| | |
|---|---|
| Judge Assigned: Ridge, David | Date Filed: 10/03/2022    Initiation Date: 07/26/2022 |
| OTN: R 328521-4    LOTN: | Originating Docket No: MJ-06104-CR-0000397-2022 |
| Initial Issuing Authority: Paul A. Bizzarro | Final Issuing Authority: Paul A. Bizzarro |
| Arresting Agency: Erie City Police Dept | Arresting Officer: Dawdy, Terrance M. |
| Complaint/Citation No.: 202200031605 | Incident Number: 202200031605 |
| County: Erie | Township: Erie City |
| Case Local Number Type(s) | Case Local Number(s) |

## STATUS INFORMATION

| Case Status: | Closed | | Arrest Date: | 07/26/2022 |
|---|---|---|---|---|

| Status Date | Processing Status |
|---|---|
| 08/30/2024 | Appeal Decided |
| 08/25/2023 | Awaiting Appellate Court Decision |
| 08/18/2023 | Awaiting Sentencing |
| 08/18/2023 | Awaiting Trial - Conviction Reversed |
| 07/03/2023 | Awaiting Post Sentence Motion Hearing |
| 06/28/2023 | Sentenced/Penalty Imposed |
| 06/27/2023 | Awaiting PSI |
| 06/27/2023 | Awaiting Sentencing |
| 04/14/2023 | Awaiting PSI |
| 04/14/2023 | Awaiting Sentencing |
| 04/13/2023 | Awaiting Sentencing |
| 11/22/2022 | Awaiting Trial |
| 10/07/2022 | Awaiting Formal Arraignment |
| 10/03/2022 | Awaiting Filing of Information |

Complaint Date:    07/26/2022

CPCMS 9082

Printed: 03/10/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the U̶ System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccur data, errors or omissions on these reports. Docket Sheet Information should not be used in place of a criminal history background c̶ only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

**A.153**



EXHIBIT

A

**A.153**

# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET



**Docket Number: CP-25-CR-0002345-2022**

## CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 2 of 14

### CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Formal Arraignment | 11/21/2022 | 1:00 pm | Courtroom H - Room 229 | Carlo Fachetti | Scheduled |
| Pre-Trial Hearing | 01/26/2023 | 1:15 pm | Courtroom F - Room 220 | Judge David Ridge | Scheduled |
| Trial | 02/06/2023 | 9:00 am | Court Admin Room 204 | Carlo Fachetti | Moved |
| Trial | 04/10/2023 | 9:00 am | Court Admin Room 204 | Carlo Fachetti | Scheduled |
| Sentencing | 06/27/2023 | 8:48 am | Courtroom C - Room 213 | Judge John J. Mead | Moved |
| Sentencing | 06/28/2023 | 8:46 am | Courtroom C - Room 213 | Judge John J. Mead | Scheduled |

### CONFINEMENT INFORMATION

| Confinement Known As Of | Confinement Type | Destination Location | Confinement Reason | Still in Custody |
|---|---|---|---|---|
| 08/15/2023 | State Correctional Institution | SCI Forest | | Yes |

### DEFENDANT INFORMATION

Date Of Birth: 08/25/1995    City/State/Zip: Erie, PA 16503

### CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Gregory, Joseph Peair |

### BAIL INFORMATION

**Gregory, Joseph Peair**        **Nebbia Status: None**

| Bail Action | Date | Bail Type | Originating Court | Percentage | Amount |
|---|---|---|---|---|---|
| Set | 07/26/2022 | Monetary | Magisterial District Court | | $10,000.00 |

### CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 1 | 15 | F2 | 18 § 2702 §§ A3 | Aggravated Assault - Attempts to cause or causes BI to designated individuals | 07/25/2022 | R 328521-4 |
| 2 | 2 | F3 | 18 § 5121 §§ A | Escape | 07/25/2022 | R 328521-4 |
| 4 | 4 | M2 | 18 § 5104 | Resist Arrest/Other Law Enforce | 07/25/2022 | R 328521-4 |
| 5 | 5 | M | 35 § 780-113 §§ A16 | Int Poss Contr Subst By Per Not Reg | 07/25/2022 | R 328521-4 |
| 6 | 6 | M | 35 § 780-113 §§ A32 | Use/Poss Of Drug Paraph | 07/25/2022 | R 328521-4 |
| 9 | 9 | S | 75 § 4703 §§ A | Operat Veh W/O Valid Inspect | 07/25/2022 | R 328521-4 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

**A.154**             **A.154**

# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET



**Docket Number: CP-25-CR-0002345-2022**

## CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 3 of 14

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 10 | 11 | M3 | 18 § 4914 §§ A | False Identification To Law Enforcement Officer | 07/25/2022 | R 328521-4 |
| 110 | 10 | S | 75 § 1301 §§ A | Dr Unregist Veh | 07/25/2022 | R 328521-4 |

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date | |
| Sentence Conditions | | | |

**Held for Court (Lower Court)**     Defendant Was Present

| Lower Court Disposition | 09/30/2022 | Not Final | |
|---|---|---|---|
| 2 / Escape | Held for Court (Lower Court) | F3 | 18 § 5121 §§ A |
| 4 / Resist Arrest/Other Law Enforce | Held for Court (Lower Court) | M2 | 18 § 5104 |
| 5 / Int Poss Contr Subst By Per Not Reg | Held for Court (Lower Court) | M | 35 § 780-113 §§ A16 |
| 6 / Use/Poss Of Drug Paraph | Held for Court (Lower Court) | M | 35 § 780-113 §§ A32 |
| 9 / Operat Veh W/O Valid Inspect | Held for Court (Lower Court) | S | 75 § 4703 §§ A |
| 10 / False Identification To Law Enforcement Officer | Held for Court (Lower Court) | M3 | 18 § 4914 §§ A |
| 110 / Dr Unregist Veh | Dismissed (Lower Court) | S | 75 § 1301 §§ A |

**Proceed to Court**

| Information Filed | 11/17/2022 | Not Final | |
|---|---|---|---|
| 2 / Escape | Proceed to Court | F3 | 18 § 5121 §§ A |
| 4 / Resist Arrest/Other Law Enforce | Proceed to Court | M2 | 18 § 5104 |
| 5 / Int Poss Contr Subst By Per Not Reg | Proceed to Court | M | 35 § 780-113 §§ A16 |
| 6 / Use/Poss Of Drug Paraph | Proceed to Court | M | 35 § 780-113 §§ A32 |
| 9 / Operat Veh W/O Valid Inspect | Proceed to Court | S | 75 § 4703 §§ A |
| 10 / False Identification To Law Enforcement Officer | Proceed to Court | M3 | 18 § 4914 §§ A |
| 110 / Dr Unregist Veh | Dismissed (Lower Court) | S | 75 § 1301 §§ A |

**Guilty**

| Trial | 04/13/2023 | Not Final | |
|---|---|---|---|
| 1 / Aggravated Assault - Attempts to cause or causes BI to designated individuals | Guilty | F2 | 18 § 2702 §§ A3 |
| Mead, John J. | 06/28/2023 | 338 Days | |
| Confinement | Min of 24.00 Months<br>Max of 60.00 Months<br>24 months - 60 months | | |

CPCMS 9082

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

A.155                                                                                                                                      A.155

# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET



**Docket Number: CP-25-CR-0002345-2022**

## CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 4 of 14

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | Credit For Time Served | |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date | |
| Sentence Conditions | | | |

\*\*The defendant will pay costs.
\*\*The defendant will pay fine(s) in the amount of $25.00 at Count 9.
\*\*Community Service: 25 Hours at Count 7.
\*\*The defendant is NOT RRRI Eligible.

| | | | |
|---|---|---|---|
| 2 / Escape | Guilty | F3 | 18 § 5121 §§ A |
| Mead, John J. | 06/28/2023 | 338 Days | |
| Confinement | Min of 24.00 Months | | |
| | Max of 60.00 Months | | |
| | 24 months - 60 months | | |
| 4 / Resist Arrest/Other Law Enforce | Guilty | M2 | 18 § 5104 |
| Mead, John J. | 06/28/2023 | 338 Days | |
| Confinement | Min of 6.00 Months | | |
| | Max of 12.00 Months | | |
| | 6 months - 12 months | | |
| 5 / Int Poss Contr Subst By Per Not Reg | Guilty | M | 35 § 780-113 §§ A16 |
| Mead, John J. | 06/28/2023 | | |
| Probation | 1 year | | |
| 6 / Use/Poss Of Drug Paraph | Guilty | M | 35 § 780-113 §§ A32 |
| Mead, John J. | 06/28/2023 | | |
| Probation | 1 year | | |
| 9 / Operat Veh W/O Valid Inspect | Guilty | S | 75 § 4703 §§ A |
| Mead, John J. | 06/28/2023 | | |
| No Further Penalty | | | |
| 10 / False Identification To Law Enforcement Officer | Guilty | M3 | 18 § 4914 §§ A |
| Mead, John J. | 06/28/2023 | | |
| Probation | 1 year | | |
| 110 / Dr Unregist Veh | Dismissed (Lower Court) | S | 75 § 1301 §§ A |
| Mead, John J. | 06/28/2023 | | |

**Proceed to Court (Conviction Reversed)**

| | | | |
|---|---|---|---|
| Post Sentence Motions Hearing Scheduled | 08/18/2023 | Not Final | |
| 1 / Aggravated Assault - Attempts to cause or causes BI to designated individuals | Guilty | F2 | 18 § 2702 §§ A3 |

CPCMS 9082

Printed: 03/10/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET



**Docket Number: CP-25-CR-0002345-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 5 of 14

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition | |
|---|---|---|---|
| Sequence/Description | Offense Disposition | Grade | Section |
| Sentencing Judge | Sentence Date | | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | | Start Date |
| Sentence Conditions | | | |
| 2 / Escape | Guilty | F3 | 18 § 5121 §§ A |
| 4 / Resist Arrest/Other Law Enforce | Guilty | M2 | 18 § 5104 |
| 5 / Int Poss Contr Subst By Per Not Reg | Guilty | M | 35 § 780-113 §§ A16 |
| 6 / Use/Poss Of Drug Paraph | Guilty | M | 35 § 780-113 §§ A32 |
| 9 / Operat Veh W/O Valid Inspect | Guilty | S | 75 § 4703 §§ A |
| 10 / False Identification To Law Enforcement Officer | Guilty | M3 | 18 § 4914 §§ A |
| 110 / Dr Unregist Veh | Dismissed (Lower Court) | S | 75 § 1301 §§ A |

**Guilty**

| | | | |
|---|---|---|---|
| Post Sentence Motions Hearing Scheduled | 08/18/2023 | Final Disposition | |
| 1 / Aggravated Assault - Attempts to cause or causes BI to designated individuals | Guilty | F2 | 18 § 2702 §§ A3 |
| 2 / Escape | Guilty | F3 | 18 § 5121 §§ A |
| 4 / Resist Arrest/Other Law Enforce | Guilty | M2 | 18 § 5104 |
| 5 / Int Poss Contr Subst By Per Not Reg | Guilty | M | 35 § 780-113 §§ A16 |
| 6 / Use/Poss Of Drug Paraph | Guilty | M | 35 § 780-113 §§ A32 |
| 9 / Operat Veh W/O Valid Inspect | Guilty | S | 75 § 4703 §§ A |
| 10 / False Identification To Law Enforcement Officer | Guilty | M3 | 18 § 4914 §§ A |
| 110 / Dr Unregist Veh | Dismissed (Lower Court) | S | 75 § 1301 §§ A |

**LINKED SENTENCES:**

Link 1

CP-25-CR-0002345-2022 - Seq. No. 4 (18 § 5104 §§) - Confinement is Concurrent with

CP-25-CR-0002345-2022 - Seq. No. 2 (18 § 5121 §§ A) - Confinement is Concurrent with

CP-25-CR-0002345-2022 - Seq. No. 1 (18 § 2702 §§ A3) - Confinement

Link 2

CP-25-CR-0002345-2022 - Seq. No. 5 (35 § 780-113 §§ A16) - Probation is Consecutive to

CP-25-CR-0002345-2022 - Seq. No. 1 (18 § 2702 §§ A3) - Confinement

Link 3

CP-25-CR-0002345-2022 - Seq. No. 10 (18 § 4914 §§ A) - Probation is Concurrent with

CP-25-CR-0002345-2022 - Seq. No. 6 (35 § 780-113 §§ A32) - Probation is Concurrent with

CP-25-CR-0002345-2022 - Seq. No. 5 (35 § 780-113 §§ A16) - Probation

Printed: 03/10/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

A.157     A.157

# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET



**Docket Number: CP-25-CR-0002345-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 6 of 14

## COMMONWEALTH INFORMATION | ATTORNEY INFORMATION

Name:    Erie County District Attorney's Office

District Attorney

Supreme Court No:

Phone Number(s):

814-451-6349        (Phone)

Address:

Erie County Courthouse
140 West Sixth Street
Erie, PA  16501

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 07/26/2022 | | Mack, Suzanne C. |
| Bail Set - Gregory, Joseph Peair | | | |
| 1 | 08/01/2022 | | Gregory, Joseph Peair |
| Application for Public Defender | | | |
| 1 | 10/03/2022 | | Clerk of Courts Office - Erie County |
| Original Papers Received from Lower Court | | | |
| 1 | 11/17/2022 | | Commonwealth of Pennsylvania |
| Information Filed | | | |
| 1 | 12/22/2022 | | Sidun, Celena Ann |
| Omnibus Pre-Trial Motion/Petition for Writ of Habeas Corpus/Motion to Suppress | | | |
| 1 | 12/27/2022 | | Ridge, David |
| Order Scheduling Hearing on Jan. 26,2023 @ 1:15PM | | | |
| Erie County Court Administration | | | |
| 12/27/2022 | Interoffice | | |
| Erie County District Attorney's Office | | | |
| 12/27/2022 | Interoffice | | |
| Gregory, Joseph Peair | | | |
| 12/27/2022 | Interoffice | | |
| Sidun, Celena Ann | | | |
| 12/27/2022 | Interoffice | | |
| 1 | 01/26/2023 | | Erie County District Attorney's Office |
| Motion to Amend Informatiion | | | |

CPCMS 9082

Printed: 03/10/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

**A.158**                                                                                                                                      **A.158**



# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET

**Docket Number: CP-25-CR-0002345-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 7 of 14

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| 1 | 02/24/2023 | | Ridge, David |
| Opinion and Order Denying Motion to Suppress, Denying the Petition for Habeas Corpus on the Charge | | | |
| Erie County District Attorney's Office | | | |
| 02/24/2023 | Interoffice | | |
| Sidun, Celena Ann | | | |
| 02/24/2023 | Interoffice | | |
| 1 | 04/11/2023 | | Ridge, David |
| Order Granting Motion for Leave to Amend Information | | | |
| Erie County Court Administration | | | |
| 04/11/2023 | Interoffice | | |
| Erie County District Attorney's Office | | | |
| 04/11/2023 | Interoffice | | |
| Sidun, Celena Ann | | | |
| 04/11/2023 | Interoffice | | |
| 1 | 04/13/2023 | | Mead, John J. |
| Waiver of Presence of Judge and/or Court Reporter During Examination and Challenges of Trial Jurors | | | |
| 2 | 04/13/2023 | | Mead, John J. |
| Verdict or Verdict Slips Filed | | | |
| 3 | 04/13/2023 | | Mead, John J. |
| Exhibits filed | | | |
| 4 | 04/13/2023 | | Mead, John J. |
| Guilty | | | |
| 5 | 04/13/2023 | | Hagerty-Haynes, Aubrea |
| DL-21 to be Prepared | | | |
| 1 | 06/28/2023 | | Mead, John J. |
| Defendant's Rights at Sentencing | | | |
| 2 | 06/28/2023 | | Mead, John J. |
| Order - Sentence/Penalty Imposed | | | |

CPCMS 9082

Printed: 03/10/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

A.159    A.159

# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET



**Docket Number: CP-25-CR-0002345-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 8 of 14

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 06/30/2023 | | Court of Common Pleas - Erie County |
| Penalty Assessed | | | |
| 2 | 06/30/2023 | | Court of Common Pleas - Erie County |
| Court Commitment State or County Correctional Institution | | | |
| 3 | 06/30/2023 | | Court of Common Pleas - Erie County |
| Guideline Sentence Form | | | |
| 1 | 07/03/2023 | | Sidun, Celena Ann |
| Post-Sentence Motion | | | |
| Gregory, Joseph Peair | | | |
| 07/10/2023 | Interoffice | | |
| 1 | 07/07/2023 | | Gregory, Joseph Peair |
| Case Correspondence - sent copy of post-sent motion and COC #7 to defendant | | | |
| 2 | 07/07/2023 | | Gregory, Joseph Peair |
| Case Correspondence - sent copy of sentencing order to defendant | | | |
| Gregory, Joseph Peair | | | |
| 07/10/2023 | Interoffice | | |
| 1 | 07/10/2023 | | Mead, John J. |
| Order Directing The Commonwealth to Respond to The Defendants Motion on/before 7/31/23 | | | |
| 1 | 07/11/2023 | | Hagerty-Haynes, Aubrea |
| DL-21 was prepared | | | |
| 1 | 07/12/2023 | | Unknown Filer |
| DL-21 Sent to PennDOT | | | |
| 1 | 07/27/2023 | | Mead, John J. |
| Request for Special Probation/Parole Supervision | | | |
| 1 | 07/31/2023 | | Erie County District Attorney's Office |
| Response to Post Sentence Motion | | | |
| 2 | 08/18/2023 | | Mead, John J. |
| Order Granting/Denying Post-Sentence Motion In Part: Motion for Acquittal on Count 7 is GRANTED.me | | | |

CPCMS 9082

Printed: 03/10/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

**A.160**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**A.160**

# COURT OF COMMON PLEAS OF ERIE COUNTY



**Docket Number: CP-25-CR-0002345-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 9 of 14

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
| --- | --- | --- | --- |
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |
| 1 | 08/25/2023 | | Sidun, Celena Ann |
| Notice of Appeal to the Superior Court 06/28/23 sentencing | | | |
| Gregory, Joseph Peair | | | |
| 09/05/2023 | First Class | | |
| 1 | 08/30/2023 | | Mead, John J. |
| Concise Statement Order | | | |
| Commonwealth of Pennsylvania | | | |
| 08/30/2023 | Interoffice | | |
| Sidun, Celena Ann | | | |
| 08/30/2023 | Interoffice | | |
| 1 | 08/31/2023 | | Schriefer, Heidi |
| Transcript of Proceedings Filed: Jury Trial Day 2 - Afternoon | | | |
| 2 | 08/31/2023 | | Court of Common Pleas - Erie County |
| Entry of Civil Judgment | | | |
| 1 | 09/01/2023 | | Gregory, Joseph Peair |
| Case Correspondence - fwd to Judge Mead & sent Sent. Order, verdict to def. RE: Sent/Period of Inc. | | | |
| Gregory, Joseph Peair | | | |
| 09/05/2023 | First Class | | |
| Mead, John J. | | | |
| 09/05/2023 | Interoffice | | |
| 2 | 09/01/2023 | | Gregory, Joseph Peair |
| Case Correspondence - sent copy of updated DK Sht & Post-sent Order to defendant | | | |
| Gregory, Joseph Peair | | | |
| 09/05/2023 | First Class | | |
| 3 | 09/01/2023 | | Sidun, Celena Ann |
| Concise Statement of the Matters Complained on Appeal | | | |
| 4 | 09/01/2023 | | Gregory, Joseph Peair |
| Case Correspondence - sent COC Procedure #10 and Notice of Appeal to defendant | | | |
| Gregory, Joseph Peair | | | |
| 09/05/2023 | First Class | | |

CPCMS 9082

Printed: 03/10/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

A.161  A.161

# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET



**Docket Number: CP-25-CR-0002345-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 10 of 14

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

| | | | |
|---|---|---|---|
| 1 | 09/05/2023 | | Superior Court of Pennsylvania |
| Appeal Docket Sheet from Superior Court of PA @ 998 WDA 2023 | | | |
| 1 | 09/06/2023 | | Court of Common Pleas - Erie County |
| The Court Determined Responsible Participant Is Financially Able to Pay Fines/Costs/Restitution | | | |
| 1 | 09/08/2023 | | Hoffman, Sonya |
| Transcript of Proceedings Filed: Sentence (06/28/23) | | | |
| 1 | 09/15/2023 | | Reed, Samantha |
| Transcript of Proceedings Filed: Jury Trial Day 1 (04/12/23)0 | | | |
| 1 | 09/22/2023 | | McIver, Erikka |
| Transcript of Proceedings Filed - Jury Trial Day 2 on April 13, 2023 | | | |
| 1 | 10/04/2023 | | Mead, John J. |
| Memorandum Opinion: The Court hereby incorporates its August 18, 2023 Opinion and Order, as well as | | | |
| Erie County District Attorney's Office | | | |
| 10/04/2023 | Interoffice | | |
| Sidun, Celena Ann | | | |
| 10/04/2023 | Interoffice | | |
| 1 | 10/05/2023 | | Hagerty-Haynes, Aubrea |
| Numbered Docket Sheet sent to DA and Attorney of Record | | | |
| 2 | 10/05/2023 | | Hagerty-Haynes, Aubrea |
| Case/Tanscripts/Exhibits sent to Superior Court via PACFile @ 998 WDA 2023 | | | |
| 1 | 10/23/2023 | | Gregory, Joseph Peair |
| Case Correspondence: Docket sent to def. | | | |
| Gregory, Joseph Peair | | | |
| 10/24/2023 | First Class | | |
| 1 | 10/24/2023 | | Gregory, Joseph Peair |
| Case Correspondence: defendant requesting transcripts | | | |

CPCMS 9082

Printed: 03/10/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet Information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

A.162                                                                 A.162

# COURT OF COMMON PLEAS OF ERIE COUNTY

**DOCKET**



**Docket Number: CP-25-CR-0002345-2022**

## CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 11 of 14

**ENTRIES**

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 10/25/2023 | | Court Reporter - Erie |

Transcript of Proceedings Filed: Pre Trial Motions (1/26/23)

| 2 | 10/25/2023 | | Hagerty-Haynes, Aubrea |
|---|---|---|---|

Supplement to the Record sent to Superior Court via PACFile: Transcripts-PreTrial Motions (1/26/23)

| 1 | 10/27/2023 | | Court Reporter - Erie |
|---|---|---|---|

Transcripts sent to defendant: Jury Trial Day 1 (4/12/23), Jury Trial Day 2 (4/13/23), Jury Trial

Gregory, Joseph Peair

10/27/2023      First Class

| 2 | 10/27/2023 | | Hagerty-Haynes, Aubrea |
|---|---|---|---|

Supplement to the Record sent to Superior Court @ 998WDA2023 via PACFile: Notice of sent transcripts

| 1 | 12/27/2023 | | Gregory, Joseph Peair |
|---|---|---|---|

Case Correspondence: Sent Def. Docket Sheet

Gregory, Joseph Peair

01/02/2024      First Class

| 2 | 12/27/2023 | | Gregory, Joseph Peair |
|---|---|---|---|

Case Correspondence: FWD Letter to DA's Office

Erie County District Attorney's Office

·01/02/2024      Interoffice

Gregory, Joseph Peair

01/02/2024      Interoffice

| 1 | 02/06/2024 | | Court Reporter - Erie |
|---|---|---|---|

Transcript costs to be Added: Jury Trial Day 2-Afternoon ($2.70)

| 1 | 02/15/2024 | | Hagerty-Haynes, Aubrea |
|---|---|---|---|

Supplement to the Record sent to Superior Court @ 998 WDA 2022 via PACFile (12/27/23-2/6/24)

| 1 | 03/04/2024 | | Gregory, Joseph Peair |
|---|---|---|---|

Case Correspondence: Sent Updated Docket

Gregory, Joseph Peair

03/04/2024      First Class

| 1 | 03/05/2024 | | Hagerty-Haynes, Aubrea |
|---|---|---|---|

Supplement to the Record sent to Superior Court @ 998 WDA 2022 via PACFile (3/4/24 Filing)

CPCMS 9082

Printed: 03/10/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

A.163                                                                        A.163

# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET



**Docket Number: CP-25-CR-0002345-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania
v.
Joseph Peair Gregory

Page 12 of 14

### ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| Service To | | Service By | |
| Issue Date | Service Type | Status Date | Service Status |

| | | | |
|---|---|---|---|
| 1 | 04/19/2024 | | Commonwealth of Pennsylvania |
| Exhibits Filed: Commonwealth's Exhibit's 1, 2, 3, and 6 (CD) | | | |
| Erie County District Attorney's Office | | | |
| 04/22/2024 | eService | | Served |
| 1 | 04/22/2024 | | Hagerty-Haynes, Aubrea |
| Supplement to the Record sent to Superior Court via First Class: (CD Containing Exhibits) | | | |
| Erie County District Attorney's Office | | | |
| 04/22/2024 | eService | | Served |
| 1 | 04/30/2024 | | Superior Court of Pennsylvania |
| Transmittal of Record Received at Superior Court: Commonwealth's Exhibits (CD) | | | |
| Erie County District Attorney's Office | | | |
| 05/01/2024 | eService | | Served |
| 1 | 08/30/2024 | | Superior Court of Pennsylvania |
| Certificate of Remittal/Remand of Record | | | |
| Erie County District Attorney's Office | | | |
| 08/30/2024 | eService | | Served |
| 2 | 08/30/2024 | | Superior Court of Pennsylvania |
| Superior Court Order - Judgement Affirmed | | | |
| Erie County District Attorney's Office | | | |
| 08/30/2024 | eService | | Served |

CPCMS 9082

Printed: 03/10/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

A.164                                  A.164

# COURT OF COMMON PLEAS OF ERIE COUNTY

## DOCKET



**Docket Number: CP-25-CR-0002345-2022**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Joseph Peair Gregory

Page 13 of 14

## CASE FINANCIAL INFORMATION

Last Payment Date:                                                                 Total of Last Payment:

**Gregory, Joseph Peair**
Defendant

| | Assessment | Payments | Adjustments | Non Monetary Payments | Balance |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| ATJ | $6.00 | $0.00 | $0.00 | $0.00 | $6.00 |
| Automation Fee (Erie) | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| CJES | $2.50 | $0.00 | $0.00 | $0.00 | $2.50 |
| Clerk's Fee (Trial) (Erie) | $161.50 | $0.00 | $0.00 | $0.00 | $161.50 |
| Commonwealth Cost - HB627 (Act 167 of 1992) | $22.70 | $0.00 | $0.00 | $0.00 | $22.70 |
| Costs of Prosecution - CJEA | $50.00 | $0.00 | $0.00 | $0.00 | $50.00 |
| County Court Cost (Act 204 of 1976) | $33.15 | $0.00 | $0.00 | $0.00 | $33.15 |
| Crime Victim Services and Compensation (Act 77 of | $60.00 | $0.00 | $0.00 | $0.00 | $60.00 |
| DNA Detection Fund (Act 185-2004) | $250.00 | $0.00 | $0.00 | $0.00 | $250.00 |
| Domestic Violence Compensation (Act 44 of 1988) | $10.00 | $0.00 | $0.00 | $0.00 | $10.00 |
| Emergency Medical Services (Act 45 of 1985) | $20.00 | $0.00 | $0.00 | $0.00 | $20.00 |
| Firearm Education and Training Fund | $5.00 | $0.00 | $0.00 | $0.00 | $5.00 |
| JCPS | $21.25 | $0.00 | $0.00 | $0.00 | $21.25 |
| Judicial Computer Project | $8.00 | $0.00 | $0.00 | $0.00 | $8.00 |
| OAG - JCP | $2.50 | $0.00 | $0.00 | $0.00 | $2.50 |
| PA Transportation Trust Surcharge | $45.00 | $0.00 | $0.00 | $0.00 | $45.00 |
| State Court Costs (Act 204 of 1976) | $15.15 | $0.00 | $0.00 | $0.00 | $15.15 |
| Substance Abuse Education (Act 198 of 2002) | $50.00 | $0.00 | $0.00 | $0.00 | $50.00 |
| Substance Abuse Education (Act 198 of 2002) | $50.00 | $0.00 | $0.00 | $0.00 | $50.00 |
| User Fee (Erie) | $10.00 | $0.00 | $0.00 | $0.00 | $10.00 |
| Restitution Fee (Erie) | $25.00 | $0.00 | $0.00 | $0.00 | $25.00 |
| Community Service Fee (Erie) | $35.00 | $0.00 | $0.00 | $0.00 | $35.00 |
| Administrative Fee (Erie) | $150.00 | $0.00 | $0.00 | $0.00 | $150.00 |
| Prothonotary Fee (Erie) | $33.50 | $0.00 | $0.00 | $0.00 | $33.50 |
| Transcripts (Erie) | $16.65 | $0.00 | $0.00 | $0.00 | $16.65 |
| Transcripts (Erie) | $27.75 | $0.00 | $0.00 | $0.00 | $27.75 |
| Transcripts (Erie) | $94.35 | $0.00 | $0.00 | $0.00 | $94.35 |
| Transcripts (Erie) | $127.65 | $0.00 | $0.00 | $0.00 | $127.65 |

CPCMS 9082

Printed: 03/10/2025

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

A.165                                                                                       A.165

# Exhibit K
## (for filing purposes only)

# Disc produced to Court

IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH GREGORY,

    Plaintiff

    v.

TERRANCE DAWDY, et al.,

    Defendants

NO.  1:24-cv-12

JURY TRIAL OF 12 DEMANDED

### SECOND AFFIDAVIT OF DUSTIN M. LANDFRIED

COMMONWEALTH OF PENNSYLVANIA    )
                                      ) ss:
COUNTY OF ERIE                        )

I, Dustin M. Landfried, a police officer with the City of Erie, being duly sworn, hereby depose and say of my own personal knowledge:

1. I am a Corporal with the City of Erie Police Department and have been employed by the City of Erie Police Department since July 10, 2017. Prior to joining the City of Erie Police Department, I worked for the Erie County Juvenile Probation Office for approximately nine years.

2. I make this Affidavit in order to authenticate video extracted from my body-worn camera with respect to the medical care provided to Joseph Gregory ("Plaintiff") at St. Vincent Hospital on July 26, 2022, following his arrest.

3. I have independently reviewed the body-worn camera video attached as Exhibit K and certify that it is the full recording of my interaction with Plaintiff on July 26, 2022, and that it has not been edited or altered in any way.

A.167



A.167

4. Plaintiff did not request to be taken to the hospital during or after his arrest on July 25, 2022, and further did not indicate to myself or any other officer, in my presence, that he required medical treatment.

5. I did not personally observe any physical injuries to Plaintiff at the time of his arrest that I believe required immediate medical attention.

6. I am not aware of what caused the delay in Plaintiff's transportation from the police station to the Erie County Prison.

7. Plaintiff informed an employee of the Erie County Prison that he was experiencing shoulder pain while being booked into the prison. I was not aware of Plaintiff's shoulder pain prior to this statement to a prison employee. Once Plaintiff reported his shoulder pain, there was no significant period of delay before he was taken to the hospital.

8. Officer Dawdy and myself transported Plaintiff to St. Vincent Hospital and remained with him for the duration of his visit.

9. While at St. Vincent Hospital, Plaintiff's shoulder and/or lower back area were x-rayed. I am not aware of any further scans or treatment provided to Plaintiff while at St. Vincent's hospital. To my knowledge, the x-rays did not reveal any injury to Plaintiff's shoulder and/or lower back area.

10. Plaintiff was prescribed an antibiotic for his missing tooth and was told that he would need to have surgery in the future to remove the root of the tooth, but no immediate procedure was required. No further care was required to treat Plaintiff's shoulder pain.

11. I transported Plaintiff back to the Erie County Prison after leaving St. Vincent Hospital and he was successfully transferred into the prison's custody.

12. I further certify that:

2

A.168 A.168

a.     The body-worn camera that I was wearing on July 26, 2022, was capable of recording audio and video with respect to my encounter with Joseph Gregory;

b.     The dash camera from the cruiser was capable of recording video with respect to my encounter with Joseph Gregory;

c.     I have been trained and am competent to operate a body-worn camera;

d.     The recording attached as Exhibit K is authentic, correct, and complete;

e.     No changes, additions or deletions have been made to this recording;

f.     The recording has been preserved in the same manner that it is presented to the Court; and

g.     The Plaintiff can be identified as the medical patient in police custody at St. Vincent Hospital as can be seen on the video.

I hereby swear and affirm that the averments set forth above are true and correct to the best of my information, knowledge and belief.

_____
Dustin M. Landfried

Sworn to and subscribed before me

this 10th day of March, 2025.

_____
NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
April D. Lewis, Notary Public
Erie County
My commission expires April 8, 2026
Commission number 1075024
Member, Pennsylvania Association of Notaries

3

**A.169**                                                                                 **A.169**

IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH GREGORY,

        Plaintiff

  v.

TERRANCE DAWDY, et al.,

        Defendants

CASE NO. 1:24-cv-12

JURY TRIAL OF 12 DEMANDED

## BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT OR ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

AND NOW, come the Defendants, Terrance Dawdy, Lucas S. Dehart, Dustin M. Landfried, and Arthur E. Rhoades, Jr., by and through their counsel, Marshall Dennehey, P.C., Patrick M. Carey, Esquire, and Emily C. Downing, Esquire, and submit the following Brief in Support of Motion to Dismiss Plaintiff's Second Amended Complaint, Pursuant to Federal Rule of Civil Procedure 12(b)(6), or Alternatively Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, averring the following:

### I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

For a statement of the relevant facts and procedural history, see Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint or Alternative Motion for Summary Judgment.

### II. LEGAL ARGUMENT AND ANALYSIS

### A. 12(b)(6) Motion to Dismiss Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d. Cir. 1993). When ruling on a defendant's motion to dismiss, a judge must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Wayne Land &*

**A.170**                               **A.170**

*Mineral Grp. LLC v. Delaware River Basin Comm'n*, 894 F.3d 509, 526-27 (3d. Cir. 2018). In order to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to establish plausible allegations. *Id.*, at 644 (citing *Twombly*, 550 U.S. at 555). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.*, at 662, 678 (citing *Twombly*, 550 U.S. at 544, 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, (citing *Twombly*, 550 U.S. at 556). Pursuant to *Twombly* and *Iqbal*, a District Court should the following three-step approach when ruling on a defendant's motion to dismiss:

First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d. Cir. 2010)).

### B.     Consideration of Documents and Other Things Integral to Complaint

In deciding Rule 12 motions, Courts in this circuit may consider documents integral to or explicitly relied upon in the complaint, *In Re: Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)(citations omitted), or any undisputedly authentic documents that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. *PBGC v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). An exception to

2

**A.171**                                                                                                    **A.171**

the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *In Re: Burlington Coat Factory*, 114 F.3d at 1426) (emphasis added).

A Court may take judicial notice of documents filed in other Court proceedings because they are matters of public record. See *Liberty International Underwriters Can. v. Scottsdale Ins. Co.*, 955 F. Supp. 2d 317, 325 (D.N.J. 2013).

In the case at bar, the following exhibits are integral to the claims raised by Plaintiff and should be considered in light of the Defendants' Motion for Summary Judgement.

Attached to the Motion to Dismiss are the following:

    a. Commonwealth Court of Common Pleas Docket 2345-2022 (Exhibit A);

    b. Corporal Landfried's Body Camera Video entitled "2200_BLK_WAYNE-Cpl Landfried" (Exhibit B);

    c. Corporal Landfried and Officer Dawdy's Dash Camera Footage "2200_WAYNE_ST-3 Landfried and Dawdy Dash cam" (Exhibit C);

    d. The Affidavit of Corporal Landfried, authenticating Exhibits B and C, his Body Camera Video and Dash Camera Footage (Exhibit D);

    e. Officer Rhoades Body Camera Video entitled "2200_wayne_st-2 – Rhoades" (Exhibit E);

    f. The Affidavit of Officer Rhoades, authenticating Exhibit E, his Body Camera Video (Exhibit F);

    g. Officer Dawdy's Body Camera Video entitled, "2200_WAYNE_ST-4-Dawdy" (Exhibit G);

    h. The Affidavit of Officer Dawdy, authenticating Exhibit G, his Body Camera Video (Exhibit H);

    i. Officer Dehart's Body Camera Video entitled "2200_WAYNE_ST- Dehart" (Exhibit I);

    j. The Affidavit of Officer Dehart, authenticating Exhibit I, his Body Camera Video (Exhibit J);

3

    k.   *Exhibit K,* Corporal Landfried's Body Camera Video entitled "ST_VINCENT_HOSPITAL"; and

    l.   *Exhibit L,* The Affidavit of Corporal Landfried, authenticating Exhibit K, his Body Camera Video of Plaintiff receiving medical treatment.

**C.    Motion for Summary Judgment**

In the alternative, Defendants move for Summary Judgment pursuant to Fed. R. Civ. P. 56 and respectfully request this Honorable Court to determine that no genuine issues of material fact exist regarding the use of force by the named officers.

Exhibits B-L, the attached videos and their corresponding affidavits, are the best evidence of what occurred during Plaintiff's arrest on July 25, 2022, and transportation to St. Vincent's Hospital on July 26, 2022, and because these videos refute and disprove Plaintiff's allegations, the Court should consider the the videos in deciding this matter. Therefore, it is appropriate for the Court to exercise its discretion and consider the exhibits attached to Defendants' Motion to Dismiss and treat the entirety of Defendants' Motion to Dismiss as a Motion for Summary Judgment under Federal Rule of Civil Procedure 56. *Hyldahl v. Denlinger*, 661 Fed. Appx. 167 (3d Cir. 2016) (citing *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992)); *See also Passmore v. Iannello,* 2013 WL 625409 (W.D. Pa. Feb. 20, 2013) *aff'd by* 528 Fed. Appx. 14 (3d Cir. 2013).

Generally, summary judgment is proper when viewing the evidence in a light most favorable to the non-moving party, and drawing all inferences in favor of that party, there is no genuine dispute over any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *See also United States v. Care Alternatives,* 952 F.3d 89, 95 (3d Cir. 2020). It is well established where the pertinent events are captured on video, courts should not rely merely on the parties' characterizations of the events but rather should view the facts as they are depicted by the video. *Scott v. Harris,* 550 U.S. 372, 380-81 (2007); *See also Passmore,*

4

**A.173**                          **A.173**

2013 WL 625409; *Chaney v. Bednard,* 2020 WL 7864202 (W.D. Pa. Dec. 31, 2020); *Robison v. Testa,* 2021 WL 5770211 (W.D. Pa. Dec. 6, 2021). If "video refutes an inmate's assertion that defendants used excessive force, or when the video shows that an inmate did not suffer any physical distress, and a medical report indicates that he had no visible swelling or injuries, we should conclude viewing the evidence in the light most favorable to the inmate that, no reasonable finder of fact could view the video of the incident and determine that defendants acted maliciously and sadistically and may enter summary judgment on an excessive force claim." *Jackson v. Beard,* 2016 WL 3621279, at *6 (M.D. Pa. Marc. 31, 2016)(citing *Tindell v. Beard,* 351 F. App'x 591, 596 (3d Cir. 2009)).

Lastly, "[the] summary judgment process presupposes the existence of an adequate record, [and] courts are obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery[.] However, there is no obligation to grant discovery when the information sought would not have precluded summary judgment." *Hyldahl,* 661 Fed. Appx. at 172 (internal quotations omitted)(citing *Doe v. Abington Friends Sch.,* 480 F.3d 252, 257 (3d Cir. 2007 and *Downling v. City of Philadelphia,* 855 F.2d 136, 139-40 (3d Cir. 1988)).

In the case at bar, the Court should consider the alternative and convert Defendants' Rule 12 Motion to a Rule 56 Motion for Summary Judgment.

### D. Plaintiff Has Failed to Set Forth a Claim or Cause of Action of Excessive Force under the Fourth Amendment

To state a claim for excessive force a plaintiff must show that a seizure occurred and that it was unreasonable. *Kopec v. Tate,* 361 F.3d 772, 776 (3rd Cir. 2004). In *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865 (1989), the defining case on the subject of excessive force, the United States Supreme Court held that "*all* claims that law officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen

5

A.174                                                                              A.174

should be analyzed under the Fourth Amendment and its 'reasonableness' standard…" *Graham*, 490 U.S. at 395.

The analysis of reasonableness under the Fourth Amendment requires a "careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham,* 490 U.S. at 396. Although the test of reasonableness under the Fourth Amendment "is not capable of precise definition or mechanical applications," *Bell v. Wolfish*, 441 U.S. 520, 559 (1979), "its proper application requires careful attention to the facts and circumstances of each particular case." *Graham*, 490 U.S. at 396-97. The test of reasonableness under the Fourth Amendment is whether under the totality of the circumstances, the officer's actions are "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivations." *Graham*, 490 U.S. at 396. *See also Kopec*, 361 F.3d at 776. Therefore, "an officer's good faith is irrelevant and any bad faith motivation on his part is immaterial." *Kopec*, 361 F.3d at 776, citing *Estate of Smith v. Marasco*, 318 F.3d 497, 515 (3rd Cir. 2003). Determining whether the force used to effectuate an arrest is "reasonable" requires balancing "'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham,* 490 U.S. at 396 (*quoting United States v. Place*, 462 U.S. 696, 703 (1983)).

"Not every push or shove even if it may later seem unnecessary in the peace of the judge's chambers violates the Fourth Amendment." *Johnson v. Glick*, 481 F.2d 1028, 1033 (1973). In considering the reasonableness of a law enforcement officer's use of force, courts are to contemplate the specific facts and circumstances of the case, which include the severity of the underlying offense, the threat to the safety of the officers or others posed by the suspect in question, and whether that suspect is actively resisting arrest. *Graham,* 490 U.S. at 396. *See*

6

A.175        A.175

*also Kopec*, 361 F.3d at 776-77. Any reasonableness determination conducted by the Court is to occur from the perspective of a reasonable officer at the scene, and without the benefit of hindsight. *Graham*, 490 U.S. at 396. Additionally, determinations of whether a police officer's actions are reasonable must take into account that split-second decisions are required by law enforcement personnel in circumstances that are "tense, uncertain, and rapidly evolving." *Id.* at 397.

> Methods employed by law enforcement that may seem extreme with the benefit of hindsight are not *per se* constitutional violations, even if they caused discomfort to a plaintiff. See *Graham*, 490 U.S. at 396; *Sharrar v. Felsing*, 128 F.3d 810, 821 (3rd Cir. 1997).
>
> *Wargo v. Municipality of Monroeville*, 646 F. Supp. 2d 777, 784-785 (W.D. Pa. 2009).

In the case at bar, Defendants take the position that the named Defendants' body camera videos and dash camera video refute Plaintiff's excessive force claim against the named Defendants. Specifically, the videos establish that Plaintiff had been detained for investigative purposes and the moment Officer Rhoades attempted to place Plaintiff under arrest, Plaintiff attempted to flee on foot. At that time, there was probable cause to arrest Plaintiff for providing false identification to law enforcement and due to his admission of possessing marijuana in his vehicle without a medical card.

The attached body camera video exhibits show that five officers were present at the scene and three officers chased Plaintiff in an attempt to apprehend him. Those officers included Rhoades, Dehart, and Dawdy. Plaintiff made the unwise decision to resist arrest and flee the scene where several police officers were present. Plaintiff was within arms reach of the officers and was confined to a narrow street with several parked cars when he made the decision to run. His capture was inevitable and with several individuals sprinting down a paved street after a fleeing arrestee, injuries are also inevitable. The chase lasted a matter of less than ten seconds

7

A.176                                                                                    A.176

and unfortunately, Plaintiff was injured during those few short seconds. Officer Rhoades made a split second decision to attempt to take Plaintiff to the ground. In that attempt, Officer Rhoades may have struck Plaintiff. Officer Rhoades' one strike, if any, made with the intent to take Plaintiff to the ground, does not equate to the use of excessive force and Officers Dehart and Dawdy's use of force to take Plaintiff to the ground cannot be found to be excessive.

Aside from the one strike potentially causing injury to Plaintiff, the videos show that Plaintiff might have injured himself while fleeing from the police. While running in a full sprint, Plaintiff ran into the side of a red vehicle parked on the left side of the road. It is unclear whether this caused his tooth to be knocked out: running into the car, being struck by an officer, or being taken to the ground. Once on the ground, Plaintiff was told to stop resisting and was told that if he continued to resist, he would be tased. Plaintiff was not tased and once he was taken to the ground and placed in handcuffs, the named officers used no further force against him to effectuate his arrest, as the need to use force ceased once the named Defendants had physical control over Mr. Gregory and he could no longer flee from the scene. Once Plaintiff was placed in handcuffs, he was told that he was under arrest for providing false identification to law enforcement. Review of the several attached body camera videos confirms that Plaintiff was provided medical care after his arrest.

Notably, Plaintiff has failed to show Corporal Landfried's personal involvement during the alleged use of excessive force. A review of Exhibit C, shows that when Plaintiff took off on foot, Corporal Landfried was actively searching Plaintiff's vehicle. Corporal Landfried did not take part in chasing, tackling, or alleged striking of Plaintiff. Plaintiff has named Corporal Landfried merely because he was present at the scene and took part in the investigation that led to Plaintiff's arrest. His role in the investigation is insufficient to wrap Corporal Landfried into

A.177      A.177

Plaintiff's use of force claim and therefore, all claims against Corporal Landfried should be dismissed.

Plaintiff was not the only individual injured during his flight from law enforcement. Officer Dehart's elbow was scraped while taking Plaintiff to the ground, and Plaintiff was ultimately convicted by a jury of multiple charges specifically related to his attempt to evade arrest including Aggravated Assault – Attempts to Cause or Causes Serious Bodily Injury to Designated Individuals, escape, and resisting arrest, amongst other charges.

No reasonable fact finder could conclude that Officer Rhoades, Officer Dehart, or Officer Dawdy used excessive force during their attempt to apprehend Plaintiff. Further Plaintiff has failed to show that Corporal Landfried was personally involved in the alleged use of excessive force. Overall, the videos reveal that the force used by the named officers was measured and necessary to effectuate Plaintiff's arrest and the allegations of excessive force against the named officer should be dismissed.

### E. Plaintiff Has Failed to State a Deliberate Indifference Claim against the Named Defendants

Claims for denial of medical care to arrestees are analyzed under the same standards as Eighth Amendment claims for denial of medical care to prisoners. See *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). In order to state a claim for denial of medical care, a plaintiff must allege sufficient facts to show the defendant acted with deliberate indifference to his or her medical needs. *Id.* at 582. The Third Circuit has noted that deliberate indifference requires evidence of "(i) a serious medical need, and (ii) acts or omissions by [ ] officials that indicate deliberate indifference to that need." *Id.* Further, deliberate indifference may exist in circumstances where there was "'objective evidence that [a] plaintiff had a serious need for medical care,' and [ ] officials ignored that evidence" or "where 'necessary medical treatment is delayed for non-medical reasons.'" *Id.* at 582 (citing *Nicini v. Morra*, 212 F.3d 798,

9

A.178   A.178

815 n.14 (3d Cir. 2000); *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *See Monmouth Cty.*, 834 F.2d at 347 (citing *Pace v. Fauver*, 479 F. Supp. 456, 458 (D.N.J. 1979), aff'd, 649 F.2d 860 (3d Cir. 1981)). Indeed, the very concept of "serious medical need" requires that the Plaintiff's condition be such that a failure to treat can be expected to lead to "substantial and unnecessary suffering, injury, or death." *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1023 (3rd Cir. 1991). Deliberate indifference is a subjective standard analogous to criminal law's "recklessness" standard, meaning a plaintiff must demonstrate a reckless disregard of a known "substantial risk of serious harm." See *Peters v. Brown*, 793 F. App'x 118, 123 (3d Cir. 2019). Further, an official must "be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists" and must "also draw the inference." See *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff alleges that approximately nineteen hours passed between his arrest and his transportation to St. Vincent's. *ECF No. 54,* p. 3. Plaintiff alleges that from the time he arrived at the police station at approximately 7:59 P.M. on July 25, 2022. He remained at the police station until 1:47 P.M. the following day. Plaintiff has failed to explain the reason he remained at the police station for such a long period of time. He does not specifically attribute the delay to the named Defendants and he does not claim that he requested medical care at any time during his time at the police station. Plaintiff alleges that the prison refused to accept custody of him due to his "serious injuries" during the booking process. Plaintiff's Second Amended Complaint describes his injuries as a missing tooth, in addition to cuts and bruises on his arms, back, and

10

collar bone. *ECF No. 54,* p. 4. The Defendants acknowledge that Plaintiff claimed to have lost a tooth during his arrest. Plaintiff failed to otherwise inform the officers of any injuries.

Although Mr. Gregory's Second Amended Complaint points to the loss of his tooth as the "serious injury" he experienced during his arrest, Exhibit K, Corporal Landfried's body camera video from St. Vincent's clarifies that Plaintiff was taken to the hospital after informing the prison during his intake that he was experiencing shoulder pain. Plaintiff does not suggest that there was a delay in the named defendants taking him to the hospital once he informed the prison of his shoulder pain.

In reviewing Corporal Landfried's Body Camera Video from Plaintiff's visit at St. Vincent's Hospital (Exhibit K), it is made clear that the injury Plaintiff indicated during intake at the prison that he was experiencing "shoulder pain." *See Exhibit K,* 16:00:32-16:01:05. While at St. Vincent Hospital, x-rays of Mr. Gregory's shoulder and back were taken. *Id.* at 15:21:07-15:31:22. Plaintiff is then seen by a St. Vincent doctor. *Id.* at 16:01:05- 16:05:10. When he is asked by the doctor what hurts the most, he points to his shoulder and lower back. *Id.* The doctor informs him that his x-rays look "pretty good." *Id.* The doctor observes "the tinniest little scrape," once she lifts up Plaintiff's shirt to look at his lower back. *Id.* After examining Mr. Gregory, the doctor determines that he should be placed on an antibiotic to prevent infection and indicates that he will have to see a dentist "at some point" to have the root of his missing tooth removed. *Id.*

It is notable that Mr. Gregory did not receive *any* treatment for the loss of his tooth while at the hospital. He did not require immediate oral surgery and was not provided any pain medication. Rather, the doctor indicated that he would need treatment in the future. The focus of all medical care provided by St. Vincent's medical professionals was for his reported shoulder injury. X-rays revealed that Plaintiff's shoulder and/or lower back were not injured. Plaintiff has

11

A.180                                                                                                                    A.180

failed to establish that he had a **serious** medical need or **serious** injury. Further, he has failed to identify any acts or omissions by the named officers which would support his claim of deliberate indifference. Once they were made aware of his shoulder complaint, he was promptly taken to St. Vincent Hospital.

Here, Plaintiff's Second Amended Complaint does not establish that his need for medical care was "so obvious that a lay person would easily recognize the necessity" for hospitalization. *See Monomouth Cty,,* 834 F.2d at 347. In reviewing Exhibits B-L, Plaintiff never requests medical care and does not inform officers that he is in physical pain. Shoulder pain is not a visibly apparent injury and it can develop several hours after the injury occurs. But for Mr. Gregory informing the prison of his shoulder pain, the officers would not have known about this injury.

Based upon the foregoing, Plaintiff has failed to establish a deliberate indifference claim against the named Defendant officers and this claim should be dismissed, with prejudice.

### F.  The Named Defendants are Entitled to Qualified Immunity

Qualified Immunity is an affirmative defense for government officials subject to §1983 actions which operates to shield government officials from liability for civil damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808 (2009); see also *Behrens v. Pelletier*, 516 U.S. 299 (1996). Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Groh v. Ramirez*, 540 U.S. 551, 567 (2004)

12

A.181     A.181

(Kennedy, J., dissenting) (citing *Butz v. Economou*, 438 U.S. 478, 507 (1978) (noting that qualified immunity covers "mere mistakes in judgment, whether the mistake is one of fact or one of law").

In other words, an officer is not entitled to qualified immunity if 'at the time of the challenged conduct, the contours of the right were sufficiently clear that every reasonable official would have understood that what he was doing violates that right.' *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S.Ct. 2074, 179 L. Ed. 2d 1149 (2011). 'We do not require a case directly on point, but existing precedent must have placed a statutory or Constitutional question beyond debate.' *Id.* 'The dispositive question is whether the violative nature of particular conduct is clearly established. This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition.' *Mullenix v. Luna,* 136 S.Ct. 305, 308 (2015) (citation and internal quotation marks omitted).

The Supreme Court has explained that a plaintiff may satisfy this standard by "identifying a case where an officer acting under similar circumstances as [the defendant officer] was held to have violated the [constitutional provision at issue]." *White v Pauly*, 137 S.Ct. 548, 552 (2017).

"The Supreme Court has 'repeatedly…stressed the importance of resolving immunity questions at the earliest stage in litigation.'" *Pearson v. Callahan,* 555 U.S. 223, 231-232 (2009).

> Because qualified immunity is "an immunity from suit rather than a mere defense to liability … it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis deleted). Indeed, we have made clear that the "driving force" behind creation of the qualified immunity doctrine was a desire to ensure that "'insubstantial claims' against government officials [will] be resolved prior to discovery." *Anderson v. Creighton*, 483 U.S. 635, 640, n. 2 (1987). Accordingly, "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in

13

litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam).

*Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (emphasis added).

Qualified immunity provides "government officials breathing room to make reasonable but mistaken judgments," and "protects all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. at 743. Whether a government official is shielded by qualified immunity requires a reviewing court to look to the objective legal reasonableness of the officials' actions alleged to have violated the plaintiff's rights. *Vega v. Ripley*, 2013 U.S. Dist. LEXIS 191975, at *15 (M.D. Pa. May 15, 2013) *citing Orsatti v. New Jersey State Police*, 71 F.3d at 483.

A two-step process has been established by the Court when analyzing the qualified immunity defense. The first step includes the court viewing the facts, taken in the light most favorable to plaintiff, to determine whether the facts show a constitutional violation. If the court finds a constitutional violation, then the second step is to determine whether the constitutional right at issue was clearly established at the time of the alleged violation. *Saucier v Katz*, 533 U.S. 194, 121 S.Ct. 2151 (2001). The courts have gone further by explaining that a right is "clearly established" if a reasonable officer would understand that his actions would violate such right. *Id.* Subsequent decisions by the Supreme Court removed the two-step requirement and held that if either step is fulfilled, qualified immunity applies.

An officer is entitled to qualified immunity if it was objectively reasonable for him to believe that his actions did not violate clearly established constitutional rights. *Saucier*, 533 U.S. at 202. (If the officer's mistake as to what the law requires is reasonable, the officer is entitled to the immunity defense.) The Court's qualified immunity analysis therefore "looks to the reasonableness of an officer's belief that he acted lawfully after the officer is found to have been unreasonable in his conduct." *Stephenson v Doe*, 332 F.3d 68, 80 (3d Cir. 2003). Qualified

14

immunity is a question to be decided by the Courts and not the jury. *Curley v Klem*, 499 F.3d 199, 209 (3d Cir. 2007); citations omitted.

Officer Rhoades, Dehart, and Dawdy's actions in apprehending Plaintiff were objectively reasonable and any similarly situated, reasonable officer would not believe that their actions violated Plaintiff's constitutional rights. Plaintiff's attempt to avoid arrest was an apparent safety concern for the named officers and the general public. Plaintiff's apprehension was necessary. Any reasonable officer would have made it their priority to take Plaintiff to the ground and place him under arrest.

The same analysis extends to Plaintiff's deliberate indifference claims. Plaintiff was taken to the hospital for examination of his shoulder, not his tooth. Plaintiff did not inform the named Defendants that he was experiencing shoulder pain and he did not request medical care or notify anyone of his shoulder pain until he was being booked into the prison. He was taken to the hospital once he disclosed his shoulder pain. At the hospital, it was determined through x-rays and a physical examination that Plaintiff's shoulder was not seriously injured. His shoulder required no further medical care. No reasonable officer would believe they had violated Plaintiff's constitutional rights given the established facts of this case by not taking him to the hospital after his arrest.

Therefore, the named Defendants are entitled to qualified immunity for their conduct while apprehending Plaintiff.

### G.  Plaintiff Has Failed to State a Claim or Set Forth a Cause of Action of Cruel and Unusual Punishment, Neglect, or Negligence

Plaintiff's Second Amended Complaint is devoid of any facts which would support the conclusion that Plaintiff has established a cruel and unusual punishment, neglect, or negligence claim.

15

A.184          A.184

Plaintiff cannot state a claim for relief under §1983 based on the Eight Amendment's cruel and unusual punishment clause. The Eighth Amendment applies only to punishment imposed after conviction of a crime. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 1871, 60 L.Ed.2d 447 (1979). This leaves a viable §1983 claim of excessive use of force against the plaintiff in arresting him. Claims brought pursuant to 42 U.S.C. §1983 "impose civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). "It is well settled that §1983 does not confer any substantive rights, but merely 'provides a method for vindicating federal rights elsewhere conferred.'" *Williams v. Pennsylvania Human Relations Comm'n,* 870 F.3d 294, 297 (3d Cir. 2017)(quoting *Hildebrand v. Allegheny Cty.,* 757 F.3d 99, 104 (3d Cir. 2014)). To establish a claim under §1983, a plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence,* 396 F.3d 314, 319 (3d Cir. 2005). With respect to Plaintiff's neglect and negligence claims, Plaintiff has failed to establish the violation of a constitutionally protected right.

To the extent that Plaintiff has established a negligence claim against the named Defendants, this claim is barred by the Pennsylvania's Political Subdivision Tort Claims Act ("TCA"). 42 Pa. C.S.A. §8541. Specifically, the TCA grants municipalities immunity from liability for intentional torts and willful misconduct committed by municipal employees. *Harris v. Krasn*er, 110 F.4th 192, 200 (3d Cir. 2024); *Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1022 (Pa. Cmwlth. 2014). As it relates to Plaintiff's negligence claim, the asserted claim does not fall within an exception to immunity set forth at 42 Pa.C.S.A. §8542(b). Therefore, Plaintiff's negligence claim must be dismissed.

16

A.185                                                                                                          A.185

**H.     Any Malicious Prosecution, False Arrest, or False Imprisonment Claims are Barred by the *Rooker-Feldman* Doctrine**

To the extent that Plaintiff's Second Amended Complaint can be interpreted to raise malicious prosecution, false arrest, or false imprisonment claims, they are barred by the *Rooker-Feldman* Doctrine. Under the *Rooker-Feldman* Doctrine, a Federal District Court lacks the subject matter jurisdiction to review state court adjudications or evaluate constitutional claims that are "inextricably intertwined" with the state court's decision. *Guarino v. Larson*, 1151, 1156 (3rd Cir. 1993), citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983) and *Rooker v. Fidelity Trust Company*, 263 U.S. 413, 414 (1923). A federal district court should not exercise jurisdiction over constitutional claims that have been previously litigated in a state judicial proceeding or that are inextricably intertwined with a prior state adjudication. *Gulla v. North Strabane*, 146 F.3d 169, 171 (3d Cir. 1998); *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 839-40 (3d Cir. 1996); *accord District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

The Supreme Court in *Feldman* explained that, for the purposes of determining jurisdiction, a judicial proceeding resulting in a state adjudication occurs where the proceeding "investigate[s], declare[s], and enforce[s] liabilities … on present or past facts and under laws supposed already to exist." *Feldman.*, 460 U.S. at 479 quoted in *Guarino,* 11 F.3d 1151, 1157 (declining jurisdiction based upon Rooker-Feldman Doctrine).

The Third Circuit held in *Gulla* that "if the relief requested in the federal action would effectively reverse the state decision or void its ruling," the federal court should deny the claim on jurisdictional grounds. *Gulla.*, 146 F.3d at 171 quoting *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 n.1 (8th Cir. 1995). The *Gulla* court held that, under the *Rooker-Feldman* Doctrine, a federal district court could exercise jurisdiction only if it could grant the relief

17

A.186                                                                                                          A.186

requested without disturbing the state adjudication. *Id.* The Rooker-Feldman Doctrine also "encompass[es] final decisions of lower state courts." *In re General Motors Corp. Products Liability Litigation*, 134 F.3d 133, 143 (3d Cir. 1998) (declining to exercise jurisdiction under *Rooker-Feldman* Doctrine). Federal District Courts lack jurisdiction once a state court has adjudicated an issue because Congress has conferred only original jurisdiction not appellate jurisdiction on the District Courts. *Rooker,* 263 U.S. at 416.

Based upon the foregoing analysis, all claims raised by Plaintiff in his Complaint, related to Docket 2345-2022, seeking to have that conviction overturned or dismissed, are barred by the *Rooker-Feldman* Doctrine.

## I.     Plaintiff's Second Amended Complaint Violates F.R.C.P. 10(b)

Federal Rule of Civil Procedure 10(b) provides: Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence-and each defense other than a denial-must be stated in a separate count or defense. Fed. R. Civ. P. 10(b). "When a litigant-even a prose litigant- fails to comply with Rule 10(b), the court may dismiss the complaint." *Aeon-Chen v. Buttigieg*, 2024 WL 4416943, at *2 (D.D.C. Oct. 5, 2024) (citations omitted). The District Court in *Aeon-Chen* explained: 5 Case 1:23-cv-00067-SPB-RAL Document 54 Filed 03/05/25 Page 5 of 8 *Id.* Rule 10(b) ensures that a plaintiff breaks his or her complaint down into a series of discrete factual allegations, which the defendant must, in turn, admit or deny. When a plaintiff fails to comply with Rule 10(b), and instead combines his or her allegations in single, running narrative, the defendant is left at a loss with respect to how to answer. A general denial is permitted only when the defendant, in good faith, intends "to deny all the allegations of a pleading," Fed. R. Civ. P. 8(b)(3), a prospect that is

18

A.187     A.187

seldom possible. And, in all other cases, the defendant must "either specifically deny designated allegations or generally deny all except those specifically admitted," id., a prospect that is both daunting and riddled with potential pitfalls when the plaintiff fails to comply with Rule 10(b ).

Mr. Gregory's Second Amended Complaint violates Rule 10(b), because it does not include numbered paragraphs and further fails to set forth a single set of circumstances or discrete factual allegations at each paragraph. Many paragraphs are argumentative rather than factual. Consequently, the Second Amended Complaint does not allow a response that would differentiate the facts in dispute from those that are not.

### J.    Plaintiff is Not Entitled to Punitive Damages

In *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 , 271, 101 S.Ct. 2748 (1981), the Supreme Court held that punitive damages are never available against a municipality under 42 U.S.C. §1983. Likewise, any claim for punitive damages against an officer in his official capacity is also barred. *Hill v. Borough of Swarthmore T/A/D/B and/or Swarthmore Police Department*, 4 F.Supp. 2d 395 (1998). In addition, punitive damages against an individual party under §1983 may only be awarded where the defendant exhibits a "reckless or callous indifference" to a plaintiff's civil rights. *Coleman v. Kaye*, 87 F.3d 1491, 1509 (3rd Cir. 1996). In this matter, Plaintiff has not set forth any facts which would entitle him to an award of punitive damages against the named Defendants. Plaintiff's demand for punitive damages should be stricken from his Second Amended Complaint.

### K.    Amendment to Plaintiff's Second Amended Complaint would be Futile

The United States Court of Appeals for the Third Circuit has instructed that a District Court must permit a curative amendment to a Complaint which is vulnerable to dismissal under Federal Rule of Civil Procedure 12(b)(6) "unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). An amendment is deemed to

19

A.188                                                                                    A.188

be futile if the Amended Complaint cannot withstand a renewed Motion to Dismiss. *Shane v. Fauver,* 213 F.3d 113, 116 (3d Cir. 2000). In the instant matter, Plaintiff has been granted leave to amend his complaint on two prior occasions. The factual allegations in support of his excessive force claim are substantially similar. Plaintiff has set forth additional claims of cruel and unusual punishment, deliberate indifference, "neglect" and negligence, none of which can overcome the arguments set forth herein and should be dismissed, with prejudice. Further amendment to Plaintiff's Second Amendment Complaint would be futile.

## III.  CONCLUSION

For the reasons set forth herein, and based upon the attached exhibits and legal authority citied herein, the Defendants, Terrance Dawdy, Lucas S. Dehart, Dustin M. Landfried, and Arthur E. Rhoades, Jr., respectfully request an Order from this Honorable Court granting their Motion to Dismiss Plaintiff's Second Amended Complaint, or alternative Motion for Summary Judgment, in its entirety and dismissing Plaintiff's claims against them with prejudice.

Respectfully submitted,

MARSHALL DENNEHEY, P.C.

By _____
Emily C. Downing, Esquire
PA ID #322988
Patrick M. Carey, Esquire
PA ID # 50171
717 State Street, Suite 701
Erie, PA  16501
(814) 480-7800
ecdowning@mdwcg.com
pmcarey@mdwcg.com

20

A.189                                            A.189

IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH GREGORY,

        Plaintiff

    v.

TERRANCE DAWDY, et al.,

        Defendants

CASE NO. 1:24-cv-12

JURY TRIAL OF 12 DEMANDED

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Brief in Support of Motion to Dismiss was duly served on all counsel of record and unrepresented parties on the 10th day of March, 2025, electronically, courthouse box or by mailing same to them at their designated offices by first class United States mail, postage prepaid.

Smart Communications/PA DOC
Joseph Gregory, #NL0318
SCI-Forest
P.O. Box 33028
St. Petersburg, FL 33733

MARSHALL DENNEHEY, P.C.

By_____
    Emily C. Downing

**A.190**            **A.190**

IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH GREGORY,

   Plaintiff

   v.

TERRANCE DAWDY, et al.,

   Defendants

CASE NO.  1:24-cv-12

JURY TRIAL OF 12 DEMANDED

## CONCISE STATEMENT OF MATERIAL FACTS[1]

AND NOW, come the Defendants, Terrance Dawdy, Lucas S. Dehart, Dustin M. Landfried, and Arthur E. Rhoades, Jr., by and through their counsel, Marshall Dennehey, P.C., Patrick M. Carey, Esquire, and Emily C. Downing, Esquire, and submit the following Concise Statement of Material Facts, averring the following:

1. On July 25, 2022, at approximately 7:37 p.m., Joseph Gregory was driving a black Audi with an expired registration in the area of E. 22nd and Wayne Streets in Erie, Pennsylvania.

2. Corporal Landfried and Officer Dawdy were riding together that evening in a marked City of Erie Police Department cruiser and were dressed in full police uniform including body-worn cameras.

3. Landfried and Dawdy conducted a traffic stop on the black Audi due to the expired registration.

4. In response to Landfried and Dawdy's request for back up, Sergeant Bielak, Officer Rhoades, and Officer Dehart arrived to the scene.

---

[1] The Factual Allegations stated in paragraphs 1-24 are supported by the body camera and dash camera videos and their corresponding affidavits, Exhibits B-J, which are hereby incorporated by reference. *ECF Nos. 24, 27.*

A.191    A.191

5. Landfried and Dawdy approached the stopped vehicle and asked the driver to identify himself.

6. The driver identified himself as "Defonta Butler."

7. The driver was unable to provide a driver's license, the last four digits of his social security number, and the date of birth he provided did not match the age he provided to the officers.

8. Officer Dawdy was aware that the driver (Plaintiff) was not Defonta Butler because Dawdy was familiar with Defonta Butler from prior experience with Mr. Butler while working as a police officer in the City of Meadville.

9. Officer Dawdy relayed the information regarding the driver's false identity to Corporal Landfried.

10. Corporal Landfried asked the driver to step out of the vehicle for further investigation.

11. Corporal Landfried asked if anything illegal was in the vehicle, to which the driver admitted to possessing marijuana within the vehicle.

12. Corporal Landfried requested consent from the driver to search his vehicle, which was granted by the driver.

13. During Corporal Landfried's search of the vehicle, he found a photo driver's license issued to Joseph Gregory, in the center console of the vehicle, next to marijuana.

14. At that time, Corporal Landfried asked Officer Rhoades to place the driver, Joseph Gregory, in handcuffs, due to his confirmation that Joseph Gregory had provided false information regarding his identity and due to the marijuana in the vehicle.

2

A.192 A.192

15.    When Officer Rhoades attempted to arrest Joseph Gregory he broke out into a full sprint and ran away from the group of police officers that had responded to the scene.

16.    Officer Rhoades, Dehart, and Dawdy chased after Joseph Gregory.

17.    Joseph Gregory, while in a full sprint, ran into the side of a red vehicle that was parked on the left side of the street.

18.    Joseph Gregory was taken to the ground and placed into handcuffs within seconds.

19.    Prior to being taken down to the ground, Officer Rhoades may have struck Joseph Gregory in the face one time.

20.    Officer Rhoades admitted to striking Joseph Gregory when he was accused of that by Plaintiff.

21.    Joseph Gregory actively resisted arrest.

22.    Officers warned Joseph Gregory, he would be tased if he did not stop resisting while the officers attempted to place him in handcuffs.

22.    A Taser was not deployed and no further use of force was required of the officers to place Joseph Gregory under arrest.

22.    Joseph Gregory lost a tooth as a result of his flight from the named officers.

23.    It is unclear what caused Plaintiff's injury: (1) his contact with the parked vehicle while sprinting away from the officers, (2) his takedown by the officers, or (3) the alleged strike from Officer Rhoades.

24.    Officer Dehart's elbow was scraped during the attempt to take Plaintiff to the ground.

A.193                                                    A.193

25. At no time did Joseph Gregory indicate to the Erie Police officer Defendants that he needed to be taken to the hospital for medical care during or after his arrest on July 25, 2022. *Exhibits B-L.*

26. Corporal Landfried did not personally observe any physical injuries to Joseph Gregory at the time of his arrest, which he believed required immediate medical attention. *Exhibits K-L.*

27. Subsequent to his arrest, Joseph Gregory was taken to the City of Erie Police station on the evening of July 25, 2022. *Id.*

28. During the late morning or early afternoon of July 26, 2022, Plaintiff was transported from the City of Erie Police station to the Erie County Prison. *Id.*

29. It is unclear what caused the delay in Joseph Gregory's transportation from the station to the prison, but that delay cannot be attributed to the named Defendants. *Id.*

30. While being booked in the Erie County Prison, Joseph Gregory indicated to a prison employee that he was experiencing shoulder pain. *Id.*

31. Upon receiving this information, Joseph Gregory was transported to St. Vincent Hospital by Corporal Landfried and Officer Dawdy, to be examined by medical professionals on July 26, 2022, prior to completing the booking process at the prison. *Id.*

32. Joseph Gregory's medical examination at St. Vincent Hospital was captured on Corporal Landfried's body-worn camera. *Id.*

33. Corporal Landfried's body-worn camera began recording at 15:18:43, and at that time, Joseph Gregory was already in a patient room meeting with a medical professional. *Id.*

34. While at St. Vincent Hospital, Joseph Gregory's shoulder and/or lower back area were x-rayed. *Id.*

4

A.194                                                                                                  A.194

35.     The x-rays did not reveal any injury to Plaintiff's shoulder and/or lower back area. *Id.*

36.     At the end of his medical examination, Joseph Gregory was told by a doctor that he would be prescribed an antibiotic and that he would need to have surgery in the future to remove the root of his tooth, but no immediate procedure was required. *Id.*

37.     Joseph Gregory was transported back to the Erie County Prison after leaving St. Vincent Hospital and booked without further issue. *Id.*

38.     Joseph Gregory was charged with Aggravated Assault-Attempts to Cause or Causes SBI to Designated Individuals (F2), Escape (F3), Resisting Arrest (M2), Possession of a Controlled Substance (M), Possession of Drug Paraphernalia (M), Criminal Mischief (S), Operating a Vehicle Without Valid Inspection (S), and False Identification to Law Enforcement Officers (M3), as a result of the aforementioned interaction with Erie City Police on July 25, 2022. *Exhibit A.*

39.     At Docket 2345-2022, Joseph Gregory was convicted by a jury of all criminal charges on April 13, 2023. *Id.*

40.     Joseph Gregory's conviction was affirmed on August 30, 2024. *Id.*

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

By _____
        Emily C. Downing, Esquire
        PA ID No. 322988
        717 State Street, Suite 701
        Erie, PA  16501
        (814) 480-7800
        ecdowning@mdwcg.com

LEGAL/161912237.v1

5

IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH GREGORY,

        Plaintiff

  v.

TERRANCE DAWDY, et al.,

        Defendants

CASE NO. 1:24-cv-12

JURY TRIAL OF 12 DEMANDED

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within Concise

Statement of Material Facts was served on the following listed below this 10th day of March,

2025, by electronic filing, courthouse box or United States First Class mail, postage pre-paid.

Smart Communications/PA DOC
Joseph Gregory, #NL0318
SCI-Forest
P.O. Box 33028
St. Petersburg, FL 33733

MARSHALL DENNEHEY, P.C.

By: _____
Emily C. Downing, Esquire

**A.196**　　　　　　　　　　　　　　　　　　**A.196**

To The United States Court
For The western District of Pennsylvania

Joseph Gregory,

        Plaintiff

    V.

Erie Police dept, Terrance Dawdy, et al.,

        Defendants

Case No. 1:24-cv-12

**FILED**

APR 2 1 2025

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## Motion Requesting More Time and Discovery

Now comes, Pro se Petitioner stating the following:

I the Plaintiff request that this court grant the motion requesting more time and discovery due to the fact that I the Plaintiff cannot submit the necessary affidavits or other evidence to oppose a summary judgment motion

I the Plaintiff is requesting this Honorable court to deny the defendants motion, or at least stay it, until the Plaintiff have obtained the necessary information. The Plaintiff believe that this is the proper course if the Plaintiff have not had an opportunity to complete discovery.

The Plaintiff is requesting more time and discovery to obtain the following evidence:

1.) The Subpeona of medical Records from the Saint Vincent Hospital in Erie PA

2.) The Subpeona of the medical Records from the Erie county prison

3.) The Subpeona of the wexford Health form from the Erie county prison

4.) The Subpeona of the video footage of the booking Process at the Erie County police station.

5.) The subpeona of the probation/parole officers name that was on the scene with the defendants on the date of 7-25-22 when the Plaintiff civil rights was violated

A.197 A.197

Date: 4-11-2025

CC: File

Respectfully submitted

(petitioner) _Joseph P. Glynn_

SCI Forest

P.O. Box 945

Marienville, PA 16239

A.198                                                    A.198

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

JOSEPH GREGORY,                          )
                                         )
                                         )          1:24-CV-00012-SPB
            Plaintiff,                   )
                                         )
      vs.                                )
                                         )
PHM. TERRANCE DAWDY, OFFICER             )
LUCAS S. DEHART, DUSTIN M.               )
LANDFRIED, OFFICER ARTHUR E.             )
RHOADES JR.,                             )
                                         )
                                         )
            Defendants.                  )

**<u>MEMORANDUM ORDER</u>**

AND NOW, this 5th day of May, 2025,

Upon consideration of Plaintiff Joseph Gregory's MOTION for Extension of

Time to Complete Discovery ECF No. 62, it is HEREBY ORDERED as follows:

Gregory's motion is denied without prejudice to refile if the case proceeds to

discovery.  The Court will consider the allegations in Gregory's complaint as true

and only consider undisputedly authentic documents or documents of public record

attached by Defendants to their pending motion to dismiss or alternative motion for

summary judgment. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

Insofar as they are relevant, the Court will take judicial notice of the charges

Gregory incurred incident to his arrest and his subsequent conviction and appeal

via the Pennsylvania Court of Common Pleas Docket 2345-2022 as public records.

1

A.199                                                                    A.199

*S. Cross Overseas Agencies, Inc. v. Wah Kwong Ship. Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (judicial proceedings are public records properly considered to resolve a Fed. R. Civ. P. 12(b)(6) motion).

As for Defendants' request to convert their motion to dismiss into one for summary judgment, consider the Defendant Officers' body and dashcam video footage as the only evidence, and deny Gregory an opportunity to conduct discovery, that request is DENIED.  A law enforcement officer's body or dashcam footage is not the type of undisputedly authentic document that a court should generally consider on a Fed. R. Civ. P. 12(b)(6) motion.  "Simply because a video that captured the events complained of in the complaint exists does not transform that video into a 'document' upon which the complaint is based." *Slippi-Mensah v. Mills*, No. 1:15-CV-07750-NLH-JS, 2016 WL 4820617, at *3 (D.N.J. Sept. 14, 2016).  Of course, video footage of the incident could depict a credible vantage point of the altercation but is unclear whether it would entirely and unmistakably resolve any question as a matter of law as to the use of excessive force during Gregory's arrest. *See e.g., Heller v. Hammerle*, No. 2:20-CV-01656, 2021 WL 3426807, at *5 (W.D. Pa. June 30, 2021), *report and recommendation adopted*, No. CV 20-1656, 2021 WL 3419678 (W.D. Pa. Aug. 5, 2021) (refusing to consider video footage on a motion to dismiss); *Slippi-Mensah*, 2016 WL 4820617, at *4 (refusing to consider a video of a traffic stop attached to motion to dismiss); *Velez v. Fuentes*, No. CV156939MASLHG, 2016 WL 4107689, at *8 (D.N.J. July 29, 2016) ("the Court is not required to accept the video tape as the only account of the [traffic stop/excessive force] incident.").

Likewise, this Court will not exercise its discretion to convert the motion to dismiss into one for summary judgment. *Brennan v. Natl. Tel. Directory Corp.*, 850 F. Supp. 331, 335 (E.D. Pa. 1994) (converting a motion to dismiss into one for summary judgment is improper when little to no discovery has been conducted and the non-moving party is unable "to present enough material" to adequately respond to the motion). While some courts have done so under some circumstances, out of an abundance of caution and "in the interest of the integrity and efficiency of the action," it is most appropriate to decline to do so here. *Heller*, 2021 WL 3426807, at *6. No discovery has occurred, no factual record exists in this case, and it would be premature to decide this motion under the evidentiary standard contemplated by Fed. R. Civ. P. 56 without giving the parties the opportunity to fully conduct discovery. *Liberty Lincoln-Mercury v. Ford Motor Co.*, 134 F.3d 557, 569 (3d Cir. 1998). To the extent the video footage provides greater clarity to Gregory's claims, they will be considered in that context only. Gregory is under no obligation to produce evidence to support his claims at this time – the Court will take all his well-pleaded allegations as true. If this case survives the motion to dismiss, Gregory will be provided a full opportunity to conduct discovery to support his viable claims and only then must he support his claims with evidentiary proof. Likewise, if the matter reaches summary judgment, Defendants will be provided a full opportunity to support their defenses with evidentiary proof including but not limited to any and all video footage. Accordingly,

A.201

A.201

IT IS HEREBY ORDERED that Gregory's MOTION for Extension of Time to Complete Discovery ECF No. 62 is DENIED as MOOT; and

IT IS FURTHER ORDERED that Gregory shall file a response in opposition to Defendants' motion to dismiss no later than **June 5, 2025** with brief limited to 25 pages. Defendants may file a reply by **June 19, 2025** with brief limited to 5 pages. Should Gregory fail to comply with this Order, the motion may be decided without the benefit of his response.

BY THE COURT:


s/Christopher B. Brown
United States Magistrate Judge


cc:    JOSEPH GREGORY
       NL0318
       SCI FOREST
       P.O. Box 945
       286 Woodland Drive
       Marienville, PA 16239

4

A.202             A.202

To The united States District Court
for The western District of Pennsylvania

Joseph Gregory,

     Plaintiff

  V.

Erie Police dept, Terrance Dowdy, etal.,

    Defendants

Case No. 1:24-cv-12

**FILED**

JUN 09 2025

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

## Response to the defendants motion to Dismiss/Alternative motion for Summary Judgmet

And now, comes the plaintiff, Joseph Gregory pro se petitioner averring the following:

1.) The defendants move for summary Judgment in the alternative, requesting this honorable court to determin that no genuine issue of material fact exist, regarding the use of force by the named officers.

In response, the plaintiff would like to state that there are genuine issues of material facts existing regarding the use of force by the named officers, where as though during the plaintiff arrest, the plaintiff was struck a couple times by closed fist before being thrown into a parked car and struck in the face by a closed fist by officer Authur E. Rhoads Jr., knocking the plaintiff tooth out before the plaintiff was body slamed to the ground by one of the named officers, after the plaintiff was already pinned against the parked car by multiple officers. Also the Exhibits/videos that are in the defendants possession along with documents that the plaintiff will soon submit to the court also proves the plaintiff allegations.

2.) The defendants states that the plaintiff faild to set forth claim or cause of action of excessive force under the Fourth Amendment.

A.203                     A.203

②

In response the plaintiff brings claim of excessive force under the 8th Amendment. The defendants caused physical harm to the plaintiff during arrest.

The plaintiff attempted to flee from officers due to anxiety before being offically arrested. Immediately the plaintiff started feeling blows to the back of the head. The plaintiff did not run into the parked car as the defendants claims. The plaintiff was pushed/thrown into the parked car.

In support of that statement, the plaintiff has sworn statement from officers stating that the plaintiff was pushed/thrown into the parked car, in the form of transcripts from the court of common pleas.

The plaintiff never punched, kicked or other wise subjected the officers to any danger during this process. While pinned against the parked car the plaintiff was stuck in the face with a closed fist by officer Authur E. Rhoads Sr. which resulted in the plaintiff tooth being knocked out.

In support of that statement is the body cam footage of the arresting process that is currently in the defendants possession, where you can also hear officer Authur E. Rhoad state to the plaintiff, your right I knocked your tooth out. The plaintiff can also provide officer Rhoads police report admitting that he struck the plaintiff in the face with a closed fist along with prelemenary and trial transcips stating the fact.

When it comes to the plaintiff being picked up off of his feet and body slamed to the grain after the plaintiff was already pinned against the parked car, can be proven through the body cam footage that is currently in the defendants possession along with officers statement in the court of common pleas trial transcripts where the officer

Stated that he chose to take the plaintiff to the ground the way that he did because he use to wrestle and fill most comfortable gaining controll on the ground.

7

Also in the body cam footage of the arresting process thats in the defendants possession you can hear officers talking to each other, where you can hear a John doe officer stating to the other John doe officer that a John doe officer got a couple good hits in on the plaintiff in support of the plaintiff feeling blows to the back of the head once the plaintiff attempted to flee.

8

The plaintiff can prove that the plaintiff was harmed by the defendants with malicious intent. The defendants are being sued in there offiicial composity and are all at fault as a whole.

3) The defendants argues, the plaintiff has failed to state a deleberate Indifference claimed against the named defendants.

In response the plaintiff wants to state that once the plaintiff tooth was knocked out by the officers, the plaintiff informed the officers immediatly after it happend. Also all of the officers on scene including parole knew of the plaintiff serious injury.

2

The plaintiff injuries was observed by multiple officers including probation and parole on the arrest scene confirming the injury.

The officers asked parole if they wanted to take the plaintiff into custody because the plaintiff was on state parole at the time. Parole denied to take the plaintiff because of the plaintiff injuries.

A.205          A.205

A John doe officer is heard on body cam footage of the arresting process which is in the defendants possession, stating to another John doe officer if they should take the plaintiff to the hospital due to injuries and the John doe officer replied no and that they were going to take the plaintiff to the station and charge him.

Even though all the officers on the scene knew of the plaintiff permenant disfigurement injury which was the knocked out tooth, which is a broken bone, the defendants intentionally did not provide the plaintiff with access to medical attention.

The defendants argue that the plaintiff did not inform the defendants of the plaintiff injuries which is not true. Even once the plaintiff got to the police station for booking, the plaintiff informed the booking officer once asked about any injuries that the plaintiff tooth has been knocked out and that the plaintiff had back shoulder and neck pain along with scrapes and cuts. The plaintiff still didn't recieve any access to medical treatment for his injuries and pain that the plaintiff suffered.

Therefore the defendants knew of the plaintiff serious medical need and in all the defendants ignored it. The plaintiff was placed in the police station for about 14 hours with out medical care before being transported to the Erie county prison.

Once the plaintiff arrives at the Erie county prison for booking, the defendants claims that the plaintiff was denied access into the Erie county prison because the plaintiff complained of shoulder pain which is not true. In fact once the plaintiff arrived to the Erie county prison the plaintiff was asked by the

A.206          A.206



booking officers if the plaintiff had any injuries and the replied that his tooth had been knocked out and that he had scrapes, cuts, back, shoulder and neck pain.

9
It was then that the booking officers stated that they could not accept the plaintiff into the Erie county prison because the plaintiff had not recieved medical attention for his serious injuries, so the plaintiff, the booking officer and the transporting officers had to sign a wexford Health form, a medical refusal to Accept inmate prior to incarceration paper. Which can be clearly seen in one of the officers hand on the body cam footage at the Saint Vincent hospital dated 7-26-22 time being 15:39:06 on footge.

10
The wexford Health form confirms the plaintiff complained injuries. The form also states, Aceess injury- states happend during arrest on 7-25-22. The previous statement can be proven by subpeona of the wexford Health form (medical refusal to accept inmate prior to incarceration paper. Also it can be proven by the body cam footage from the Saint vincent hospital which is in the defendants possession.

11
Once the plaintiff arrived at the hospital, the doctor asked the plaintiff what happen around 15:18:57 dated 7-26-22 on the body cam footage. The plaintiff is herd telling the doctor that when the plaintiff tried to take off from the officers the plaintiff started to feel blows to the back of the head before being thrown into a parked car and then pinned to the parked car and then struck in the face with a closed fist knocking his tooth out before being body slamed to the ground.

12
Around 15:19:54 on the same body cam footage, the doctor can be herd asking if it should be put down as an Assualt victim do to the injuries. The officer is then herd replying no and that the plaintiff was not a assualt victim. The Plaintiff is



then herd stating to the doctor that it was not a General injury. Then the officer is herd replying to the plaintiff, stating that they had a talk with the plaintiff last night and that they told the plaintiff why that happend to him.

Even though the defendants argues that they had no knowledge of the plaintiff injuries or that the plaintiff did not complain of injuries. The body cam footge proves that the plaintiff infact did inform the officers of injuries and in all the defendants chose to ignore the plaintiff medical needs.

At 15:30:08 on the same body cam footage, the plaintiff is herd replying to the officer stating, yes you guys told me why that happend but I never put my hands on anyone and I was the one being assualted.

Around 15:30:29 on the same body cam footage, while the plaintiff was in the x Ray room telling the doctor the pain on a scale from 1 to 10 the footage was muted. For the record the plaintiff can remember telling the doctor that the pain was about a 7 on the scale of 1 to 10.

The defendants argues to minimize the plaintiff pain by stating the doctor is herd on the same body cam footage stating that the x Ray looks good and that the plaintiff should be placed on antibiotic to prevent infection and that the plaintiff would have to see a dentist to remove the root of his missing tooth. The defendants argues that the plaintiff did not recieve any treatment for the lost tooth while at the hospital and did not require immediat oral surgery and was not provided any pain medication and that the doctor indicated that the plaintiff would need treatment in the future. The defendants argue that the x Ray revealed the plaintiff shoulder and lower back was not injured, which infact is not all true.

A.208                                                                A.208



In response, around 16:03:11 on the same body cam footage, the doctor is here stating that even though the x Ray looks ok its only going to show if there is something broken or dislocated and that the plaintiff could still have legament injuries that the doctor or the x Ray would not be able to see.

The doctor did state that the plaintiff would be given antibiotic and stated that the plaintiff would have to see a dentist at one point to remove the root so the injury would not get infected because the root was still in there. The plaintiff was itall very much in pain.

At 16:12:17 the doctor is seen on the same body cam footage handing officers papers on instructions for dental, back and shoulder pain which was never given to the plaintiff so while housed at the Erie county prison the plaintiff requested and was given pain medication for his back problems and still to this day have back problems. And while at the Erie county prison the plaintiff recieved surgery to remove the root of the knocked out tooth.

Due to everything previously stated, the plaintiff have proof and can prove the deliberate indifference claim. The Body cam footage which is in the defendants possession along with soon to be subpeona camera/body cam footage from the Erie police station of the plaintiff informing the booking officer of the plaintiff injuries after already informing the arresting officers on the arrest sceen of injuries that were ignored. Also the plaintiff can prove the deliberate indifference claim by subpeona of probation/parole officers that were on the arrest scene who also knew as well as the defendants of the plaintiffs injuries and medical needs.

4.) The Defendants Argues that the named defendants are Entitled to Qualified Immunity.

In response, the plaintiff would like to state that the defendants should not be entitled to qualified immunity due to the surrounding factors of the case. Where the Erie police department/defendants acted as a whole and are being sued in their offical composity.

2
The misconduct of the defendants during the plaintiffs arrest was out side of the guidelines of their professional training. The defendants also faulted by not following the proper procedure after causing physical harm during arrest in respect of their basic knowledge and training on the situation.

3
The defendants knew that the plaintiff did not brandish any wepons or anything that would harm the officers before the plaintiff attempted to flee before being arrested.

4
Once the defendants pushed/thrown the plaintiff into the parked car and multiple officers pinned the plaintiff against the parked car. The plaintiff did not kick, punch or other wise subject any of the officers to any harm. So there is no justified reason any the plaintiff was struck in the face with a closed fist hard enough for his tooth to be knocked out.

5
And then pulled apart from the officers who had the plaintiff pinned against the parked car and picked up off of his feet and body slamed to the ground.

6
The striking defendants knew of the violations of the plaintiff civil rights by using brutal force even though the plaintiff did not subject the officers to substantial danger

A.210                                                                 A.210



inside the 10 second apprehention period.

7

All the defendants knew of the violations of the plaintiff civil rights, when after their knowledge of the plaintiff injuries/ permenant disfigurement injury which was the knocked out tooth, which is a broken bone, failed to follow the proper procedure to give the plaintiff access to medical care.

8

Even once the plaintiff arrived at the Erie police station for booking, the plaintiff informed the booking officer along with the transporting officers of the injuries and the defendants still failed to give the plaintiff access to medical care.

9

The plaintiff was in severe pain and neither the officers or the plaintiff knew at the time how serious the injuries was and the defendants did not care to find out how serious the injuries was. All the plaintiff knew that **he was** physically hurting.

10

On body cam footage of the arresting process, the plaintiff is seen and herd talking to a John doe officer where the officer observes the plaintiff permenant disfigurement injury and is herd stating to the plaintiff, that looks like it hurts and the plaintiff is herd replying to the John doe officer yes it does hurt along with his shoulder and back.

11

Even then the plaintiff did not receive medical attention. The plaintiff wants to state that the plaintiff injuries was ignored by the defendants in hopes to cover up the violation to save their selves from litigation because the officers knew of the plaintiff violated civil rights. Which actually opend the door for more of the plaintiff civil rights to be violated.



Due to the surrounding factors of the case at hand the defendants should not be entitled to qualified immunity. . .

5.) The defendants argue that the plaintiff has failed to state a claim or set forth a Cause of Action of cruel and unusal Punishment, neglect or negligence.

In response the plaintiff wants to state that the plaintiff in fact did state a claim of cruel and unusal punishment, neglect and negligence. Due to the fact that the defendants caused physical harm to the plaintiff during arrest and knew of the plaintiff physical injuries and refused to take the plaintiff to the hospital for medical care

And left the plaintiff in a holding cell at the police station in pain for about 12 hours with out aiding to the plaintiff medical needs is cruel and unusal punishment, neglect and negligence. Because every person who, having knowledge that any of the wrong conspired to be done, and or are about to be committed and having the power to prevent or aid in preventing the commission of the same, neglects or refuses to do, if such wrongful act be committed, shall be liable to the party injured for all damages caused by such wrongful act. which such reasonable diligence could have prevented and such damages may be recoverd in action on the case. And any number of person guilty of such wrongful neglect or refusal may be joined as defendants in this action.

Conclusion

Due to the surrounding factors of the case and for the reasons set forth herein the plaintiff respectfully request an order from this Honorable court to deny the defendants motion to dismiss.

A.212                                                                 A.212



Date: 6-1-25

CC: File

Respectfully submitted

( petitioner) *[signature]*

SCI - Forest

P.O. Box 945

Marienville, PA 16239

A.213

A.213

IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH GREGORY,<br><br>         Plaintiff<br><br>     v.<br><br>TERRANCE DAWDY, et al.,<br><br>         Defendants | CASE NO.  1:24-cv-12<br><br><br><br><br><br>JURY TRIAL OF 12 DEMANDED |

## DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION [ECF 68]

AND NOW, come the Defendants, Terrance Dawdy, Lucas S. Dehart, Dustin M. Landfried, and Arthur E. Rhoades, Jr., by and through their counsel, Marshall Dennehey, P.C., Patrick M. Carey, Esquire, and Emily C. Downing, Esquire, and state as follows with respect to their Objections to the Report and Recommendation of United States Magistrate Judge Christopher B. Brown [*ECF 68*].

1. Contrary to clear legal precedent from the United States Supreme Court and United States Court of Appeals for the Third Circuit, the Magistrate Judge refused to consider the body camera and dash camera video submitted by the Defendants even though it was undisputedly authentic, integral to the claims raised by Plaintiff, and was the best evidence of what actually transpired during the Plaintiff's arrest.

2. The Court erred in finding that there were material issues of fact preventing the Court from deciding the issues of excessive force and qualified immunity as a matter of law. The Defendants filed a Concise Statement of Material Facts [*ECF 26*] in support of their Motion for Summary Judgment.  This Court issued an Order [*ECF 36*] directing Plaintiff to respond to the Defendants' Concise Statement of Material Facts as required by Rule 56.C.1 of the Western District's Local Rules and warning to Plaintiff that if he failed to respond to the Concise

A.214                                              A.214

Statement of Material Facts and pointed to record evidence in support of the denial, the material facts alleged will be deemed admitted. (See *ECF 36.*) After the Court allowed the Plaintiff to amend his Complaint and after Plaintiff filed a supplement to his Complaint [*ECF 37*], Defendants filed a Notice of Intent to treat their previously filed Motion to Dismiss as applicable to the Amended Complaint. (See *ECF 38.*) Plaintiff then filed his Concise Statement of Material Facts [*ECF 40*] but did not file a detailed response as required by Local Rule 56.C.1. Therefore, there are no issues of material fact preventing summary judgment because the facts alleged in the Defendants' original Concise Statement of Material Facts should be deemed admitted.

3.      In conjunction with the averments in the preceding paragraph, Mr. Gregory filed an Amended Complaint [*ECF 54*] and in response, the Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint or in the alternative a Motion for Summary Judgment [*ECF 55*]. In conjunction with that, the Defendants filed a second Concise Statement of Material Facts [*ECF 57*]. To date, Plaintiff has not responded to the Defendants' second Concise Statement of Material Facts as required by Local Rule 56.C.1. Consequently, the facts alleged by the Defendants should be deemed admitted.

4.      Because of the Plaintiff's failure to respond to the original and second Concise Statement of Material Facts, the facts averred therein should be deemed admitted and therefore there are no issues of material fact preventing summary judgment on the issue of excessive force or the issue of qualified immunity. Therefore, the Magistrate erred in concluding that issues of material fact existed and/or in failing or refusing to address excessive force and/or qualified immunity based upon the undisputed facts of the case.

5.      The Court erred in denying Defendants' request to convert their Motion to Dismiss into one for Summary Judgment. Specifically, the Court ignored the clear holding of

2

the Third Circuit in the case of *In Re: Burlington Coat Factory sec. litig.,* 114 F.3d 1410 (3d Cir. 1997) and its progeny, allowing courts to consider documents that are integral to or explicitly relied upon in the complaint or any undisputably authentic document that defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on that document. In fact, the Court erred by failing to consider the body camera and dash camera videos without converting the case to a Motion for Summary Judgment even though those videos are integral to the claims made by the Plaintiff.

6. The Court erred in refusing to consider the videotaped evidence despite the clear holding of the United States Supreme Court in *Scott v. Harris*, 550 U.S. 372 (2007), followed by Courts in the Western District of Pennsylvania, *Passmore v. Iannello*, 2013 WL 625409 (W.D. Pa. 2013), *Chaney v. Bednard*, 2020 WL 7864202 (W.D. Pa. 2020) and *Robison v. Testa*, 2021 WL 5770211 (W.D. Pa. 2021), each holding, generally, that when pertinent events are captured on video, Courts should not rely merely on the parties' characterizations of the events but rather should view the facts as they are depicted by the video.

7. The Court erred by failing to determine the nature and extent of Corporal Landfried's involvement in the arrest of the Plaintiff even though his involvement (or lack of involvement) is clearly shown in the body camera and dash camera videos which the Court failed to consider. There are no material facts that prevent this issue from being decided by the Court.

8. The Court failed to consider the issue of qualified immunity of each of the Defendant officers even though the force used was captured on video, was reasonable, and was the minimum amount necessary to effectuate the arrest of the Plaintiff. The force used amounted to no more than tackling the fleeing Plaintiff and/or possibly striking one blow to the face (as alleged by Plaintiff) which resulted in Plaintiff losing one tooth. Under those facts and circumstances, if such conduct is violative of the constitution, the officers were entitled to

A.216          A.216

qualified immunity because not all officers under similar circumstances would have have known that that type of conduct violates an individual's constitutional rights.

9.    The Court erred by failing to consider, as a matter of law, whether Mr. Gregory suffered from a serious medical need, and if he did, whether the specific officers were deliberately indifferent to his medical needs based upon the facts alleged.

10.    The Court erred in failing to dismiss the Plaintiff's claim for punitive damages when the Plaintiff failed to allege a sufficient factual or legal basis to seek or recover said damages against the Defendants.

Based upon the foregoing objections, the Defendants respectfully request the District Court to reject the Report and Recommendation of United States Magistrate Judge Christopher B. Brown and to enter judgment in their favor and against the Plaintiff, with prejudice.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

By _____

Patrick M. Carey, Esquire
PA ID No. 50171
717 State Street, Suite 701
Erie, PA 16501
(814) 480-7800
pmcarey@mdwcg.com

LEGAL/172677796.1

4

A.217          A.217

IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH GREGORY,

      Plaintiff

v.

TERRANCE DAWDY, et al.,

      Defendants

CASE NO. 1:24-cv-12

JURY TRIAL OF 12 DEMANDED

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Defendants' Objections to Report and Recommendation was duly served on all counsel of record and unrepresented parties on the _10th_ day of November, 2025, electronically, courthouse box or by mailing same to them at their designated offices by first class United States mail, postage prepaid.

Smart Communications/PA DOC
Joseph Gregory, #NL0318
SCI-Forest
P.O. Box 33028
St. Petersburg, FL 33733

MARSHALL DENNEHEY, P.C.

By _____
    Patrick M. Carey

Copy

In The United States Court
For The Western District of Pennsylvania

Joseph Gregory,

        Plaintiff

    V.

Terrance Dowdy, et al,

        Defendants

NO. 1:24-cv-0012-SPB-RBB

**FILED**

DEC 0 1 2025

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

Concise Statement of Material Facts

    And Now, come the Plaintiff, Joseph Gregory Pro se petitioner, and submit the following concise statement of material facts, averring the following:

1.) On July 25, 2022, at approximately 7:36 Pm, the Plaintiff was pulled over for a traffic infraction, which took place in the area of E. 22nd and Wayne street in Erie, Pennsylvania.

2.) At the time of the traffic stop there were a variety of different law enforcement officals including probation/parole.

3.) During the investigation of the traffic stop, the plaintiff attempted to run, which resulted in the plaintiff getting thrown into a parked car and strucked a caple times by closed fist.

4.) As the plaintiff was pinned againts the parked car the arresting officers, the plaintiff was struck in the face with a closed fist by officer Rhoads which resulted in the

A.219                                   A.219

5.) After the Plaintiff tooth is knocked out, an officer grabs him from behind and pick him up off his feet and body slams the Plaintiff to the ground. A number of officers are quickly on top of the Plaintiff.

6.) After the Plaintiff was handcuffed he states that the officer knocked his tooth out and officer Rhodes states, your fucking right I did.

7.) Once off of the ground the Plaintiff was placed infront of a police car where his mouth was look at and his tooth was confirmed to be knocked out.

8.) The Plaintiff was then placed in the back of a police car, Shortly after, an officer asked a parole agent did they want to take the Plaintiff because he is on state parole.

9.) The parole agent replied to the officer by asking him, isnt his tooth knocked out, and then the officer open's the police car door and ask the Plaintiff to open his mouth to confirm the knocked out tooth.

10.) The officer states yes his tooth is knocked out and then said we are going to take him to the Station and charge him.

A.220          A.220

11.) An officer asked another officer if they should take the

12.) Once the plaintiff got to the station for booking he was asked by the booking officer if he had any injuries which the plaintiff stated that his tooth has been knocked out and he has back and shoulder pain.

13.) The plaintiff did not recieve any medical attention after the incident.

14.) The plaintiff was transported to the Erie County prison around 2:00pm the following day.

15.) Once the plaintiff arrived at the erie county prison, the booking officers asked if the plaintiff had any injuries in which the plaintiff replied that his tooth had been knocked out and that he has back and shoulder pain.

16.) The booking officer told the officers they could not accept the plaintiff in the erie county prison unless he recieved medical attention.

17.) The Plaintiff, booking officer and the erie police officers had to sign a form stating that the plaintiff needs medical attention before brought back to the prison.

18.) At this point it has been 19 hours since the plaintiff have not recieved medical attention due to him being assaulted by the officers. The plaintiff was in extream pain

20.) Plaintiff was taken to the saintvincent hospital in Erie PH for x Ray

21.) Hospital confirmed the Knocked out tooth injury along with other injuries such as cuts bruises to the plaintiff should back and elbow.

22.) While waiting for medical release form by the doctor, the arresting officers releaves the transporting officers for shift change

23.) once The doctor comes into the room, the doctor ask the plaintiff if he wants to mark the incident down as an Assault, the plaintiff said yes.

24.) The Arresting officer told the doctor no because it was not an assault and we told him why that happend last night.

25.) The plaintiff was transported back to the Erie county prison and later recieved surgery on his mouth to get the rest of the enternal tooth pulled out his mouth and was given pain medication.

A.222                                                        A.222

I the plaintiff, Joseph Gregory declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: 11-24-25

Respectfully submitted

*Joseph P Gregory*

SCJ-Forest

P.O. Box 945

286 Woodland Drive

Marienville, PA 16239

CC: file

A.223          A.223

Smart Communications / PA DOC
Inmate Name Joseph Gregory          DC # 160318          INMATE MAIL
SCI Forest
PO Box 33028
St Petersburg, FL 33733

neopost
11/26/2025
US POSTAGE $000.74

FIRST-CLASS MAIL

ZIP 16239
041L12205275

Clerks office
United States District court
700 Grant Street, RM. 3110
Pitts Bursh, PA 15219

Inmate Mail-Dept. of Corrections